328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

November 7, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE:    *Geiger v. Alstom Signaling Inc. and The Hartford Life Insurance Co.*
       Docket No.:       11-652-cv
       SDMA File No.:    02489-000073

Dear Ms. Wolfe:

I am the appellant in the above case. Attached to this letter are the following documents:

- November 7, 2012 Motion Information Statement
- November 7, 2012 Certificate of Service by United States Postal Service's Express Mail
- Memorandum of Law
- November 6, 2012 Declaration of Appellant, John A. Geiger with Attached Exhibits

I apologize for the quality of these documents. I simply ran out of time. I was hoping to have these documents to you by November 7, 2012 and now I will be sending them via FedEx on that date. I could have used another week and these documents would have been far better edited.

Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

John A. Geiger, *pro se*

Attachments
cc:    Connie Mazariego
       Michael Bernstein
JAG/coc11072012

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 11-652 cv (DC Docket # 06-cv-6561)                 Caption [use short title]

Motion for: Reinstatement, reconsideration, ext. time and clarification.   Geiger v. Alstom Signaling Inc. et al

Set forth below precise, complete statement of relief sought:

To reconsider and withdraw the October 3 and Aug. 15, 2012 orders,

to reinstate the appeal, to receive an extension of time to meet the

the requirements of the June 28, 2012 motion order, and to clarify

perceived discrepancies between the later motion order and LR FRAP

MOVING PARTY: John A. Geiger, pro se                OPPOSING PARTY: The Hartford Life Insurance Company
  ☑ Plaintiff            ☐ Defendant
  ☑ Appellant/Petitioner ☐ Appellee/Respondent

MOVING ATTORNEY: n/a   John A. Geiger, pro se (not an attorney)   OPPOSING ATTORNEY: Michael H. Bernstein; Sedgwick LLP
[name of attorney, with firm, address, phone number and e-mail]

328 East Main Street, Apartment 322          125 Broad Street, 39th Floor
Rochester, New York 14604                    New York, New York 10004-2400
(585) 747-7352                               (212) 422-0202
jgeiger1@rochester.rr.com                    michael.bernstein@sedgwicklaw.com

Court-Judge/Agency appealed from: U.S. District Court for the Western District of New York (Charles J. Siragusa, U.S.D.J)

| Please check appropriate boxes: | FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL: |
|---|---|

Has movant notified opposing counsel (required by Local Rule 27.1):     Has request for relief been made below?          ☐ Yes ☑ No
  ☑ Yes ☐ No (explain): by means of this form, service    Has this relief been previously sought in this Court?  ☐ Yes ☑ No
and other documentation provided November 7, 2012          Requested return date and explanation of emergency:

Opposing counsel's position on motion:
  ☐ Unopposed ☐Opposed ☑Don't Know
Does opposing counsel intend to file a response:
  ☐ Yes ☐ No ☑Don't Know

Is oral argument on motion requested?   ☐ Yes  ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?   ☐ Yes ☑ No  If yes, enter date:_____

Signature of Moving Attorney:
_John A. Geiger pro se__ Date: November 7, 2012    Has service been effected? ☑ Yes ☐ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED   DENIED.**

                              **FOR THE COURT:**
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____          By: _____

**Form T-1080**

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Geiger _____ v.

Alstom Signaling Inc. and

The Hartford Life Ins. Co.

**CERTIFICATE OF SERVICE**
Docket Number: 11-652 cv

I, John A. Geiger, pro se _____, hereby certify under penalty of perjury that on
                    (name)

November 7, 2012 _____, I served a copy of Cover Letter, T-1080 Motion
        (date)

Information Statement, United States Mail Certificate of Service, Memorandum of Law,

                    (list all documents)    Declaration of John A. Geiger
                                            and attached Exhibits

by (select all applicable)*

- [ ] United States Mail
- [x] Federal Express
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Clerk of USCA Sec Cir | 40 Foley Square | New York | NY | 10007 |
|---|---|---|---|---|
| Name | Address | City | State | Zip Code |
| Connie Mazariego | 40 Foley Square | New York | NY | 10007 |
| Name | Address | City | State | Zip Code |
| Michael H. Bernstein | 125 Broad Street, 39th Floor | New York | NY | 10004 |
| Name | Address | City | State | Zip Code |
| | | | | |
| Name | Address | City | State | Zip Code |

November 7, 2012 _____

Today's Date

_____
Signature

*If different methods of service have been used on different parties, please indicate on a separate
page, the type of service used for each respective party.

Certificate of Service Form

# 11-652-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
------------------------------------------------------------------X
JOHN A. GEIGER,

        Plaintiff-Appellant,

        -against-

ALSTOM SIGNALING INC., AND
THE HARTFORD LIFE INSURANCE
COMPANY,

Defendant-Appellee
------------------------------------------------------------------X

**APPELLANT JOHN A. GEIGER'S MEMORANDUM OF LAW IN
SUPPORT OF HIS MOTION TO THE UNITED STATES COURT OF
APPEALS FOR THE SECOND CIRCUIT TO RECONSIDER AND
WITHDRAW BOTH THE OCTOBER 3, 2012 AND AUGUST 15, 2012
ORDERS; TO RECEIVE AN EXTENSION OF TIME TO COMPLY WITH
THE JUNE 28, 2012 MOTION ORDER; AND TO CLARIFY A CONFLICT
BETWEEN THE JUNE 28, 2012 MOTION ORDER AND THE FEDERAL
RULES OF APPELLATE PROCEDURE.**

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com
(585) 747-7352
JOHN A. GEIGER, *Pro se*

# TABLE OF CONTENTS

|  | Page |
|---|---|
| FRONT PAGE | i |
| TABLE OF CONTENTS | ii |
| TABLE OF AUTHORITIES | iii |
| PRELIMINARY STATEMENT | 1 |
| PROCEDURAL HISTORY | 2 |
| ARGUMENTS: | 7 |
| ARGUMENT 1: Appellant Geiger Could Not Possibly Have Met the Requirements of Both the Court's June 28, 2012 Motion Order and August 15, 2012 Order and Consequently, These Orders and the Subsequent October 3, 2012 Order Should All Be Reconsidered and the Appellant's Appeal Should Be Reinstated | 8 |
| POINT 1: Appellant Geiger Has Good Cause, a Serious Illness That Has Left Him in an Extraordinarily Poor, Albeit Temporary, State of Health, for Failing to Meet the Requirements of Both the Court's June 28, 2012 Motion Order and August 15, 2012 Order | 8 |
| POINT 2: Appellant Geiger Was Not Aware of Either the Court's June 28, 2012 Motion Order Or the August 15, 2012 Order Until August 23, 2012 and Could Not Possibly Comply By the September 24, 2012 Due Date for the Later Order in the Time Remaining Even Though the Due Date for the Prior Order Had Already Passed | 17 |
| LAW for POINTS 1 and 2: Appellant Geiger's Serious Illness Qualifies As Good Cause | 21 |
| ARGUMENT 2: Regardless of Argument 1, Per Both the Federal Rules of Appellant Procedure and the Local Federal Rules of Appellant Procedure, Appellant Geiger Could Not Satisfy the Requirements of the Court's June 28, 2012 Motion Order and Therefore All Subsequent Court Orders Should Be Reconsidered | 27 |
| Request For Clarification | 31 |
| CONCLUSION | 32 |

# TABLE OF AUTHORITIES

|  | Pages |
|---|---|
| **Cases** | |
| *Traguth v Zuck*, 710 F.2d 90 (2d Cir. 1983) | 22, 24 |
| *United States v. Thrower*, 584 F.3d 70 (2d Cir. 2009) | 23 |
| *Sims v Blot*, 534 F.3d 117 (2d Cir. 2008) | 23 |
| *Cunningham v St. Bonaventure University*, 11-1979-cv (2d Cir. 2012) | 24 |
| *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2c Cir. 1993) | 24 |
|  |  |
| **Statutes** | |
| Employee Income Retirement Security Act, 29 U.S.C.S. § 1001 et seq. | 2, 3 |
| 28 U.S.C. §1746(2) | DG 1 |
| *Black's Law Dictionary* (9th Edition), | 22 |
| **Rules** | |
| Federal Rules of Appellate Procedure Rule (hereinafter "FRAP") 2 | 21, 22 |
| FRAP 26(b) | 1, 21, 22 |
| FRAP 26.1 | 7 |
| Local Rules (hereinafter "LR") FRAP 11.3(d)(2) | 30 |
| LR FRAP 31.2(a)(1)(A) | 2, 9, 19, 25, 26, 27, 29, 31 |
| LR FRAP 31.2(d) | 25 |
|  |  |
| **Other** | |
| *Black's Law Dictionary* (9th Edition) | 22 |

Note: DG means Declaration of John A. Geiger; some authorities appear only in that document.

## PRELIMINARY STATEMENT

1.   Appellant Geiger respectfully submits this motion and supporting documents to the

United States Court of Appeals for the Second Circuit (hereinafter "Court")

requesting that the Court: i) reconsider and withdraw the October 3, 2012 order

(Case 11-652) (Exhibit 2, Page 15) [1] and reinstate the appeal; ii) reconsider and

withdraw the August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page

42) that required filing the appellant's brief and appendixes by September 24, 2012;

iii) extend the time to respond to the June 28, 2012 motion order (Case 11-652,

Document 92) (Exhibit 6, Page 39); and iv) clarify certain instructions in that same

June 28, 2012 motion order. [2]

2.   Appellant Geiger will clearly show in this memorandum of law that he had the

good cause required under FRAP 26(b) for failing to respond to both the June 28,

2012 motion order and the August 15, 2012 order, which will allow the Court to

extend the amount of time for Appellant to meet the requirements of the June 28,

---

[1] All exhibits referenced in this memorandum of law are attached to the accompanying
November 6, 2012 Declaration of John A. Geiger. There are 43 exhibits comprising 174 pages.
The page number provided after each exhibit number is either that exhibit's banner page or the
page that has the specific information required, if the reference can be narrowed to a specific
page within those 174 pages.
[2] In an attempt to improve the readability of this document, the case, document, exhibit and page
numbers will only be given once per page unless there is a change in the page number.

2012 motion order.[3]  However, Appellant will a) show that the good cause

allowing the Court to provide this extension of time is not needed because FRAP

LR 31.2(a)(1)(A) clearly shows that the appellant's scheduling notification is still

not due as of the current date, November 7, 2012; and b) indicate that a careful

reading of documents submitted to the Court prior to the June 28, 2012 motion

order (Case 11-652, Document 92) (Exhibit 6, Page 39) prove that he had already

paid for the transcripts.

## PROCEDURAL HISTORY

3.    Appellant Geiger commenced this action *pro se* on November 3, 2006[4] in the

United States District Court for the Western District of New York (hereinafter

"District Court") to correct the amount of disability benefits he was receiving under

an group employee welfare benefit plan governed by the Employee Retirement

Income and Security Act of 1974 (ERISA), 29 U.S.C.1001.  The defendants were

Alstom Signaling Inc. (hereinafter "Alstom"), the Appellant's former employer,

and the Hartford Life Insurance Company (hereinafter "Hartford"), who at that

time was  the group long term disability insurance and group life insurance carrier,

---

[3] If the Court grants an extension of time for the Appellant to respond to the June 28, 2012
motion order that will effectively eliminate the need for Appellant to reply to the August 15,
2012 order.

[4] The case documents from the November 3, 2006 filing of the civil case in the District Court
through and including the March 23, 2012 (Case 11-652, Document 74) motion for
reconsideration filed by Appellant Geiger are not attached here as exhibits.  There are no further
significant references to any of these documents beyond this "Procedural History" section of this
memorandum of law.

claims administrator and payer of successful claims for all Alstom. Appellant Geiger retained counsel and subsequently filed an amended complaint alleging breaches of contract and violations of ERISA. The Hartford moved for summary judgment and the District Court granted Hartford's motion and ordered judgment entered in favor of Hartford. Consequently, Hartford was terminated as a party and judgment was entered in favor of Hartford. The District Court case continued with Alstom as the only defendant, and ended with the District Court's stipulation and order of dismissal as to Alstom only and dismissed with prejudice the claims in the action against Alstom.

4.    Appellant Geiger filed a notice of appeal (Case 10-1989) after the District Court's Decision and Order concerning Hartford before the District Court case against Alstom had finalized, which was dismissed by this Court in a mandate for lack of jurisdiction. Appellant Geiger filed another notice of appeal (Case 11-652, Document 1) after the District Court's stipulation and order of dismissal closed the case with Alstom. The Hartford filed a motion (Case 11-652, Document 23) to strike Appellant Geiger's notice of appeal as late and to dismiss his appeal for lack of jurisdiction.

5.  The Court's January 27, 2012 motion order (Case 11- 652, Document 63)[5] denied Hartford's motion to strike, and instructed Appellant Geiger to file a scheduling notification within 14 days.

6.  After Appellant Geiger failed to file the scheduling notification, the Court's February 21, 2012 motion order (Case 11-652, Document 70) required Appellant to file the appellant's brief and appendixes by April 2, 2012.

7.  Appellant Geiger responded with his March 23, 2012 motion (Case 11-65, Document 74)[6] to reconsider the Court's February 21, 2012 motion order because he failed to file the scheduling notification because he had not received the last ordered transcript.

8.  Appellant Geiger's April 4, 2012 letter (Case 11-652, Document 82) (Exhibit 3, Page 16) was sent to inform the Court that the District Court transcripts were not available.

---

[5] Documents or events are consistently dated beginning with the Court's January 27, 2012 motion because, even though the entire circuit case is certainly a continuum of one step after another, the current situation is more directly related to the January 27, 2012 motion order than the previous documents or events of this case.

[6] The case documents from the November 3, 2006 filing of the civil case in the District Court through and including the March 23, 2012 (Case 11-652, Document 74) motion for reconsideration filed by Appellant Geiger are not attached here as exhibits. There are no further significant references to any of these documents beyond this "Procedural History" section of this memorandum of law.

4

9.  Appellant Geiger's May 9, 2012 letter (Case 11-652, Document 87) (Exhibit 4, Page 27) was sent to inform the Court that the District Court transcripts were still not available.

10. Appellant Geiger's June 22, 2012 letter (Case 11-652, Document 91) (Exhibit 5, Page 33) was sent to inform the Court that the District Court transcripts were still not available.

11. The Court's June 28, 2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39) granted Appellant Geiger's March 23, 2012 motion for reconsideration of the Court's February 21, 2012 order, but also required the Appellant to provide, by July 12, 2012 both the proof that the transcripts had been paid for and the scheduling notification for the filing of the appellant's brief and appendixes.

12. After Appellant Geiger failed to provide proof of payment for the transcripts and to file the scheduling notification, the Court's August 15, 2012 motion order (Case 11-652, Document 97) (Exhibit 7, Page 42) required Appellant to file the appellant's brief and appendixes by September 24, 2012 or the case will be dismissed.

13. Appellant Geiger sent an email on September 24, 2012 (Exhibit 14, Page 60) to inform the Court that he could not file his motion of reconsideration by September

24, 2012[7] due to his recent serious illness. Appellant asked the Court not to dismiss his appeal because he was doing his best.

14. Appellant Geiger sent a letter on September 28, 2012 (Case 11-652, Document 103; Exhibit 8, Page 44) informing the Court that Appellant is working on his motion of reconsideration and is tentatively targeting October 15, 2012 for his filing date. Again, the Appellant asked the Court not to dismiss his appeal.

15. The Court's October 3, 2012 order (Case 11-652, Document 101) (Exhibit 2, Page 15)[8] dismissed the appeal because Appellant Geiger failed to file the appellant's brief and appendixes by September 24, 2012.

16. Appellant Geiger's October 12, 2012 letter (Exhibit 15. Page 62)[9] informed the Court that Appellant would not be able to file the current motion for reconsideration by his target date of October 15, 2012. The further delay was due

---

[7] Appellant Geiger chose the September 24, 2012 date as his personal deadline for filing his motion for reconsideration to match the due date that the Court had included in the August 15, 2012 order as the due date to file the appellant's brief and appendixes even though that date was not controlling to the current motion in any way.

[8] The October 3, 2012 order has been assigned Document 101 in the Case 11-652 docket (Exhibit 2, Page 15). However, the 101 does not refer to a document with the same number. It appears as though no document was needed to effect the dismissal since the August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page 42) clearly states that the dismissal will, and not may, take place if the appellant's brief and appendixes are not filed by September 24, 2012.

[9] The October 17, 2012 entry in the Case 11-652 docket (Exhibit 2, Page 15) "104...Motion, to extend time, on behalf of Appellant John A. Geiger, FILED. Service date 10/12/2012 by US mail." must be a reference to Appellant Geiger's October 12, 2012 letter (Exhibit 15, Page 62). However, the October 12, 2012 letter is not a document on PACER, so it is not part of the case record.

to his ongoing, but temporary, health issues and the added complexities of the

Court's order of dismissal.

17.  The Court filed an October 17, 2012 notice of defective filing (Case 11-652,

Document 105) (Exhibit 9, Page 46)[10] informing Appellant Geiger that the defects

in his October 16, 2012 motion for reconsideration must be cured and a new

motion for reconsideration and reinstatement must be filed by November 7, 2012.

18.  The November 6, 2012[11] submission of the declaration of John A. Geiger with

attached exhibits, memorandum of law, motion information statement and proof of

service, which together comprise the motion for both reconsideration and

reinstatement of the appeal, have been timely filed.

## **ARGUMENTS**

---

[10] Between the Appellant Geiger's March 15, 2012 motion for reconsideration (Case 11-652, Doc 74) and the October 17, 2012 notice of defective filing, the case 11-652 docket indicates that in addition to the documents discussed in this memorandum of law, two additional documents were filed. These documents are Document 85, the FRAP 26.1 corporate disclosure statement and Document 102, the assignment of a new case manager. The corporate disclosure statement and the appointment of a new case manager are not discussed in this memorandum of law.

[11] The documents filed with this motion to the Court may have dates of either November 6, 2012 or November 7, 2012. Appellant Geiger ran out of time as the November 7, 2012 (Case 11-652, Document 105) (Exhibit 9, Page 46) deadline for correcting the defects in his last filing. Any possible errors in these documents would be caused by such factors as the importance of this case to the Appellant. He most likely put far more than was needed into this motion, or so he hopes. Other factors are his current health, his lack of legal knowledge, his not being able to get to the law library as much and last minute cancellation by his private pay aide to help with printing.

## ARGUMENT 1:

**Appellant Geiger Could Not Possibly Have Met the Requirements of Both the Court's June 28, 2012 Motion Order and August 15, 2012 Order and Consequently, These Orders and the Subsequent October 3, 2012 Order <u>Should All Be Reconsidered and the Appellant's Appeal Should Be Reinstated</u>**

## POINT 1:

**Appellant Geiger Has Good Cause, a Serious Illness That Has Left Him In an Extraordinarily Poor, Albeit Temporary, State of Health, for Failing to Meet the Requirements of Both <u>the Court's June 28, 2012 Motion Order and August 15, 2012 Order</u>**

19.   The Court's June 28, 2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39) required Appellant Geiger to comply with the following:

> "Within 14 days of the date of entry of this order, Appellant shall, regardless of whether he has received any transcripts: (a) provide proof that he has arranged payment for all available transcripts; and (b) file a scheduling notification with this Court, setting a deadline for his appellate brief that is within 121 days of the date of his scheduling notification."

20.   The June 28, 2012 motion order created a due date of July 12, 2012 for Appellant Geiger to provide the Court with proof of arranged payment for the obtainable[12]

---

[12] Appellant Geiger needs to stress the difference between obtainable, unobtainable, available and unavailable. Per the June 28, 2012 motion order the Court determined that the transcripts for the District Court sessions transcribed by court reporter Francis Leogrande are not obtainable, will never be available, but more importantly also will not be required by the Court to make a determination in this case. The transcripts that were transcribed by either Karen Bush or a machine are obtainable, but are still unavailable, because they still do not exist. The District Court's current court reporter indicates that the obtainable transcripts will be available on November 19, 2012 (Exhibit 43, Page 173). This issue will be further discussed in Argument 2 below.

transcripts and to provide a scheduling notification that established a deadline of no later than November 10, 2012[13] for the appellant's brief and appendixes.

21. As of today's date, November 7, 2012, Appellant Geiger has not provided direct proof[14] of arranged payment for the obtainable transcripts and has not filed a scheduling notification.

22. As of today's date, November 7, 2012, Appellant Geiger is not prepared to and cannot possibly submit the appellant's brief and appendixes by November 10, 2012, even if he had started as soon as he became aware of the outstanding orders on August 23, 2012.

---

[13] Appellant does not know why the order allows the brief to be filed 121 days after the ready date and thereby deviating from LR FRAP 31.2(a)(1)(A) that states "The deadline must be within 91 days after the ready date." There is more on this issue in the Request For Clarification section.

[14] A careful reading of the existing Case 11-652 documents attached to the case docket provides indirect proof that the $150.00 requested deposit was already paid prior to the Court's June 28, 2012 motion order. The court reporter's April 27, 2012 email to the Appellant (which was attached to Case 11-652, Document 87) (Exhibit 4, Page 29) includes the following:

> "In order for me to complete these requests, I would need a deposit of $150.00. Upon completion of the transcripts, I will formulate a final invoice and let you know the balance and then the transcripts will be ready for pick up in the Clerk's Office or I could email them directly to you. At that time, they will also be filed with the Clerk of the Court".

The court reporter's June 20, 2012 email to the Appellant (which was attached to Case 11-652, Document 91) (Exhibit 5, page 36) includes the following:

> "I will be working on these transcripts next week. Hopefully will have them completed by Friday for you."

Why a person who required a deposit before starting the work, give a specific day for completion unless the deposit had been paid? Of course, Appellant Geiger is also to blame here because he could have attached more accurate emails to his transcript update letters to the Court such as the court reporter's May 22, 2012 email (Exhibit 40, page 167) that states the following:

> "I have received your deposit. The transcripts will be available within 30 days."

23. The Court's August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page 42) required Appellant Geiger to comply with the following:

> "...the appellant's brief and appendix must be filed on or before September 24, 2012. The appeal will be dismissed effective September 24, 2012 if appellant defaults in filing a brief."

24. The August 15, 2012 order effectively changed the deadline for the appellant's brief and appendixes from November 10, 2012 to September 24, 2012.

25. Appellant Geiger did not file the appellant's brief and appendixes by September 24, 2012. As of today's date, November 7, 2012, the Appellant has not filed the appellant's brief and appendixes, and as already stated the Appellant is in no position to file the appellant's brief and appendixes anytime soon.

26. After Appellant Geiger failed to file the appellant's brief and appendixes by September 24, 2012, the Court dismissed his appeal on October 3, 2012, but did not specifically state the effective date of the dismissal[15].

27. As the Court knows, Appellant Geiger has been receiving disability benefits from Appellee Hartford effective October 6, 2003. The primary disability that prevents the Appellant from working, and therefore for which Appellant receives these

---

[15] The Court's August 15, 2012 order (Case 11-652 Document 97) (Exhibit 7, Page 42) states that the "the appeal will be dismissed effective September 24, 2012" but the case docket simply states "ORDER, [97] appeal dismissed for Appellant John A. Geiger failure to file brief and appendix, EFFECTIVE." (Exhibit 2, Page 15)

benefits, is his Juvenile Idiopathic Arthritis (JIA). Appellant Geiger's JIA[16] was

the primary reason or cause for his failure to respond to both the Court's June 28,

2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39) and the

August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page 42).

---

[16] Appellant Geiger feels strongly that some medical background is required to understand what has transpired over the last few months. Since it will only help with understanding, and does not bear on the case directly, it is being consigned to footnotes, as will all other specific medical information. Appellant Geiger was diagnosed in 1968, at age 8, with Systemic Onset Juvenile Idiopathic Arthritis (JIA). The Appellant was not able to respond to the Court's June 28, 2012 motion order because of his JIA.

Since the first emergency room doctor who examined Appellant Geiger on June 27, 2012 could not initially believe what had happened, it would hardly be a surprise that a person without a medical background would be skeptical. That is the reason for this footnote. Of course, there are the many exhibits attached, and there are many more documents available if needed, that prove that some medical issue has taken place. These endless medical bills and statements do not contain any background whatsoever.

Juvenile Idiopathic Arthritis (JIA) was known as Juvenile Rheumatoid Arthritis (JRA) until approximately 2010, and the name change was justified because JIA (with idiopathic meaning unknown cause) has very little in common with Rheumatoid Arthritis (RA). A person with RA has inflamed hot, red and swollen joints their entire life, whereas a person with JIA has these same conditions for a very short period. Appellant's JIA had gone into remission, meaning no more inflamed, hot, red and swollen joints, by the mid 1970s. However, by then, as with most individuals with JIA, almost every single joint in the body had been left without its primary protection - synovial tissue and cartilage. In the absence of the synovium and cartilage, all bodily movement creates direct bone on bone contact, which destroys the joints over time. Appellant Geiger was confined to a wheelchair between age 9 and 18, or the years 1969 through 1978, while waiting for his long bone growth plates to reach skeletal maturity. He then regained the ability to walk through joint surgery and intensive physical therapy. In order to continue to ambulate independently, Appellant had numerous hip replacements throughout the 1980s, 1990s and early 2000s, before resuming the use of a power wheelchair, probably permanently, in 2005. What began on June 27, 2012, a virtual spontaneous dislocation of his right hip, was the result of the level of damage the JIA did to the Appellant's body as well as the many right hip replacements he required to keep walking. Appellant Geiger realizes that none of this medical information and description has been substantiated, but again, it has been provided to clarify the events of the last few months. If substantiation of this medical information is required, it can be provided.

28. Appellant Geiger dislocated his right hip on June 27, 2012 just after going to bed

for the evening.[17] Dr. Gary Bessette, Appellant's current orthopedic surgeon,[18] in

his September 12, 2012 letter (Exhibit 13, Page 57), states the following:

> "I first met Mr. Geiger on June 28, 2012 as a result of a hip dislocation
> which occurred quite atraumatically. This was reduced but he went on to
> multiple further dislocations even while he was still hospitalized."

29. The Appellant prepared Exhibit 1 - Timeline of Medical and Legal Events from

June 27, 2012 to Present (Exhibit 1, Page 1).[19] The other exhibits support these

medical and legal events in this timeline. The key medical events in this timeline

are supported by Exhibits 16 through 36, with the July 2012 through October 2012

Medicare Blue Choice explanation of benefit statements (hereinafter "EOBs") in

Exhibits 20 through 25 being by far the most important. Appellant Geiger will

---

[17] Appellant Geiger has a mechanical bed (i.e. a glorified hospital bed) and had the head of the bed risen so that his hips were bent to about 30 degrees. His legs were straight and his ankles were approximately 2 feet apart. He had just turned off the light to go to sleep. The prosthetic head of the femur just painlessly slid out of the cup without any movement whatsoever. Appellant Geiger was astonished, because the position is very close to what doctors induce via body castes or hip braces to prevent dislocations. The body began to "splint itself" in the false belief that the situation was permanent so the resulting spasms, swelling, and inflammation were all partially due to the body attempting to adapt to the situation. Doctors involved in Appellant's case have stated that the joint capsule may have been so weak that the involuntary tightening of certain muscles may have caused the initial dislocation. This same right hip would dislocate while wearing a hip abduction brace and later strapped into a hip abductor pillow. These implements are specifically designed to prevent dislocations. The doctor's could not solve the problem with the Appellant's prosthesis at that time so the Appellant would get a new hip on June 30, 2012 and an even newer one on July 11, 2012.

[18] Dr. David Carrier, who had been Appellant's orthopedic surgeon for several years, was not available on June 27, 2012 so his partner at Rochester Community Orthopedics, Dr. Gary Bessette has been Appellant's orthopedic surgeon from June 28, 2012 through to the present. At least for his right hip.

[19] The last date in the Timeline is October 24, 2012 (Exhibit 1, Page 10).

refrain from simply relisting all of the medical events from the timeline and reviewing every supporting exhibit. Rather, the Appellant just asks for a thorough review the timeline,[20] the Medicare EOBs and then any other medical exhibits as necessary to get an understanding of what has taken place since June 27, 2012.

30. The Court's June 28, 2012 motion order that included a July 12, 2012 due date for Appellant Geiger to provide the Court with proof of arranged payment for the obtainable transcripts and to provide a scheduling notification was issued the day after the Appellant dislocated his hip. The July 12, 2012 due date established by that same order was the day after Appellant had major hip replacement surgery for the second time in 12 days.

31. Between June 27 and July 11, 2012 Appellant Geiger dislocated his right hip at least 6 times, had two invasive surgical procedures, at least 4 non-invasive surgical procedures and was under general anesthesia at least 7 times. There was no possible way that Appellant, who is not represented by counsel in this case, could have done anything whatsoever in terms of preparing a response to the Court with service to the Appellee Hartford.

---

[20] This timeline has been separated into two distinct sections for ease of understanding. Every significant medical and legal event in the timeline has cross reference(s) to other exhibits. The first section of the timeline, which covers the period June 27 to July 11, 2012 or the intensive period of invasive and non-invasive surgery, has four additional columns, which were required to make sense of the numerous out-of-sync charges in the EOBs by the four main types of doctors that participated in Appellant's care during this period. The second section of the timeline, which covers the period July 12, 2012 to the present, includes exhibit references that are far easier to understand.

32. The September 12, 2012 letter from Dr. Gary Bessette (Exhibit 13, Page 57) also

    states the following:

    > "During this time between the dates of June 27, 2012 and July 20, 2012 Mr.
    > Geiger was confined at bed rest on pain medications all during this time and
    > completely incapacitated because of his multiple right hip surgeries. Only
    > very recently has Mr. Geiger returned to his home after a transitional stay at
    > St. Ann's for rehabilitation until August 10th."

33. Dr. Bessette is mistaken because Appellant Geiger was at the St. Ann's

    Transitional Care Center until August 21, 2012 (Exhibit 17, Page 78).[21]

34. It is very clear that Appellant Geiger could not have responded to the Court for the

    June 28, 2012 motion order. However, could Appellant Geiger have responded to

    the Court's August 15, 2012 order, which required the filing of the appellant's brief

    and appendixes by September 24, 2012? The July 9, 2012 letter from Dr. Gary

    Bessette (Exhibit 12, Page 56) includes the following:

    > "Mr. John Geiger has been hospitalized over the past 2 weeks due to
    > complications from right hip replacement surgery. He will be completely
    > incapacitated for at least the next 2-3 months as a result of his surgery.
    > During this time he will not be able to carry out his affairs as he normally
    > would."

35. This letter indicates that Appellant Geiger would be incapacitated until at least

    September 9 or October 9, 2012. However, this letter was written prior to the July

    11, 2012 surgery that Dr. Edward Tanner, the head of orthopedic surgery at RGH

---

[21] Dr. Bessette was probably referring to Appellant's discharge by physical therapy on August
10, 2012 (Exhibit 1, Page 8).

14

called the "nuclear alternative"[22] so the 2 to 3 months is no longer applicable.

Appellant Geiger had actually requested a letter from Dr. Bessette as early as

Monday July 7, 2012 so there is no way of knowing when the July 9, 2012 letter

was dictated. After the June 30, 2012 surgery, the Appellant was sent home. After

the July 11, 2012 surgery, Appellant was sent to an intensive rehabilitation unit.

Much has changed since Dr. Bessette wrote that letter.

36. Appellant Geiger became aware of both the Court's June 28, 2012 motion order

and August 15, 2012 order on August 23, 2012.[23] The Appellant knew that he

could not possibly complete the appellant's brief and appendixes by September 24,

2012 because he was far too weak, so he started to prepare this current motion as

soon as he was able to, which was in early September 2012. It has taken him

---

[22] After the June 30, 2012 right hip replacement had failed and the hip continued to atraumatically dislocate, Appellant's team of orthopedic surgeons determined there were three alternatives available for the July 11, 2012 surgery. Much depended upon what Dr. Bessette found after he "opened up" the Appellant's right hip. Dr. Bessette ended up doing "alternative 2", which was installing a hip prosthetic that cannot dislocate. The prosthetic has a collar around the base of the ball that keeps the ball in the cup. At first blush, this seems ideal, but now all the pressure has been transferred to the pelvic bone. In normal cases, a hip dislocates for a reason, the body would rather dislocate a hip than break one. A dislocation can typically be traced to a combination of the hip's angle and the pressure applied to the hip joint. Appellant must still diligently follow the three rules for prosthetic hips: 1) Do not bend past 90 degrees, 2) do not cross legs and 3) do not internally rotate the hip. Otherwise, pressure will build up on the nine screws that hold his prosthetic cup to his pelvic bone. Over time, if Appellant does not follow these rules, the screws will be pulled out of the pelvic bone. Of note, Appellant also has Osteoporosis secondary to prolonged use of steroids for his JIA in the 1970s and 1980s when the medical community did not know to prescribe Fosomax whenever prednisone was administered. Of note, Appellant did not request this team of orthopedic surgeons; rather, the surgeons were all fascinated by the complications of Appellant's unusual case. Dr. Tanner, the head of orthopedic surgery at RGH, observed but did not participate in the July 11, 2012 surgery.

[23] This is discussed more in Point 2 of Argument 1 later in this document.

almost 2 months to complete, which should be a telling metric of his current

abilities.  In addition, Appellant Geiger is trying to get back to a level of health that

was already determined to be permanently long term disabled, meaning he cannot

perform gainful employment doing any job in the United States economy.

37.  Appellant Geiger continued to have home care visits from nurses, physical

therapists and occupational therapists (Exhibit 1, Pages 9-10)[24] until October 2,

2012.  Perhaps the most telling document as to Appellant's current condition when

he went home is the August 21, 2012 St. Ann's discharge papers (Exhibit 17, Page

80), which states that the "P[atien]t [is] non-ambulatory.  Transferring surface to

surface only." and now uses a platform walker to pivot transfer.  The Appellant had

to have several adaptations[25] made to his home so that he could continue to live

independently.  These adaptations may be permanent,[26] which means Appellant

may never return to his pre June 27, 2012 level of health.  It will be a long time

before Appellant returns to the same level of health and stamina that he had just 3

months ago, but he will get back.  Although it took over 2 months, he was able to

produce this current motion and supporting documents.

---

[24] These pages in the timeline contain references to other exhibits that further support the home
care visits.

[25] Including the already mentioned platform walker, Appellant had to have a standalone trapeze
installed over his bed so he could get out of bed easier, he also had bed pull-ups installed over
each bed footboard finial, a side bed handle, a toilet seat riser and

[26] Appellant has already "graduated" to transferring with the use of a cane only.

38. Given the Appellant's health situation in late August 2012 and continuing through to the present, it is very clear that Appellant Geiger could not have responded to the Court for the August 15, 2012 order.  Appellant himself does not believe as of the date of this motion, that he can start meaningful work on the appellant's brief and appendixes until January 1, 2013.

## POINT 2:

### Appellant Geiger Was Not Aware of the Court's June 28, 2012 Motion Order Or the August 15, 2012 Order Until August 23, 2012 and Could Not Possibly Comply By the September 24, 2012 Due Date for the Later Order in the Time Remaining Even Though the Due Date for the Prior Order Had Already Passed

39. Appellant Geiger was unaware of both the Court's June 28, 2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39) and the August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page 42) until August 23, 2012. Appellant received the June 28, 2012 motion order in the mail on that day, and he then logged onto his PACER account (Exhibit 36, Page 146) to retrieve an official copy[27] of that motion order.  This is when he first learned of the Court's August 15, 2012 order.

---

[27] Appellant prefers to work with the Case 11-652 documents that are downloaded from PACER because these documents have the headers in red font that include the case number, documents number and other information.  Case documents that are mailed to the Appellant do not have these headers.

40.  The Court issued the August 15, 2012 order because Appellant failed to respond to the June 28, 2012 order. Therefore, both the August 15, 2012 order and the subsequent October 3, 2012 order dismissing the Appellant's appeal were due to Appellant being unaware of the Court's June 28, 2012 motion order until 6 weeks after its deliverables were due.

41.  Given the nature of the Appellant's medical emergency, he was not lucid very often for a long period of time, he was unable to check his United States Postal Service (USPS) mail until sometime in July 2012, and then again in early August 2012.[28] Appellant's family retrieved his mail for him from the mailroom at his apartment house. His family did not bother to get his mail[29] more often because they knew Appellant could not have read it anyway. In addition, Appellant did not expect anything from the Court until the obtainable transcripts were ready.

42.  Appellant checked his email as often as he could between June 28, 2012 and August 21, 2012[30] when he went home from St. Ann's. He was checking for an

---

[28] His only family living outside the city and having very busy lives may have contributed to this.

[29] Please refer to Footnote 4 of the Declaration of John A. Geiger for a more thorough discussion of the United States Postal Service (USPS) mail problems in June, July and August 2012.

[30] Appellant tried to find some type of log of the times he visited www.webmail.rocherster.rr.com during his long stay at RGH and St. Ann's but could not find it. Appellant believes now that the only website Mozilla Firefox tracks are those that have bookmarks and he never created a bookmark for a website that he never used at home because he could use the Mozilla Thunderbird email client there. For whatever reason, Appellant's Time Warner Roadrunner email account only works with computers attached to the Time Warner modem at his home. This has never been a problem before because Appellant has never sent emails from wireless hot spots anyway for security reasons.

email from the court reporter of the District Court about the obtainable transcripts.

Appellant Geiger did not expect to hear from the Court during this timeframe that

would require any performance on his part because he was confident in the law he

had based his March 23, 2012 motion for reconsideration (Exhibit 11-652,

Document 74) upon.  Appellant stated as much in his May 9, 2012 letter (Case 11-

652, Document 87) (Exhibit 4, Page 28) to the Court as follows:

> "*The Circuit Case is on hold* (assuming the Circuit Court agrees with my
> March 23,2012 Motion for Reconsideration (Case 11-652 Document 74))
> *awaiting the receipt of the last transcript* on order per Federal Rules of
> Appellate Procedure Local Rule (FRAP LR) 31.2(a)(1)(A)." (italics added)

43. Appellant felt that we were all waiting for the court reporter to finish the

transcripts, and he knew that the court reporter would let him know by email when

they had been completed per the court reporter's April 27, 2012 email (attached to

Case 11-652, Document 87) (Exhibit 4, Page 29) as follows:

> "Upon completion of the transcripts, I will formulate a final invoice and let
> you know the balance and then the transcripts will be ready for pick up in
> the Clerk's Office or I could email them directly to you."

44. Prior to the June 27, 20102 medical crisis, Appellant Geiger had sent his last letter

(Case 11-652 Document 91) (Exhibit 5, Page 33) to the Court concerning the status

of the requested transcripts on June 22, 2012.  Attached to that letter is a June 20,

2012 email from the court reporter who was preparing 3 of the 6 requested

transcripts that states the following:

"I will be working on these transcripts next week. Hopefully will have them completed by Friday for you."

45. This meant that on June 27, 2012 when Appellant Geiger's right hip dislocated, Appellant was in a waiting mode on the current case, and did not believe he had any pending due dates. He was waiting for both the unavailable obtainable transcripts from the court reporter and guidance from the Court as to how to proceed with the unavailable unobtainable transcripts. As he stated in the June 22, 2012 transcript update letter (Case 11-652, Document 91) (Exhibit 5, Page 34):

"Unfortunately, the remaining three transcripts may be forever lost, and I need the Court's guidance concerning what to do."

46. Appellant Geiger also was not able to access his PACER[31] account (Exhibit 36, Page 156) while he was at RGH and St. Ann's.

47. Appellant informed the Court of his medical condition with a July 13, 2012[32] email (Exhibit 10, Page 50) and again with another email on July 26, 2012 (Exhibit 12, Page 54) in which he states the following:

---

[31] Appellant Geiger attempted to log onto PACER at both RGH and St. Ann's and could not. There could be a number of reasons for this including the firewalls used on the guest internet portals, a missing "cookie" from Appellant's desktop computer where he typically logs on, problems with PACER to even the status of his account.

[32] Appellant Geiger cannot explain the date discrepancy. The July 13, 2012 email refers to the July 11, 2012 surgery as a future event. Obviously the email was sent on July 13, 2012 and the only plausible reason for the strange dating is that Appellant was not very lucid from all of the general anesthesia and narcotic painkillers. Appellant Geiger has been a Time Warner Roadrunner customer for years and uses their email still, which is not very useful when not connected to the internet by means other than the Time Warner modem.

"I have not received my mail from home yet but I am expecting to receive all of my mail from June 26, 2012 until July 26, 2012 in the next few days. I am not sure of the status of the transcripts.", and

"At that time, if everything goes according to plan I will contact the Court concerning the transcripts that may not be available whatsoever - an incredible situation."

## LAW for POINTS 1 and 2:

### Appellant Geiger's Serious Illness Qualifies As Good Cause

48. The Court is correct when it states that the Appellant failed to file a scheduling notification, and then failed to file the appellant's brief and appendixes. The Appellant believes that his temporary medical ordeal is good cause for the Court to grant the requests in this motion and more importantly, to reinstate his appeal.

49. Per FRAP 26(b):

> "(b) Extending Time. For good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires.

50. None of the constraints that follow FRAP 26(b) apply to the Appellant's situation because this is not a notice of appeal. Therefore, the Court has the power to reinstate Appellant's appeal, reconsider and revoke the August 15, 2012 order and grant an extension of time for the Appellant to respond to the Court's June 28, 2012 motion order.

51. The Court also has the power to make sure a case is decided on its merits under FRAP Rule 2, which states the following:

"Suspension of Rules On its own or a party's motion, a court of appeals may--to expedite its decision or for other good cause--suspend any provision of these rules in a particular case and order proceedings as it directs, except as otherwise provided in Rule 26(b)."

52. Appellant Geiger could not find any case law that defined "good cause" as it is used in FRAP 26(b) defined by the Court, and did not have time to research case law under FRAP 2, but if Appellant's recent medical emergency is not good cause, then what is?

53. The closest Appellant could find to a definition of "good cause" by the Court is in *Traguth v Zuck*, 710 F.2d 90 (2d Cir. 1983), a case that is very different and it also refers to a District Court using this definition of "good cause", which states as follows:

"Whether good cause is deemed to have been shown depends on three considerations: whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." (internal quotes removed)

54. If this definition is used for Appellant's situation, then "good cause" exists because his serious illness was not intentional or willful, reinstating this case would certainly not prejudice Hartford in anyway and Appellant believes he has a very strong case. The later will be shown in the Appellant's brief.

55. Appellant also turned to *Black's Law Dictionary* (9th Edition), to determine if its definition of "good cause" helps at all, which is as follows:

"good cause. A legally sufficient reason. • Good cause is often the burden placed on a litigant (usu. by court rule or order) to show why a request

22

should be granted or an action excused. The term is often used in employment-termination cases. - Also termed *good cause shown*; *just cause*; *lawful cause*; *sufficient cause*." (internal quotes removed)

56. So is my poor health good cause? I certainly believe so. There is absolutely no way I was in any condition to meet the requirements of the June 28, 2012 motion order, and although I did know about the August 15, 2012 order by August 23, 2012; it would not be possible to complete the appellate brief by September 24, 2012 - in just 32 days. Although, Appellant feels that the appellant's brief and appendixes should be the easiest part of this litigation for him to completed because that is the law and facts he is most familiar with, he still could not do it in 32 days.

57. All of the above terms and laws apply to litigants that are or are not represented by counsel. Appellant Geiger is representing himself in this case, and the Court has a long history of helping litigants exercise their right to represent themselves in United States court in their search for justice.

58. There is a wealth of case law from this Court concerning *pro se* litigants, including the following examples.

59. This Court states in *United States v. Thrower*, 584 F.3d 70 (2d Cir. 2009):

> "[The Court] may extend the time limits dictated by the rules for good cause...We give *pro se* defendants wider latitude with procedural rules."

60. In *Sims v Blot*, 534 F.3d 117 (2d Cir. 2008):

"A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation",

"To give such extra leeway, courts are, for example, to construe a pro se litigant's pleadings and motions liberally" (internal quotes removed), and

"Courts should not allow a pro se litigant's rights to be impaired by harsh application of technical rules."

61. This Court in *Cunningham v St. Bonaventure University*, 11-1979-cv (2d Cir. 2012):

"...dismissal is a harsh remedy that is appropriate only in extreme situations, and that district courts therefore should be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." (internal quotes and brackets removed)

62. Also in *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90 (2c Cir. 1993):

"Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*. A party appearing without counsel is afforded extra leeway in meeting the procedural rules governing litigation..." and

"Hence, as a general rule a district court should grant a default judgment sparingly and grant leave to set aside the entry of default freely when the defaulting party is appearing *pro se*."

63. Also from *Traguth v Zuck*, 710 F.2d 90 (2d Cir. 1983):

"...*pro se* papers should be read liberally.", and

" Implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training. While the right does not exempt a party from compliance with relevant rules of procedural and substantive law...it should not be impaired by harsh application of technical rules."(internal quotes removed)

64. It certainly seems obvious that Appellant, who is not represented by counsel in this litigation, has clearly shown good cause for his appeal to be reinstated and hopefully move on so that this case can be judged on the correct application of law to the current case record rather than what seem like laws of the process itself.

65. Appellant also has the following issue that needs to be addressed. It may be a small matter, but it is not just.

66. Per LR FRAP 31.2(d) Failure to File:

> "The court may dismiss an appeal or take other appropriate action for failure to timely file a brief or to meet a deadline under this rule."

67. Appellant feels confident this is what happened when he failed to file his brief by September 24, 2012.

68. The Court's January 27, 2012 motion order, among other actions, indicated that the Appellant must file a scheduling notification by February 10, 2012. When the Appellant did not file a scheduling notification because he had just had surgery and was waiting for the court reporter of the District Court to produce the transcripts, which must be completed before the scheduling notification can be filed, the Court issued the February 21, 2012 motion order, which stated the following:

> "IT IS HEREBY ORDERED that, pursuant to Local Rule 31.2(a)(1)(A), appellant's brief must be filed on or before April 2, 2012. *The appeal may be dismissed* without further notice if appellant defaults in filing a brief." (italics added)

69. Appellant's March 23, 2012 motion for reconsideration was followed by the

Court's favorable June 28, 2012 motion order, among other actions, indicated that

the Appellant must file a scheduling notification by Jul12, 2012.  The Appellant

failed in doing so for the reasons already discussed above and the Court's

subsequent August 15, 2012 order included the following:

> "IT IS HEREBY ORDERED that, pursuant to Local Rule 31.2(a)(1)(A),
> appellant's brief must be filed on or before April 2, 2012. The appeal may be
> dismissed without further notice if appellant defaults in filing a brief. *The
> appeal will be dismissed* effective September 24, 2012 if appellant defaults
> in filing a brief." (italics added)

70. The Appellant's concern is that even though the February 21, 2012 motion order

was clearly at odds against LR FRAP 31.2(a)(1)(A), which was beyond Appellant's

control, Appellant Geiger has been somehow punished because the orders' wording

went from "may be dismissed" to "will be dismissed."  The appeal was not

dismissed in the February through April 2012 period.  However, this time it was,

and yet the situations are identical.  Of course, the Court does not know that until

they read this document and review the exhibits.  If the Court has a onetime

warning system in place, then it should have been reset when the Court decided for

the Appellant in the June 28, 2012 motion.  Otherwise, the Appellant can be

punished because of a court reporter's behavior, which is the subject of Argument

2.

## ARGUMENT 2:

**Regardless of Argument 1, Per Both the
Federal Rules of Appellant Procedure
and the Local Federal Rules of Appellant Procedure,
Appellant Geiger Could Not Satisfy
the Requirements of the Court's June 28, 2012 Motion Order
and Therefore All Subsequent Court Orders Should Be Reconsidered**

71.    Even if Appellant Geiger had been aware of the Court's June 28, 2012 motion

order (Case 11-652, Document 92) (Exhibit 6, Page 39) and had been in good

health, he still would not have been able to complete the requirements of this

motion order because he still does not have the obtainable transcripts.  Pursuant to

FRAP LR 31.2(a)(1)(A) the appellant is not supposed to file his brief scheduling

notification until he has received the last ordered transcript.  Per FRAP LR

31.2(a)(1)(A):

> (1) Scheduling Request. (A) Appellant's Request. *Within 14 days after the
> later of the appellant's receipt of the last transcript*, or the appellant's filing
> of the certificate that no transcript will be ordered (the "ready date"), the
> appellant must notify the clerk in writing of the deadline it requests for
> appellant's brief. The deadline must be within 91 days after the ready date. If
> the appellant fails to submit a scheduling request, the deadline for its brief is
> 40 days after the ready date." (italics added)

72.    It seems to Appellant Geiger that the court reporter's failure to produce the

transcripts indefinitely removes the onus from the Appellant to file the scheduling

notification.

73.    Appellant Geiger does not wish to rehash here the long history of his attempts to

obtain the transcripts of his district court case, an undertaking that was described in

detail in his March 23, 2012 motion to this Court (Case 11-652 Document 74).

Appellant Geiger still does not have the obtainable transcripts. The Court in the

June 28, 2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39)

states that the "court reporter...has been in contact with Appellant regarding the

preparation and delivery of available transcripts, and provided him with the

information necessary for arranging payment." This certainly sounds as if the

Court intends for the Appellant to receive these transcripts. However, if Appellant

did not have the medical emergency of the last few months and followed the June

28, 2012 motion order exactly as written he would be filing his appellant's brief

and appendixes on November 10, 2012 without those transcripts.

74. The court reporter who is preparing the transcripts, in her September 20, 2012

email to Appellant (Exhibit 43, Page 173), states the following:

> "Please ask the Circuit for 60 days to receive transcripts."

75. The Appellant cannot submit the scheduling notification until he has the

transcripts. If the Court is going to disregard these rules, then why bother having

them? That may be why the court reporter has simply delayed, delayed, and

delayed doing these transcripts if eventually the Court decides that the Appellant

can live without them. The Court has determined how to proceed without the

unavailable unobtainable transcripts, guidance that the Appellant respectfully

disagrees with, but requested in his June 22, 2012 transcript update letter to the Court (Case 11-652, Document 91) (Exhibit 5, Page 33).

76. If the Appellant must proceed without any of the transcripts that he has been trying to get for years now, then the Court is making FRAP LR 31.2(a)(1)(A) superfluous, and the result will be that court reporters will simply delay until courts are pressured to give up on the transcripts in pursuit of speedy trials.

77. It seems apparent that the Court followed LR FRAP 31.2(a)(1)(A) in its August 15, 2012 order (Case 11-652, Document 97) (Exhibit 7, Page 42) because the revised due date of September 24, 2012 for the appellant's brief and appendixes given in the August 15, 2012 order was exactly 40 days after August 15, 2012. If the Court can follow one part of a rule, it seems fair that the Appellant can follow it as well.

78. Appellant feels that he is entitled to these transcripts. Appellant also feels that he is entitled to the transcripts that the Court determined in the June 28, 2012 motion order would not be needed because "the record reflects that the lack of those transcripts will not make it impossible for to determine if the district court has committed reversible error." Appellant will certainly honor the decision of the Court, but must assume at this point that any key decisions made at those sessions were made to the Appellant's advantage and his appellant's brief will be prepared that way and noted accordingly. Once the Court receives my appellant's brief, the importance of those missing transcripts will be understood.

79. In the June 28, 2012 motion order (Case 11-652, Document 92) (Exhibit 6, Page 39), the Court instructs Appellant Geiger to prove if payment has been arranged or even made for the transcripts that have been determined to be obtainable.

80. Appellant Geiger has already paid, on May 21, 2012, $150.00[33] (Exhibit 37, Page 159) or 82% towards the court reporter's April 27, 2012 estimate of $182.50 (Case 11-652, Document 87) (Exhibit 4, Page 27). The court reporter has not indicated that the transcripts will have more pages than her April 27, 2012 estimate, so by the time the court reporter completes the transcripts Appellant Geiger will technically be owed $4.00 according to LR FRAP 11.3(d)(2), which states the following:

> (2) for a transcript not delivered within 60 days after receipt of the order, the reporter may charge only 80 percent of the prescribed fee...

81. If the Appellant has to pay the $32.50 it receive the transcripts he certainly will because it will be a pittance compared to the ordeal of the last few years attempting to obtain these transcripts.

82. Regardless, of the Appellant's medical condition, per the Court's Local Rules of the Federal Rules of Appellate Procedure, the scheduling notification is not due until 14 days after the last ordered transcript is received. That has not happened yet, and

---

[33] The Appellant would also like to correct some obvious poor communication on his part in his March 23, 2012 motion (Case 11-652, Document 74). He did not wish to have the Court order the District Court to pay for the transcripts; rather he wished to have the Court order the District Court just to produce the transcripts.

this should roll back the Court's October 3, 2012 and August 15, 2012 orders and reopens for reconsideration the Court's June 28, 2012 motion order.

### Request for Clarification

83. Appellant Geiger apologies for questioning the Court's language, but he requests clarification concerning perceived discrepancies between the Court's June 28, 2012 order and LR FRAP 31.2(a)(1)(A).

84. The Court has stated in its June 28, 2012 motion order the following:

> "Within 14 days of the date of entry of this order, Appellant shall, *regardless of whether he has received any transcripts*: (a) provide proof that he has arranged payment for all available transcripts; and (b) file a scheduling notification with this Court, setting a deadline for his appellate brief that is within 121 days of the date of his scheduling notification. Appellant will not be required to provide the transcripts for three 2007 proceedings that are unavailable due to the destruction of former court reporter Francis Leogrande's notes..." (italics added)

85. The Court's use of the phrase "regardless of whether he has received any transcripts..." seems to be contrary to LR FRAP 31.2(a)(1)(A) when it states "Within 14 days after the later of the appellant's receipt of the last transcript..."

86. Is the Court's addition of an extra 30 days for the deadline of the brief, over and above the 91 allowed by LR FRAP 31.2(a)(1)(A) reflective of some commitment by the court reporter to the Court?  Is the extra 30 days the Court's consideration to the Appellant for having to prepare and write his brief without knowing what was discussed during sessions of his case in District Court?  Did the Court rely upon use the court reporter's June 29, 2012 completion date communicated to the

Appellant in a June 20, 2012 email, which was submitted to the Court with the

June 22, 2012 transcript status update letter (Case 11-652, Document 91) (Exhibit

5, Page 33)?  Since the Court has obviously been in contact with the court reporter,

perhaps the court reporter made a commitment to the Court to have the transcripts

completed and delivered within 30 days.  As shown above, the court reporter's

latest estimated completion date is November 19, 2012.

87.  Appellant Geiger reluctantly agrees with the Court's decision in the June 28, 2012

motion order concerning the three unavailable unobtainable transcripts, but the

Appellant wants the three unavailable obtainable transcripts.  If the Court has

decided that Appellant is no longer entitled to these transcripts, then Appellant

protests that decision and reserves the right to address that decision at a future date.

## CONCLUSION

88.  For the reasons set forth in this Memorandum of Law and the accompanying

Declaration of John A. Geiger, Appellant Geiger respectfully asks the Second

Circuit to grant the following:

    i.   Reinstate Appellant's appeal in Case 11-652,

    ii.   Reconsider and revoke the Court's August 15, 2012 order

  iii. Reconsider the Court's June 28, 2012 motion order and grant

    Appellant an extension of time of at least until January 1, 2012[34] to

    begin preparing the scheduling order, and

  iv. Clarify the portion of the Court's June 28, 2012 motion order

    concerning whether the Appellant is entitled to the obtainable

    transcripts or not.

89. Appellant wishes to close with a very important point. His current health crisis

  should be over,[35] and although he is returning to a level of permanent disability, he

  should once again be able to handle the requirements of his case. Please keep in

  mind that he was able to complete this current motion 100% without help of any

  kind. Appellant is actually looking forward to working on his brief because that

  will be the heart of this case and the entire reason that he has appealed the District

  Court's decision to this Court.

90. Appellant Geiger reserves the right to file a reply to the response if Appellee

  Hartford files a response to Appellant's motion.

---

[34] This is assuming that Appellant Geiger has possession of the three obtainable transcripts by then. This would indicate a January 15, 2012 due date for the Appellant's scheduling notification, and an April 16, 2012 due date for the appellant's brief and appendixes.

[35] In keeping with Appellant's goal of keeping medical information in the footnotes only, Appellant feels this is an important point to make. As the Court may recall from the Appellant's March 23, 2012 motion (Case 11-652, Document 74) papers the Appellant had the right hip replaced in July 2011 and January 2012. As the Court can imagine, it has been a very difficult 12 months; however, the last surgery should be the end because the prosthetic implanted is not able to dislocate. If this hip is too fail it would be very early, which Appellant thinks is past, or later in the life of the hip if too much or too many periods of pressure are put on the pelvic bone.

Appellant Geiger would like to thank you in advance for your consideration in this matter and your reading of this document.

Dated: November 7, 2012

Respectfully submitted,

John A. Geiger, *pro se*
328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com
(585) 747-7352

# 11-652-cv

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-----------------------------------------------------------------X
JOHN A. GEIGER,

        Plaintiff-Appellant,

        -against-

ALSTOM SIGNALING INC., AND
THE HARTFORD LIFE INSURANCE
COMPANY,

        Defendant-Appellee

-----------------------------------------------------------------X


## <u>DECLARATION OF JOHN A. GEIGER</u>

John A. Geiger, pursuant to 28 U. S. C. §1746(2), declares under penalty of perjury

that the following is true:

1.    I am the pro se Appellant in the above matter; and as such, I am fully familiar

    with the facts and circumstance of this matter.

1

2.    I respectfully submit this Declaration and the attached exhibits to the United States Court of Appeals for the Second Circuit (hereinafter "Court"), in support of my motion:

    i.    that the Court reconsider and withdraw the October 3, 2012 order and reinstate the appellant's appeal,

    ii.    that the Court reconsider and withdraw the August 15, 2012 order requiring the appellant to file his brief and appendix by September 24, 2012 or the case will be dismissed,

    iii.    that the Court grant an extension of time until Appellant Geiger is reasonably healthy to file the scheduling notification to the Court as required in the Court's June 28, 2012 motion order, and

    iv.    that the Court clarify the instructions from that June 28, 2012 motion order concerning whether appellant will wait for the receipt of the obtainable but still unavailable transcripts for the United States District Court for the Western District of New York (hereinafter "District Court") Case 06-cv-06561 or to proceed without them.

3.    The exhibits are organized as follows:

    i.    Exhibit 1 is a timeline of medical and legal events for the period June 27, 2012 to present, with the last entry for October 24, 2012.

ii.    Exhibits 2 through 9 are Case 11-652 documents downloaded from PACER.

iii.    Exhibits 10 through 15 include documents that represent other key communications that the Court may not be aware of and therefore may be reviewing for the first time.

iv.    Exhibits 16 through 36 include documents related to the appellant's medical problems of the last few months and are presented here to support the medical events in the timeline, and have been organized as follows:

a.    Exhibits 16 through 19 are discharge papers from the various health care facilities and agencies,

b.    Exhibits 20 through 25 are the explanation of benefits statements[1] from Excellus Blue Cross Blue Shield of Rochester, the health insurance carrier that provides appellant with his Medicare Blue Choice,

---

[1] These six exhibits may be the most important support of the timeline because they show by name and date the doctors and health care agencies that participated in the appellant's health care between June 27 and August 21, 2012. Appellant Geiger has made comments on the pages of these statements to help explain what that particular doctor was doing on that date. It may have been impossible to recreate the timeline without these six Medicare Blue Choice statements.

  c. Exhibits 26 through 34 are important health care facility, agency or

    vendor invoices, receipts or other statements that support the

    charges on the Medicare Blue Choice statements, and

  d. Exhibits 35 through 36 are statements that imply or indirectly show

    that Appellant Geiger is not following the normal routine of his life

    because there were no prescriptions filled by his pharmacy between

    June 27 and August 21, 2012[2] and there was no activity on his

    PACER account between June 21 and August 23, 2012.

 v. Exhibits 37 through 43 include documents strictly related to the

  obtainable but still unavailable transcripts of courtroom sessions for

  District Court Case 06-cv-06561.

4. Exhibit 1 (Page 1)[3] is a timeline of the medical and legal events that have

 occurred since June 27, 2012.  This chronological listing of events, recreated

 in October 2012 by Appellant Geiger, is as true and as correct as possible

 given the circumstances.  This timeline has been separated into two distinct

 sections for ease of understanding, and preparation.  The first section is for

---

[2] Appellant's Humira, an expensive drug taken every 2 weeks for his JIA, continued to be filled due to the confusion at both the Rochester General Hospital and St. Ann's Transitional Care Center concerning whether or not appellant had to supply his own doses.  The admissions person at both facilities told appellant that he had to provide the Humira, and at both facilities, this changed once a floor nurse became appalled and changed the order.

[3] There are 43 exhibits comprising 174 pages.  The page number provided after each exhibit reference is that exhibit's banner page within those 174 pages.

4

the June 27 to July 11, 2012 intensive period of invasive and non-invasive surgery. The additional columns were required to make sense of the numerous out-of-sync charges by the four main types of doctors that participated in appellant's care during this period[4]. The second is for the July 12, 2012 to present period that includes exhibit references that are far easier to understand. The events in the timeline are supported by the documents in the remaining exhibits.

5.  Exhibit 2 (Page 11) is a true and correct copy of the Case 11-652 docket downloaded from PACER by Appellant Geiger on October 17, 2012.

6.  Exhibit 3 (Page 16) is a true and correct copy of the April 4, 2012 letter Appellant Geiger sent to the Court to provide an update for the status of the transcripts from the District Court. This exhibit is also Document 82 for Case 11-652.

7.  Exhibit 4 (Page 27) is a true and correct copy of the May 9, 2012 letter Appellant Geiger sent to the Court to provide an update for the status of the

---

[4] Appellant Geiger had hoped to reference a charge in the Medicare Blue Choice statements for a surgeon, an anesthesiologist and a radiologist for every surgical procedure during this period. He could only do so for the surgeon and the anesthesiologist. Most likely, the radiologist was needed after the surgery. Some of the possible reasons why this task of matching the charges to the surgical event was so difficult could be as follows. Some doctors waited months to submit their charges, some may not have submitted their charges as of the October 2012 statement, and some may have submitted incorrect data such as the date of surgery. There were a few times that significant medical events took place on the same day that required a doctor's care, which in turn made it difficult to determine what event the charge was for.

transcripts from the District Court. This exhibit is also Document 87 for Case 11-652.

8. Exhibit 5 (Page 33) is a true and correct copy of the June 22, 2012 letter Appellant Geiger sent to the Court to provide an update for the status of the transcripts from the District Court. This exhibit is also Document 91 for Case 11-652.

9. Exhibit 6 (Page 39) is a true and correct copy of the Court's June 28, 2012 motion order. This exhibit is also Document 92 for Case 11-652.

10. Exhibit 7 (Page 42) is a true and correct copy of the Court's August 15, 2012 order. This exhibit is also Document 97 for Case 11-652.

11. Exhibit 8 (Page 44) is a true and correct copy of the September 28, 2012 letter that Appellant Geiger sent to the Court indicating that the current motion and supporting documents would be filed by October 15, 2012. This exhibit is also Document 103 for Case 11-652.

12. Exhibit 9 (Page 46) is a true and correct copy of the Notice of Defective Filing, issued by the Court on October 17, 2012. This exhibit is also Document 105 for Case 11-652.

13. Exhibit 10 (Page 50) is a true and correct copy of the draft wording of the email that Appellant Geiger sent to the Court on July 13, 2012. This draft was found on the Appellant Geiger's laptop while preparing this motion.

6

Appellant failed to save[5] a copy of the email when he sent it using his laptop computer from Rochester General Hospital. The Court should have a final copy of this email.

14. Exhibit 11 (Page 52) is a true and correct copy of the read receipt that the appellant received when his July 13, 2012 email (Exhibit 10, Page 50) was opened by one of the recipients.

15. Exhibit 12 (Page 54) is a true and correct copy of the July 26, 2012 email that Appellant Geiger sent to the Court. This email included an attached copy of the July 9, 2012 "To Whom It May Concern" letter from Dr. Gary Bessette.

16. Exhibit 13 (Page 57) is a true and correct copy of the September 12, 2012 "To Whom It May Concern" letter from Dr. Gary Bessette.

17. Exhibit 14 (Page 60) is a true and correct copy of the September 24, 2012 email that Appellant Geiger sent to the Court.

18. Exhibit 15 (Page 62) is a true and correct copy of the October 12, 2012 letter that Appellant Geiger sent to the Court.

---

[5] Appellant Geiger has used Time Warner Roadrunner email service over the Mozilla Thunderbird client as his only email service for many years. An email using a Time Warner Roadrunner address cannot be sent over the Mozilla Thunderbird client when not connected to the internet via the Time Warner cable modem. In order to send emails away from home, a Roadrunner user must log on to https://webmail.rochester.rr.com/, and then remember to send a copy (usually bcc or blind) to the sender's own Roadrunner email account. Note that the copy of the July 26, 2012 email that Appellant Geiger sent to the Court (Exhibit 12, Page 54) is a printout from Appellant's in box, or rather an email he sent to himself.

19. Exhibit 16 (Page 70) is a true and correct copy of the Rochester General Hospital (hereinafter "RGH") discharge papers that were given to the appellant when he went home on the last day of his June 27, 2012 through July 3, 2012 hospitalization.[6]

20. Exhibit 17 (Page 78) is a true and correct copy of the St. Ann's Transitional Care Center (hereinafter "St. Ann's") discharge papers that were given to the appellant when he went home on the last day of his July 20, 2012 through August 21, 2012 stay in rehab.[7]

21. Exhibit 18 (Page 87) is a true and correct copy of the Lifetime Care discharge papers for nursing that were given to the appellant on the last day of the August 22, 2012 through September 27, 2012 period of home nursing care. Lifetime Care is the agency that provided home care to the appellant that included nursing, and both physical and occupational therapy (hereafter "PT" and "OT"). Normally, after this type of surgery, Lifetime Care would also provide certified home health aides to help with the daily activities of living but appellant has his own private pay assistant at this time.

---

[6] The RGH discharge papers include instructions that the appellant should follow for a successful recovery, which is why the appellant never received any discharge papers when he left RGH on the last day of his July 5, 2012 through July 20, 2012 hospitalization. Those discharge papers went to medical staff at St. Ann's Transitional Care Unit because they were responsible for the next phase of the appellant's recovery.

[7] Appellant Geiger has been a resident at St. Ann's Transitional Care Unit for two previous stays and it was always called the St. Ann's Rehabilitation Unit or "rehab". Appellant has no idea why the name was changed, perhaps to differentiate it from a drug rehab.

22. Exhibit 19 (Page 89) is a true and correct copy of the Lifetime Care discharge papers for OT[8] that were given to the appellant on the last day of the September 11, 2012[9] through October 2, 2012 period of home OT care.

23. Exhibit 20 (Page 91) is a true and correct copy of the July 24, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

24. Exhibit 21 (Page 94) is a true and correct copy of the July 31, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

25. Exhibit 22 (Page 105) is a true and correct copy of the August 7, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant

---

[8] Typically, only the Lifetime Care nurse will discharge a home care patient. This discharge would effectively end all services from Lifetime Care, but in this case, there was a continuing need for OT beyond that of nursing. Note that there is no PT discharge paper because PT ended on September 7, 2012, well before the September 27, 2012 nursing discharge.

[9] The Lifetime Care nurse did not determine that occupational therapy was needed until later in the home care period.

9

Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

26. Exhibit 23 (Page 107) is a true and correct copy of the August 31, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

27. Exhibit 24 (Page 114) is a true and correct copy of the September 28, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

28. Exhibit 25 (Page 120) is a true and correct copy of the October 30, 2012 Medicare Blue Choice explanation of benefits statement. The only changes made to these documents are the inclusion of comments from Appellant Geiger in red font and the redaction of his Excellus Blue Cross Blue Shield member number from each page.

29. Exhibit 26 (Page 125) is a true and correct copy of the billing statement from Rochester General Hospital for June 26, 2012 through July 3, 2012.

30. Exhibit 27 (Page 128) is a true and correct copy of the billing statement from St. Ann's for July 20, 2012 through July 31, 2012.

31. Exhibit 28 (Page 131) is a true and correct copy of the billing statement from St. Ann's for August 1, 2012 through August 21, 2012.

32. Exhibit 29 (Page 134) is a true and correct copy of the Rural Metro invoice for the June 27, 2012 ambulance service.

33. Exhibit 30 (Page 136) is a true and correct copy of the Rural Metro invoice for the July 5, 2012 ambulance service.

34. Exhibit 31 (Page 138) is a true and correct copy of the Genesee Transportation, Inc. invoice for the July 20, 2012 transportation from RGH to St. Ann's.

35. Exhibit 32 (Page 140) is a true and correct copy of the MediCab invoice for August 8 and August 14, 2012 transportation.

36. Exhibit 33 (Page 142) is a true and correct copy of the MediCab receipt for the August 21, 2012 transportation to home.

37. Exhibit 34 (Page 144) is a true and correct copy of several receipts for the various adaptive equipment that Appellant Geiger purchased and installed in his home.

38. Exhibit 35 (Page 153) is a true and correct copy of Appellant Geiger's prescription drug claims for the period January 1, 2012 through September 19, 2012 printed from the Excellus Blue Cross Blue Shield website.

39. Exhibit 36 (Page 156), page 157 is a true and correct copy of the activity of Appellant Geiger's PACER Account for the period June 1, 2012 through August 31, 2012 printed from the PACER website. Page 158 is a screen print from the PACER website that ties the "user ID" on page 1 to Appellant John A. Geiger.

40. Exhibit 37 (Page 159) is a true and correct copy of the United States Postal Service $150.00 Money Order that Appellant Geiger purchased on May 21, 2012 to pay for the obtainable transcripts.

41. Exhibit 38 (Page 163) is a true and correct copy of the email that Karen Bush, the court reporter for the District Court, sent to Appellant Geiger on May 9, 2012.

42. Exhibit 39 (Page 165) is a true and correct copy of the email that Appellant Geiger sent to Karen Bush, the court reporter for the District Court, on May 22, 2012.

43. Exhibit 40 (Page 167) is a true and correct copy of the email that Karen Bush, the court reporter for the District Court, sent to Appellant Geiger on May 22, 2012.

44. Exhibit 41 (Page 169) is a true and correct copy of the email that Appellant Geiger sent to Karen Bush, the court reporter for the District Court, on June 20, 2012.

45. Exhibit 42 (Page 171) is a true and correct copy of the email that Appellant Geiger sent to Karen Bush, the court reporter for the District Court, on September 20, 2012.

46. Exhibit 43 (Page 173) is a true and correct copy of the email that Karen Bush, the court reporter for the District Court, sent to Appellant Geiger on September 20, 2012.

Thank you in advance for your consideration in this matter and your reading of this document.

Dated:    November 6, 2012

I declare under penalty of perjury that the foregoing is true and correct.

John A. Geiger, *pro se*

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com
(585) 747-7352

# List of Exhibits Attached to the Declaration of John A. Geiger

| Exhibit Number and Description | Page(s) |
|---|---|
| **Exhibits 1 to 1: Timeline of Medical and Legal Events:** | **1 - 10** |
| Exhibit 1 | Timeline of Medical and Legal Events from June 27, 2012 to Present | 1 - 10 |
| **Exhibits 2 to 9: Case 11-652 Documents:** | **11 - 49** |
| Exhibit 2 | Case 11-652 Docket As of October 17, 2012 | 11 - 15 |
| Exhibit 3 | Transcript Status Update Letter Dated April 4, 2012 (Case 11-652, Doc 82) | 16 - 26 |
| Exhibit 4 | Transcript Status Update Letter Dated May 9, 2012 (Case 11-652, Doc 87) | 27 - 32 |
| Exhibit 5 | Transcript Status Update Letter Dated June 22, 2012 (Case 11-652, Doc 91) | 33 - 38 |
| Exhibit 6 | Motion Order Dated June 28, 2012 (Case 11-652, Doc 92) | 39 - 41 |
| Exhibit 7 | Order Dated August 15, 2012 (Case 11-652, Doc 97) | 42 - 43 |
| Exhibit 8 | Letter, Dated September 28, 2012, on Behalf of Appellant John A. Geiger (Case 11-652, Doc 103) | 44 - 45 |
| Exhibit 9 | Notice of Defective Filing Dated October 17, 2012 (Case 11-652, Doc 105) | 46 - 49 |
| **Exhibits 10 to 15: Other Key Communications:** | **50 - 69** |
| Exhibit 10 | Draft Wording of the John A. Geiger July 13, 2012 Email to the Court | 50 - 51 |
| Exhibit 11 | A Read Return Receipt for the John A. Geiger July 13, 2012 Email to the Court | 52 - 53 |
| Exhibit 12 | John A. Geiger July 26, 2012 Email to the Court (includes the Dr. Bessette "To Whom It May Concern" Letter Dated July 9, 2012) | 54 - 56 |
| Exhibit 13 | Dr. Bessette "To Whom It May Concern" Letter Dated September 12, 2012 | 57 - 59 |
| Exhibit 14 | John A. Geiger September 24, 2012 Email to the Court | 60 - 61 |
| Exhibit 15 | John A. Geiger October 12, 2012 Letter to the Court | 62 - 69 |
| **Exhibits 16 to 36: Documents That Support the Medical Events in the Timeline:** | **70 - 158** |
| **Exhibits 16 Through 19: Discharge Papers From Health Care Facilities and Agencies** | **70 - 90** |
| Exhibit 16 | Rochester General Hospital July 3, 2012 Discharge Papers | 70 - 77 |
| Exhibit 17 | St. Ann's Transitional Care Unit August 21, 2012 Discharge Papers | 78 - 86 |
| Exhibit 18 | Lifetime Care Nursing September 27, 2012 Discharge Paper | 87 - 88 |
| Exhibit 19 | Lifetime Care Occupational Therapy October 2, 2012 Discharge Paper | 89 - 90 |
| **Exhibits 20 Through 25: Medicare Blue Choice Explanation of Benefits Statements from Excellus Blue Cross Blue Shield of Rochester** | **91 - 124** |
| Exhibit 20 | Medicare Blue Choice Explanation of Benefits Dated July 24, 2012 | 91 - 93 |
| Exhibit 21 | Medicare Blue Choice Explanation of Benefits Dated July 31, 2012 | 94 - 104 |
| Exhibit 22 | Medicare Blue Choice Explanation of Benefits Dated August 7, 2012 | 105 - 106 |
| Exhibit 23 | Medicare Blue Choice Explanation of Benefits Dated August 31, 2012 | 107 - 113 |
| Exhibit 24 | Medicare Blue Choice Explanation of Benefits Dated September 28, 2012 | 114 - 119 |
| Exhibit 25 | Medicare Blue Choice Explanation of Benefits Dated October 30, 2012 | 120 - 124 |
| **CONTINUED ON NEXT PAGE** | |

| Exhibit Number and Description | | Page(s) |
|---|---|---|
| **Exhibits 26 Through 34: Invoices, Receipts or Other Statements From Health Care Facilities, Agencies or Vendors** | | **125 - 152** |
| Exhibit 26 | Rochester General Hospital Billing Statement for Period June 26, 2012 Through July 3, 2012 | 125 - 127 |
| Exhibit 27 | St. Ann's Transitional Care Unit Billing Statement for Period July 20, 2012 Through July 31, 2012 | 128 - 130 |
| Exhibit 28 | St. Ann's Transitional Care Unit Billing Statement for Period August 1, 2012 Through August 21, 2012 | 131 - 133 |
| Exhibit 29 | Rural Metro Invoice for June 27, 2012 | 134 - 135 |
| Exhibit 30 | Rural Metro Invoice for July 5, 2012 | 136 - 137 |
| Exhibit 31 | Genesee Transportation, Inc. Invoice for July 20, 2012 | 138 - 139 |
| Exhibit 32 | MediCab Invoice for August 8, 2012 and August 14, 2012 | 140 - 141 |
| Exhibit 33 | MediCab Receipt for August 21, 2012 | 142 - 143 |
| Exhibit 34 | Receipts for Various Adaptive Equipment As Aids for Daily Living With Dates Between August 2, 2012 and August 22, 2012 | 144 - 152 |
| **Exhibits 35 Through 36: Other Documents That Imply That John A. Geiger Is Not Following His Normal Routine** | | **153 - 158** |
| Exhibit 35 | John A. Geiger Prescription Drug Claims for Period January 1, 2012 to September 19, 2012 | 153 - 155 |
| Exhibit 36 | John A. Geiger PACER Account Activity for Period June 1, 2012 to August 31, 2012 | 156 - 158 |
| **Exhibits 37 to 43: Documents Related to the Obtainable but Still Unavailable Transcripts:** | | **159 - 174** |
| Exhibit 37 | United States Postal Service $150.00 Money Order Dated May 21, 2012 | 159 - 162 |
| Part of Exhibit 2 | John A. Geiger February 22, 2012 Letter to Karen Bush, Court Reporter for District Court | 19 |
| Part of Exhibit 3 | Karen Bush, Court Reporter for District Court, April 27, 2012 Email to John A. Geiger | 29 |
| Part of Exhibit 3 | John A. Geiger May 9, 2012 Email to Karen Bush, Court Reporter for District Court | 30 |
| Exhibit 38 | Karen Bush, Court Reporter for District Court, May 9, 2012 Email to John A. Geiger | 163 - 164 |
| Exhibit 39 | John A. Geiger May 22, 2012 Email to Karen Bush, Court Reporter for District Court | 165 - 166 |
| Exhibit 40 | Karen Bush, Court Reporter for District Court, May 22, 2012 Email to John A. Geiger | 167 - 168 |
| Exhibit 41 | John A. Geiger June 20, 2012 Email to Karen Bush, Court Reporter for District Court | 169 - 170 |
| Part of Exhibit 5 | Karen Bush, Court Reporter for District Court, June 20, 2012 Email to John A. Geiger | 36 |
| Exhibit 42 | John A. Geiger September 20, 2012 Email to Karen Bush, Court Reporter for District Court | 171 - 172 |
| Exhibit 43 | Karen Bush, Court Reporter for District Court, September 20, 2012 Email to John A. Geiger | 173 - 174 |

# Exhibit 1 - Timeline of Medical and Legal Events from June 27, 2012 to Present

# Timeline of Medical and Legal Events from June 27, 2012 to Present

| Day and Date | Description of Medical or Legal Event | Doctor Of | | | |
|---|---|---|---|---|---|
| | | Surgery | Radiology | Anesthesiology | Emergency |
| Wed, Jun 27, 2012 | Appellant's right hip dislocated at approximately 9:00PM, just after going to bed for the evening. Taken by ambulance (Exhibit 21, Page 96[2]; Exhibit 29, Page 134) to the Rochester General Hospital (hereinafter "RGH") (Exhibit 21, Pages 102 - 103; Exhibit 26, Page 125) because that is where appellant's orthopedic surgeon, Dr. David Carrier, operates. Put almost immediately on Dilaudid, a very strong narcotic pain reliever. | | Dr. Jacobson Exhibit 21, Page 98 | | Dr. Santiago Exhibit 21, Page 102 |
| Thu, Jun 28, 2012 | The emergency room (hereinafter "ER") doctors and support staff failed to reduce (relocate the hip into its proper position) the right hip on 2 separate occasions while appellant was still in the ER. The second time was using general anesthesia (hereinafter "GA"). | | | | Dr. Santiago Exhibit 21, Page 102; Exhibit 23, Page 111 |
| Thu, Jun 28, 2012 | Dr. Gary Bessette, the "on call" partner of Dr. Carrier whom was out of town, successfully reduced the right hip in a non invasive procedure using a fluoroscope (a real time moving x ray) in the operating room (hereinafter "OR") under GA. | Dr. Bessette Exhibit 21, Page 99 | Dr. Zinkin Exhibit 21, Page 97 | Dr. Chin Exhibit 21, Page 102 | |
| Thu, Jun 28, 2012 | Appellant walked a few steps on the hip using only a cane while a physical therapist (hereinafter "PT") observes. Of note, due to use of a power wheelchair for ambulation the requirements to return to the pre June 27, 2012 level of independent living are modest: 6 - 8 pivot transfers per day and standing in place 20 - 25 times per day[3]. | | | | |

---

[1] Legal events are the events that are highlighted in light gray. All other events are medical in nature and are not highlighted.

[2] There are 43 exhibits comprising 174 pages. The page number provided after each exhibit number is either that exhibit's banner page or the page that has the specific information required, if the reference can be narrowed to a specific page within those 174 pages.

[3] The RGH Discharge Papers (Exhibit 16, Page 70) are boilerplate and almost useless. The St. Ann's Discharge Papers (Exhibit 17, Page 78) actually do reflect the appellant's at home goals with "Pt non-ambulatory. Transferring surface to surface only." Appellant Geiger does not ever intend to expect, and his doctors would most likely discourage him from attempting, more ambitious goals than this.

**Timeline of Medical and Legal Events from June 27, 2012 to Present**

| Day and Date | Description of Medical or Legal Event | Doctor Of | | | |
|---|---|---|---|---|---|
| | | Surgery | Radiology | Anesthesiology | Emergency |
| Thu, Jun 28, 2012 | Appellant's right hip dislocated while attempting to get out of bed wearing a hip abductor brace for the very first time with both a nurse and the brace vendor present and helping. Highly medicated with Dilaudid, both before and after dislocation. | | Dr. Jacobson Exhibit 21, Page 98 | | |
| Thu, Jun 28, 2012 | United States Court of Appeals for Second Circuit (hereinafter "Court") issues a motion order (Case 11-652, Document 92) (Exhibit 6, Page 39) requiring Appellant Geiger, who is representing himself, 14 days to file the scheduling notification and to prove that payment has been arranged or made for the obtainable transcripts. | | | | |
| Fri, Jun 29, 2012 | Dr. Bessette successfully reduced the right hip in a non invasive procedure using a fluoroscope in the OR under GA. | Dr. Bessette Exhibit 21, Page 99 | Dr. Zinkin Exhibit 23, Page 108 | Dr. Brodie Exhibit 21, Page 100 | |
| Fri, Jun 29, 2012 | The right hip painlessly, atraumatically dislocated while lying on left side and strapped into an abductor pillow. An orthopedic nurse argued that the hip could not possibly have dislocated, but the subsequent x-rays proved it was dislocated. Highly medicated with Dilaudid, both before and after dislocation. | | Dr. Segal Exhibit 21, Page 97 | | |
| Sat, Jun 30, 2012 | The right hip prosthetic was revised and replaced with a new right hip by Dr. Bessette and Dr. Timothy Clader (obviously in the OR under GA). Highly medicated with Dilaudid. | Dr. Bessette Exhibit 21, Pages 99 - 100; Dr. Clader Exhibit 20, Page 92 | | Dr. Mulbury Exhibit 21, Pages, 101 - 102 | |
| Sun, Jul 1, 2012 | Post op day (hereinafter "POD") 1. Confined to bed rest, which is standard procedure for total hip replacement surgery. Highly medicated with Dilaudid. | | Dr. Hicks Exhibit 21, Page 101 | | |

**Timeline of Medical and Legal Events from June 27, 2012 to Present**

| Day and Date | Description of Medical or Legal Event | Doctor Of | | | |
|---|---|---|---|---|---|
| | | Surgery | Radiology | Anesthesiology | Emergency |
| Mon, Jul 2, 2012 | POD 2. Transferred to bedside recliner, which is standard procedure for total hip replacement surgery. Did the pivot transfer to the recliner and walked a few steps with a cane while PT observed. Discharged by PT. Dilaudid was discontinued at end of day. | | | | |
| Tue, Jul 3, 2012 | POD 3. Discharged from RGH (Exhibit 16, Page 70; Exhibit 21, Pages 102 - 103; Exhibit 26, Page 125) to home after receiving 2 units of blood. Felt overwhelmed at home alone and having to do absolutely everything to live. Could not find receipt for transportation in wheelchair to home. | | | | |
| Wed, Jul 4, 2012 | Talked to Dr. Bessette about high level of pain in right hip, but cannot recall what was said. | | | | |
| Wed, Jul 4, 2012 | Lifetime Care (hereinafter "LC") home visit by a PT (Exhibit 23, Page 108) at apartment. PT was concerned with the situation. | | | | |
| Thu, Jul 5, 2012 | LC charged for a nursing home visit (Exhibit 23, Page 108) on this date, but cannot recall any home care visit prior to ambulance ride to the RGH ER on this date. LC nursing care opened case on July 4, 2012 (Exhibit 18, Page 88) but does not recall visit on that date either. | | | | |
| Thu, Jul 5, 2012 | The right hip dislocated while trying to get off toilet. Given the intense pain at the time of dislocation, it is likely that more than just a dislocation had occurred; the bone had fractured. Taken by ambulance (Exhibit 21, page 96; Exhibit 30, Page 136) to RGH (Exhibit 23, Pages 111 - 112). Of note, most hip dislocations are not painful; rather the pain comes after, sometimes immediately, as the body reacts to the situation. | | Dr. Segal Exhibit 23, Page 108 | | Dr. Kerley Exhibit 21, Page 101 |
| Thu, Jul 5, 2012 | Two orthopedic physician assistants (hereinafter "PA") (Exhibit 20, Page 92; Exhibit 22, Page 106) failed to reduce the right hip in the ER while under GA. Dilaudid was resumed for pain, while in the ER, at a very high level. | | Dr. Gupta Exhibit 23, Page 109 | | |

**Timeline of Medical and Legal Events from June 27, 2012 to Present**

| Day and Date | Description of Medical or Legal Event | Doctor Of | | | |
|---|---|---|---|---|---|
| | | Surgery | Radiology | Anesthesiology | Emergency |
| Fri, Jul 6, 2012 | Dr. Bessette successfully reduced the right hip in a non invasive procedure using a fluoroscope in the OR under GA. | Dr. Bessette Exhibit 21, Page 99 | | Dr. Lanni Exhibit 21, Page 97 | |
| Fri, Jul 6, 2012 | The right hip dislocated on this date but cannot recall the event itself. Highly medicated with Dilaudid, both before and after dislocation. | | | | |
| Sat, Jul 7, 2012 | Dr. Bessette successfully reduced the right hip in a non invasive procedure using a fluoroscope in the OR under GA. | Dr. Bessette Exhibit 21, Page 100 | Dr. Rivero Exhibit 23, Page 110 | Dr. Cortese Exhibit 21, Pages 97 - 98 | |
| Sat, Jul 7, 2012 | The right hip dislocated while lying in bed immediately after a PT removed the hip abductor pillow. The ball just slid out of the cup at the very first attempt at moving the hip after it was freed from the abductor pillow constraints. | | | | |
| Sat, Jul 7, 2012 | Dr. Edward Tanner, head of orthopedic surgery at RGH, who was on the orthopedic unit at the time, failed to reduce the right hip within minutes of the dislocation using a portable x-ray machine as a guide. Highly medicated with Dilaudid, both before and after dislocation. | | Dr. Rivero Exhibit 23, Page 110 | | |
| Sun, Jul 8, 2012 | Confined to bed with dislocated right hip. Team of orthopedic surgeons comprised of Drs. Bessette, Carrier, Clader and Tanner, decided to stop reducing the hip and plan on a dramatic solution to the problem. Highly medicated with Dilaudid. | | | | |
| Mon, Jul 9, 2012 | Confined to bed with dislocated right hip. Highly medicated with Dilaudid. | | | | |
| Tue, Jul 10, 2012 | Confined to bed with dislocated right hip. Highly medicated with Dilaudid. | | | | |

**Timeline of Medical and Legal Events from June 27, 2012 to Present**

| Day and Date | Description of Medical or Legal Event | Doctor Of | | | |
|---|---|---|---|---|---|
| | | Surgery | Radiology | Anesthesiology | Emergency |
| Wed, Jul 11, 2012 | The right hip prosthetic was revised and replaced with a new right hip by Dr. Bessette (obviously in the OR under GA). | Dr. Bessette Exhibit 21, Page 100 | Dr. Kowalchuk Exhibit 23, Page 110 | Dr. Brodie Exhibit 21, Page 101 | |

Note that the timeline is separated into 2 distinct sections. The first is for the June 27 to July 11, 2012 intensive period of invasive and non invasive surgeries that was required to make sense of the numerous out-of-sync charges by the 4 main type of doctors for this period. The second is for the July 12, 2012 to present period that includes exhibit references that are far easier to understand.

| Day and Date | Description of Medical or Legal Event |
|---|---|
| Thu, Jul 12, 2012 | POD 1. Confined to bed rest, which is standard procedure for total hip replacement surgery. Highly medicated with Dilaudid. Dr. Tanner stopped by and said Dr. Bessette "did a helluva job for you, but now comes the hard part." |
| Thu, Jul 12, 2012 | This is the due date for Appellant John A. Geiger to perform and deliver as per the motion order filed on June 28, 2012 by the Court. |
| Fri, Jul 13, 2012 | POD 2. Confined to bed rest, which is not standard procedure for total hip replacement surgery; but after the past 16 days a conservative approach was appropriate. Fitted with an adjusted hip abductor brace to be worn constantly 24 hours per day except for bathing. Highly medicated with Dilaudid. |
| Fri, Jul 13, 2012 | Sent an email (Exhibit 10, Page 50; Exhibit 11, Page 52) from hospital bed using laptop to the Court's pro se desk stating that a serious medical problem would prevent any work on the case for the time being and would attempt to send them some substantiation of the condition. No hard copy mail was sent because there was no access to a printer. At of this date, the appellant had no knowledge of the Court's June 28, 2012 motion order because he could not access his PACER account (Exhibit 36, Page 156) through the RGH visitor internet portal. The hard copy of the June 28, 2012 motion order sent by the Court to appellant's home address was not received until late August, 2012 because of the haphazard way the United States Post Office was holding mail due to the small apartment mail box not being regularly emptied[4]. |

---

[4] Appellant Geiger lives in an old building with a small mailroom with very small mailboxes that become stuffed in 3 days. Appellant's family brought him his mail from his apartment's mailbox twice over his June 27 to August 21, 2012 stay at 2 institutions (excepting of course July 3 to July 5, 2012 when Appellant felt so bad he never left his apartment until he dislocated his hip again). Although he does not remember it, Appellant probably told his family every day between June 28, 2012 and July 3, 2012 not to bother bring up his mail because no one expected this to turn into the ordeal it would become. Between June 28 and even after the June 30 surgery, Appellant's doctors always told him that he was going home tomorrow or in 2 days all the time; so why bother having his family come into the city to get his mail? The first time his (footnote continues)

**Timeline of Medical and Legal Events from June 27, 2012 to Present**

| Day and Date | Description of Medical or Legal Event |
|---|---|
| Sat, Jul 14, 2012 | POD 3.  Transferred to bedside recliner by 2 PTs using a standing aid.  Transferred back to bed with 2 orthopedic floor staff, nurses and or patient aides.  Highly medicated with Dilaudid.  Of note, the standing aid is a device that is very low to the ground on lockable wheels with padded support arms that fold down behind the transferee once he/she stands up.  The transferee can sit on these support arms or stand while the standing aid is swiveled into position, then the arms are folded up and the transferee sits down. |
| Sun, Jul 15, 2012 | POD 4.  Transferred back and forth to bedside recliner by 2 PTs and 2 orthopedic patient aides.  Still using the standing aide because too weak to pivot.  No longer so highly medicated with Dilaudid. |
| Mon, Jul 16, 2012 | POD 5.  Transferred to and from own Permobil C500 power wheelchair after family brought it to RGH.  Still using the standing aid.  Of note, the C500 has power tilt, recline, elevation and footrests so it is more comfortable and adjustable than the hospital's bedside power recliner. |
| Tue, Jul 17, 2012 | POD 6.  Still using the standing aid to transfer. |
| Wed, Jul 18, 2012 | POD 7.  Still using the standing aid to transfer.  Dilaudid was discontinued. |

family brought up the mail from his apartment's box, which was in mid to late July 2012, to the Rochester General Hospital, the mail was from early July.  The second time they brought it up, in early August 2012, to St. Ann's Transitional Care Center (hereinafter "St. Ann's), the mail was from late June and early August.  Appellant distinctly remembers this because he was angry with his family over a few old bills from early June that were late for payment.  Appellant assumed his family forgot it at their home for a while but his family said the mail came right directly from the box to St. Ann's.  Then appellant collected his own mail on August 23, 2012 for the first time and found mail from various times throughout June, July and August 2012, at which time appellant became very concerned.  It was in this batch mail that Appellant received the June 28, 2012 motion order from the Court.  The Appellant discussed this situation, of receiving mail from different months all at once, with the United States Post Service (hereinafter "USPS") mail carrier he saw in his apartment building the next day, who claimed to be a substitute for the route.  Appellant obtained the following information:

When an individual's mailbox becomes too full, the mail carrier does not have clear guidelines to follow, if the individual who owns the mailbox does not leave any specific instructions for the mail carrier or has not filled out a hold mail form online or at the post office.

The mail carrier will continue to leave the mail until there is no more room because he or she has no reason not to.

When the mailbox cannot hold more mail, the carrier will take the mail back to the USPS post office and a leave a card in the mailbox indicating that your mail is at the post office, but they often do not have the cards.

Some carriers elect to leave "important looking mail" and take the remaining mail back to be held.

Some carriers continue to leave what they consider "important looking mail" until the mailbox becomes too full again.

When the carrier notices that the mail is gone, then the mail carrier will begin to redeliver the held mail.

The held mail at the post office is not sorted in any fashion, and if there is a great deal of mail being held, it is not redelivered all at once.

The mail carrier seemed genuinely interested and explained that with all the problems put together, a "tiny mailbox," "too much bulk mail," "customer failing to fill out a hold mail card, and different carriers doing the downtown route; he understood how the dating of Appellant's mail could happen.  Appellant Geiger was still confused after this, but could not find anything at www.usps.com what can happen when a mailbox is too full.

# Timeline of Medical and Legal Events from June 27, 2012 to Present

| Day and Date | Description of Medical or Legal Event |
|---|---|
| Thu, Jul 19, 2012 | POD 8.  Still using the standing aid to transfer. |
| Fri, Jul 20, 2012 | POD 9.  Still using the standing aid to transfer.  Discharged from RGH (Exhibit 23, Pages 111 - 112) to St. Ann's Transitional Care Unit (hereinafter "St. Ann's") (Exhibit 24, Page 117; Exhibit 27, Page 128).  Sent to St. Ann's via wheelchair service (Exhibit 31, Page 138).  Examined by doctor (Exhibit 23, Pages 108 - 109) at St. Ann's.  The incision from the July 11, 2012 surgery is still draining a great deal. |
| Sat, Jul 21, 2012 | Transferred between bed and power wheelchair using a Hoyer lift, with the assistance of 2 patient aides. |
| Sun, Jul 22, 2012 | Still using the Hoyer lift to transfer. |
| Mon, Jul 23, 2012 | Still using the Hoyer lift to transfer.  Started working far more intensively at St. Ann's with PT and occupational therapist (hereinafter "OT").  Stood using a platform walker.  After developing a low-grade fever, examined by a doctor (Exhibit 23, Page 109) at St. Ann's. |
| Tue, Jul 24, 2012 | Still using the Hoyer lift to transfer.  Transferred from and to power wheelchair using a platform walker.  Follow up examine by PA (Exhibit 23, Page 112).  Fever resulted in an order for a chest x-ray (Exhibit 23, Page 111), and blood and urine tests.  Results were negative; however, it was determined that an infection of some type on the incision (Cellulitis) was the cause of the continuing high amount of drainage from the wound. |
| Wed, Jul 25, 2012 | Still using the Hoyer lift to transfer.  Follow up examine by PA (Exhibit 23, Pages 112 - 113). |
| Thu, Jul 26, 2012 | Still using the Hoyer lift to transfer. |
| Thu, Jul 26, 2012 | Sent an email (Exhibit 12, Page 54) from laptop, while at St. Ann's, to the Court's pro se desk further explaining my medical condition and attaching a letter from Dr. Bessette, the substantiation of my condition that was promised in the July 13, 2012 email.  Again, no hard copy mail was sent because there was no access to a printer. |
| Fri, Jul 27, 2012 | Started to do all transfers with platform walker, but 1 assistant was required to assist or observe until approximately August 13.  On that date, PT and OT changed the transfer order so that no assistant was required. |
| Fri, Aug 3, 2012 | Examined by PA (Exhibit 24, Pages 117 - 118) at St. Ann's. |
| Mon, Aug 6, 2012 | Examined by PA (Exhibit 24, Page 118) at St. Ann's. |
| Wed, Aug 8, 2012 | Office visit with Dr. Bessette (Exhibit 23, Page 110; Exhibit 25, Pages 122 - 123).  Traveled from St. Ann's to doctor's office (Exhibit 32, Page 141).  X-rays showed that the right hip prosthesis looks great.  The staples were removed even though there was still a high level of drainage from the incision.  The right hip abductor brace will continue to be worn at all times except for showering until at least the next office visit on September 12, 2012. |
| Fri, Aug 10, 2012 | Discharged by PT at St. Ann's.  Examined by doctor (Exhibit 24, Page 116) at St. Ann's. |
| Mon, Aug 13, 2012 | Became independent for all transfers with a platform walker.  (Exhibit 24, Page 117; Exhibit 34, Pages 144-145, 152) |
| Tue, Aug 14, 2012 | Returned to RGH to receive 2 units of blood due to very low blood count (Exhibit 32, Page 141). |

# Timeline of Medical and Legal Events from June 27, 2012 to Present

| Day and Date | Description of Medical or Legal Event |
|---|---|
| Wed, Aug 15, 2012 | Drainage from the incision, which had been a concern, slowed considerably around this date. |
| Wed, Aug 15, 2012 | Court issues an order (Case 11-652, Document 97) (Exhibit 7, Page 42) requiring Appellant John A. Geiger, who is representing himself, to file his final appellant's brief and appendix by September 24, 2012 or have the lawsuit dismissed effective September 24, 2012 because Appellant John A. Geiger failed to meet the requirements of the Court's June 28, 2012 motion order. The appellant has never received a hard copy of this order via the United States mail. See footnote 4 (Exhibit 1, Page 6) of this timeline for more information on the US mail issue. |
| Fri, Aug 17, 2012 | Discharged by OT at St. Ann's. Special equipment installed at apartment on this date: bed handle, bed trapeze, toilet support bars and a raised toilet seat. (Exhibit 34, Pages 144 - 151) |
| Sun, Aug 19, 2012 | Drainage from the incision has slowed to just spotting on the bandage. The drainage would have been a medical reason to prevent discharge; even after being discharged by PT and OT, the primary reasons the Appellant went to St. Ann's. |
| Mon, Aug 20, 2012 | Examined by doctor (Exhibit 24, Page 116) and PA (Exhibit 24, Page 118) at St. Ann's prior to being discharged the next day. |
| Tue, Aug 21, 2012 | Discharged from St. Ann's to home (Exhibit 17, Page 78; Exhibit 25, Page 123; Exhibit 28, Page 131). Sent home via wheelchair service (Exhibit 33, Page 142).rachel merrit  At home, was able to do everything, but everything was very difficult. |
| Wed, Aug 22, 2012 | LC nurse (Exhibit 24, Page 115q) makes home visit. Visits will continue. Spent most of the day in bed or in power recliner. Approximately 4 hours total in power wheelchair. |
| Wed, Aug 22, 2012 | Filled all prescriptions (Exhibit 35, Page 153) for medication provided by staff at St. Ann's. |
| Thu, Aug 23, 2012 | Received the United States Postal Service mail that included the Court's June 28, Signed into PACER account (Exhibit 36, Page 156) for the first time since June 21, 2012. Spent most of the day in bed or in power recliner. Approximately 4 hours total in power wheelchair. |
| Fri, Aug 24, 2012 | LC nurse (Exhibit 24, Page 115) makes home visit. Visits will continue. Spent most of the day in bed or in power recliner. Approximately 4 hours total in power wheelchair. |
| Fri, Aug 24, 2012 | LC PT (Exhibit 24, Page 115) makes home visit. Practice transfers with platform walker to and from shower stool, toilet and recliner. Can make gradual change to transfer with cane based upon personal comfort level. Visits will continue. |
| Mon, Aug 27, 2012 | Spent approximately 8 hours in power wheelchair, but not on a continuous basis yet. |
| Wed, Aug 29, 2012 | LC nurse (Exhibit 24, Pages 115 - 116) makes home visit. Visits will continue. |
| Thu, Aug 30, 2012 | LC PT (Exhibit 24, Pages 115 - 116) makes home visit. Practice transfers with cane to and from toilet and recliner. Visits will continue. |
| Sat, Sep 1, 2012 | By this date spending all day in the power wheelchair, approximately 14 hours. |

# Timeline of Medical and Legal Events from June 27, 2012 to Present

| Day and Date | Description of Medical or Legal Event |
|---|---|
| Wed, Sep 5, 2012 | LC nurse (Exhibit 25, Page 122) makes home visit.  Visits will continue. |
| Fri, Sep 7, 2012 | LC PT (Exhibit 25, Page 122) makes home visit.  Last visit by LC PT. |
| Tue, Sep 11, 2012 | LC OT (Exhibit 25, Page 122) makes home visit.  Required help with activities of daily living.  Visits will continue. |
| Wed, Sep 12, 2012 | Office visit with Dr. Bessette (Exhibit 24, Page 116).  X-rays continued to show that the right hip prosthesis was well positioned.  The right hip abductor brace will continue to be worn at all times except for showering until at least the next office visit on October 24, 2012. |
| Fri, Sep 14, 2012 | LC nurse (Exhibit 25, Page 122) makes home visit.  Visits will continue. |
| Tue, Sep 18, 2012 | LC OT (Exhibit 25, Page 122) makes home visit for continued work on ADLs.  Visits will continue. |
| Thu, Sep 20, 2012 | Sent an email (Exhibit 42, Page 171) to the court reporter at the United States District Court for the Western District of New York (hereinafter "District Court") who was responsible for the obtainable transcripts requesting the status of the obtainable transcripts. |
| Thu, Sep 20, 2012 | Received an email (Exhibit 43, Page 173) from the court reporter of the District Court that indicated that the obtainable transcripts were not available.  It also said to ask the Court for another 60 days to complete them. |
| Mon, Sep 24, 2012 | This was the due date, established by the August 15, 2012 order, to deliver appellant brief and appendixes to the Court. |
| Mon, Sep 24, 2012 | Sent an email (Exhibit 14, Page 60) to the Court stating that it was not possible to put together a motion and to file it by this date.  Asked Court not to dismiss case. |
| Thu, Sep 27, 2012 | LC nurse (Exhibit 25, Page 122) makes home visit.  Discharged by LC nursing (Exhibit 18, Page 87). |
| Fri, Sep 28, 2012 | Sent a letter (Case 11-652, Document 103) (Exhibit 8, Page 44) to the Court indicating that a motion for reconsideration should be filed on or by October 15, 2012, and asked again not to dismiss the case. |
| Tue, Oct 2, 2012 | LC OT makes home visit for continued work on ADLs.  Discharged by LC OT (Exhibit 19, Page 89). |
| Wed, Oct 3, 2012 | Court dismisses case because it did not receive appellant brief and appendixes.  (Exhibit 2, Page 15) |
| Fri, Oct 12, 2012 | Sent a letter (Exhibit 15, Page 62) to the Court indicating that it will take more time to complete the motion for reconsideration considering that the case has been dismissed and current health. |
| Wed. Oct 17, 2012 | Court files a Notice of Defective Filing but allows until November 7, 2012 to cure the defects in motion.  (Case 11-652, Document 105) (Exhibit 9, Page 46) |
| Wed, Oct 24, 2012 | Office visit with Dr. Bessette.  X-rays again show that the right hip prosthesis was well positioned.  The bone grafts that were implanted during the June 30, 2012 surgery are actually filing in around the prosthetic cup.  The right hip abductor brace will continue to be worn at night when there is a higher chance of risky movement until at least the next office visit on December 19, 2012.  No swimming or water walking allowed yet, which is appellant's favorite and only form of aerobic exercise allowed by any of his team of doctors. |

# Exhibit 2 -
# Case 11-652 Docket
# As of October 17, 2012

**General Docket**
**Court of Appeals, 2nd Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 11-652 | **Docketed:** 02/17/2011 |
| **Nature of Suit:** 3791 LABOR LAWS-Retirement Act 1974 | **Termed:** 10/03/2012 |
| Geiger v. Alstom Signaling Inc. et al | |
| **Appeal From:** WDNY (ROCHESTER) | |
| **Fee Status:** Paid | |

**Case Type Information:**
    1) Civil
    2) Private
    3) -

**Originating Court Information:**
    **District:** 0209-6 : 06-cv-6561
    **Trial Judge:** Charles J. Siragusa, U.S. District Judge
    **Trial Judge:** Marian W. Payson, U.S. Magistrate Judge
    **Date Filed:** 11/08/2006

| | |
|---|---|
| **Date Order/Judgment:** | **Date NOA Filed:** |
| 12/23/2010 | 02/17/2011 |

**Prior Cases:**
    10-1959
    **Date Filed:** 05/13/2010    **Date Disposed:** 10/13/2010    **Disposition:** Order on mot/pet signed by Jud
    10-2102
    **Date Filed:** 05/27/2010    **Date Disposed:** 10/13/2010    **Disposition:** Order on mot/pet signed by Jud

**Current Cases:**
    None

| | |
|---|---|
| **Panel Assignment:**    Not available | |

---

| | |
|---|---|
| John A. Geiger | John A. Geiger, - |
|     Plaintiff - Appellant | [NTC Pro Se] |
| | Firm: 585-747-7352 |
| | 328 East Main Street, Apt. 322 |
| | Rochester, NY 14604 |
| ------------------------ | |
| Alstom Signaling Inc. | |
|     Defendant | |
| The Hartford Life Insurance Company | Michael H. Bernstein, Esq., - |
|     Defendant - Appellee | Direct: 212-422-0202 |
| | [COR LD NTC Retained] |
| | Sedgwick LLP |
| | 28th Floor |
| | 225 Liberty Street |
| | New York, NY 10281 |

John A. Geiger,

        Plaintiff - Appellant,

v.

The Hartford Life Insurance Company,

        Defendant-Appellee,

and

Alstom Signaling Inc.,

        Defendant.

| | | |
|---|---|---|
| 02/17/2011 | 1<br>15 pg, 142.8 KB | NOTICE OF CIVIL APPEAL, with district court docket, on behalf of Appellant John A. Geiger, FILED. [215403] [11-652] |
| 02/17/2011 | 2<br>2 pg, 42.75 KB | DISTRICT COURT ORDER, dated 12/23/2010, RECEIVED.[215406] [11-652] |
| 02/17/2011 | 3<br>24 pg, 952.2 KB | INDEX, in lieu of record, FILED.[215407] [11-652] |
| 02/22/2011 | 5<br>2 pg, 28.37 KB | INSTRUCTIONAL FORMS, to Pro Se litigant, SENT.[215414] [11-652] |
| 03/17/2011 | 9<br>1 pg, 449.95 KB | ACKNOWLEDGMENT AND NOTICE OF APPEARANCE FORM, on behalf of Party John A. Geiger, FILED. Service date 03/17/2011 by US mail.[248611] [11-652] |
| 04/15/2011 | 10<br>2 pg, 62.57 KB | ORDER, dismissing appeal by 05/03/2011, unless appellant Geiger, submits form D-P, FILED.[264457] [11-652] |
| 05/03/2011 | 11<br>5 pg, 169.49 KB | PAPERS, Transcript Form, on behalf of Appellant Geiger, RECEIVED.[278702] [11-652] |
| 05/05/2011 | 12 | ATTORNEY, Thomas E. Reidy, for Alstom Signaling Inc., TERMINATED.[280966] [11-652] |
| 05/09/2011 | 13<br>1 pg, 35.95 KB | LETTER, dated 05/02/2011, on behalf of Appellant John A. Geiger, RECEIVED. Service date 05/09/2011 by US mail.[284057] [11-652] |
| 05/09/2011 | 14<br>3 pg, 140.13 KB | FORM D-P, on behalf of Appellant John A. Geiger, FILED. Service date 05/09/2011 by US mail.[284061] [11-652] |
| 08/02/2011 | 15<br>1 pg, 39 KB | NOTICE, to Appellee The Hartford Life Insurance Company , for failure to file an appearance, SENT.[354042] [11-652] |
| 08/03/2011 | 16<br>2 pg, 130.38 KB | NOTICE OF APPEARANCE, on behalf of Appellee The Hartford Life Insurance Company, FILED. Service date 08/03/2011 by US mail, CM/ECF.[355513] [11-652] |
| 08/03/2011 | 17 | ATTORNEY, Michael H. Bernstein for The Hartford Life Insurance Company, in case 11-652 , [16], ADDED. [355552] [11-652] |
| 08/10/2011 | 18<br>1 pg, 170.43 KB | LETTER, dated 08/09/2011, on behalf of Attorney Scott DeLuca, for Appellee The Hartford Life Insurance Company, RECEIVED. Service date 08/09/2011 by email.[361260] [11-652] |
| 08/10/2011 | 19 | ATTORNEY, Robert Scott DeLuca, for The Hartford Life Insurance, TERMINATED.[361262] [11-652] |
| 09/21/2011 | 23<br>110 pg, 3.4 MB | MOTION, to strike [1], to dismiss, on behalf of Appellee The Hartford Life Insurance Company, FILED. Service date 09/21/2011 by US mail. [397241] [11-652] |
| 09/21/2011 | 24<br>1 pg, 36.91 KB | NEW CASE MANAGER, Kimberly Gay, ASSIGNED.[397464] [11-652] |
| 10/05/2011 | 32<br>7 pg, 258.46 KB | MOTION, to extend time to 12/05/2011, on behalf of Appellant John A. Geiger, FILED. Service date 10/03/2011 by email, US mail.[409950] [11-652] |
| 10/11/2011 | 37<br>1 pg, 19.66 KB | MOTION ORDER, granting motion to extend time [32] filed by Appellant John A. Geiger, by RR, FILED. [414018][37] [11-652] |
| 10/24/2011 | 38<br>5 pg, 210.84 KB | TRANSCRIPT STATUS UPDATE LETTER, dated 10/18/2011, on behalf of Appellant John A. Geiger , informing court of transcript delays, RECEIVED. Service date 10/18/2011 by US mail.[427219] [11-652] |
| 11/21/2011 | 39<br>4 pg, 228.27 KB | PAPERS, Letter sent to the district court regarding the Record, on behalf of Appellant John A. Geiger, RECEIVED.[462586] [11-652] |
| 12/13/2011 | 40<br>7 pg, 232.9 KB | LETTER, dated 12/12/2011, on behalf of Appellant John A. Geiger, RECEIVED. Service date 12/16/2011 by CM/ECF.[475518] [11-652] |
| 12/13/2011 | 41<br>25 pg, 951.72 KB | MOTION, to extend time, on behalf of Appellant John A. Geiger, FILED. Service date 12/05/2011 by email. [475521] [11-652] |
| 12/16/2011 | 43<br>8 pg, 184.96 KB | OPPOSITION TO MOTION to extend time [41], on behalf of Appellee The Hartford Life Insurance Company, FILED. Service date 12/12/2011 by US mail. [475557][43] [11-652] |
| 12/28/2011 | 51<br>1 pg, 38.33 KB | MOTION ORDER, granting motion to extend time [41] filed by Appellant John A. Geiger, FILED. Reply is due on or before December 30, 2011. [483914][51] [11-652] |

| | | |
|---|---|---|
| 01/03/2012 | 52<br>5 pg, 237.68 KB | MOTION, to extend time, on behalf of Appellant John A. Geiger, FILED. Service date 12/30/2011 by email, US mail.[488276] [11-652] |
| 01/09/2012 | 58<br>56 pg, 2.3 MB | MOTION, to accept digital format only, on behalf of Appellant John A. Geiger, FILED. Service date 01/05/2012 by US mail.[498787] [11-652] |
| 01/27/2012 | 63<br>1 pg, 18.18 KB | MOTION ORDER, denying motion to dismiss [23] filed by Appellee The Hartford Life Insurance Company; denying motion to strike [23] filed by Appellee The Hartford Life Insurance Company, by RKW, PWH, DC, FILED. [509738][63] [11-652] |
| 02/21/2012 | 70<br>1 pg, 51.18 KB | MOTION ORDER, granting motion to extend time [52] filed by Appellant John A. Geiger, FILED. [531192][70] [11-652] |
| 02/24/2012 | 72<br>1 pg, 18.21 KB | MOTION ORDER, denying motion to accept digital format only [58] filed by Appellant John A. Geiger, by RR, FILED. [534283][72] [11-652] |
| 03/08/2012 | 73<br>2 pg, 284.09 KB | LETTER, dated 02/29/2012, on behalf of Appellant John A. Geiger, RECEIVED. Service date 03/30/2012 by CM/ECF.[567020] [11-652] |
| 03/23/2012 | 74<br>608 pg, 18.37 MB | MOTION, to reconsider, on behalf of Appellant John A. Geiger, FILED. Service date 03/16/2012 by US mail.[567024] [11-652] |
| 04/10/2012 | 82<br>10 pg, 511.09 KB | TRANSCRIPT STATUS UPDATE LETTER, dated04/04/2012, on behalf of Appellant John A. Geiger , informing court of transcript delays, RECEIVED. Service date 04/04/2012 by US mail.[578871] [11-652] |
| 05/08/2012 | 85<br>3 pg, 48.61 KB | FRAP 26.1 CORPORATE DISCLOSURE STATEMENT, on behalf of Appellee The Hartford Life Insurance Company, FILED. Service date 05/08/2012 by US mail.[603318] [11-652] |
| 05/14/2012 | 87<br>5 pg, 229.83 KB | TRANSCRIPT STATUS UPDATE LETTER, dated 05/09/2012, on behalf of Appellant John A. Geiger , informing court of transcript delays, RECEIVED. Service date 05/09/2012 by US mail.[613296] [11-652] |
| 06/28/2012 | 91<br>5 pg, 168.25 KB | TRANSCRIPT STATUS UPDATE LETTER, dated 06/22/2012, on behalf of Appellant John A. Geiger , informing court of transcript delays, RECEIVED. Service date 06/22/2012 by US mail.[650234] [11-652] |
| 06/28/2012 | 92<br>2 pg, 20.06 KB | MOTION ORDER, granting motion to reconsider [74] filed by Appellant John A. Geiger, by RKW, CJS, DC, FILED. [650347][92] [11-652] |
| 08/15/2012 | 97<br>1 pg, 145.64 KB | ORDER, dated 08/15/2012, dismissing appeal by 09/24/2012, unless appellant John Geiger submits brief and appendix, FILED.[693624] [11-652] |
| 10/01/2012 | 103<br>2 pg, 84.48 KB | LETTER, dated 09/28/2012, on behalf of Appellant John A. Geiger, RECEIVED. Service date 09/28/2012 by US mail.[737768] [11-652] |
| 10/03/2012 | 101 | ORDER, [97] appeal dismissed for Appellant John A. Geiger failure to file brief and appendix, EFFECTIVE. [736912] [11-652] |
| 10/03/2012 | 102<br>1 pg, 36.9 KB | NEW CASE MANAGER, Connie Mazariego, ASSIGNED.[736913] [11-652] |
| 10/17/2012 | 104 | MOTION, to extend time, on behalf of Appellant John A. Geiger, FILED. Service date 10/12/2012 by US mail.[749638] [11-652] |
| 10/17/2012 | 105<br>2 pg, 57.25 KB | DEFECTIVE DOCUMENT, motion to extend time and motion to reinstate appeal, [104], on behalf of Appellant John A. Geiger, FILED.[749645] [11-652] |

# Exhibit 3 - Transcript Status Update Letter Dated April 4, 2012 (Case 11-652, Doc 82)

CV

REC       'ED                328 East Main Street
12 APR 1r    :  1: 2ự        Apartment 322
U.S. COURT                    Rochester, New York 14604
SECOND.   .   .   ₁₂ɔ̣·ᶜᴸ    jgeiger1@rochester.rr.com

                             April 4, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE:    Transcripts Required for *Circuit Case 11-652 Geiger v. Alstom Signaling Inc. and The Hartford Life Insurance Company* Were Reordered Over 30 Days Ago

Dear Ms. Wolfe:

As the appellant in the above referenced case, and as required by Federal Rules of Appellate Procedure Local Rule (FRAP LR) 11.3(c), this letter is to inform you that it has been over 30 days since the transcripts from *District Case 06-cv-06561 John A. Geiger v Alstom Signaling Inc and The Hartford Life Insurance Company* were reordered. There has been no communication whatsoever with the United States District Court for the Western District of New York (USDC WDNY) since the transcripts were reordered on February 21, 2012. That transcript order form, which had a time line of transcript related events and communications attached to it, and proof of delivery are all attached to this letter. The word reordered has been underlined for emphasis because this was not the first time that these transcripts have been ordered or even reordered to be more precise! The history of this issue is discussed in the motion for reconsideration (Case 11-652, Document 74) currently before the United States Court of Appeals for the Second Circuit (Second Circuit).

Unless the Clerk of the Second Circuit has received either the transcripts or a request for an extension of time in which to file the transcripts then the Clerk of the Second Circuit is obligated under FRAP LR 11.3(c) to notify the Honorable USDC WDNY Judge Charles J. Siragusa of this situation, and "take appropriate measures to obtain the reporter's compliance." Since the transcripts have not been paid for and the request for an extension was never served, it is unlikely that the Second Circuit has had any communication with the USDC as well.

The transcripts were reordered while the above referenced motion was being prepared after it was noted that transcript orders are now directed to the presiding District Judge's court reporter rather than the clerk of the court. Unfortunately, this process change was made just as the last transcript order (again a reorder!) was submitted, which was eleven months ago. The district

case is closed so there have been no oral hearings and hence no new transcripts, so there was no need to look for or download a new form; however, the USDC WDNY should still have been able to process the old forms for a transitional period. It is very disappointing that eleven months after this process change, the response is the same. There has been no response. Obviously the February 21, 2012 transcript order was not in compliance with FRAP 10(b)(1) because it has been much more than 14 days since the notice of appeal was filed, but there must be some issue at the USDC WDNY concerning these transcripts and it was "worth the try." A compliant transcript order was processed and docketed. (Case 11-652, Documents 11, 13, and 14).

An update will be sent to the Clerk of the Second Circuit every 14 days as required by FRAP LR 11.3(c). Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

John A. Geiger, *pro se*

Attachment

cc:    Kimberly Gay
       Michael Bernstein

JAG/coc04042012

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

February 22, 2012

Karen J. Bush
Court Reporter Assigned to Judge Siragusa
United States District Court for the Western District of New York
1360 United States Court House
100 State Street
Rochester, New York 14614

RE:    AO 435 Transcript Order Form for Case 06-cv-06561

Dear Ms. Bush:

Attached is a signed and completed AO 435 Transcript Order Form for Civil Case *06-cv-06561 Geiger v Alstom Signaling Inc. et al.* I was the Plaintiff in that District Court Case which I am appealing pro se to the United States Court of Appeals for the Second Circuit (hereafter Second Circuit). I have ordered these transcripts in the past, and now my Circuit Case (Case 11-652) is on hold waiting for these them. I started to put together a submission of documents requesting the

I am retired a Controller and my 20 intense years of experience in corporate finance is telling me that this is not the first time that you have seen an order for these transcripts. I hope not, but let me provide you with some background.

The Second Circuit in their January 27, 2012 Motion Order (*Case 11-652 Geiger v Alstom Signaling Inc. et al.*, Document 63) directed me as the Appellant to "file a scheduling notification within 14 days of the date of entry of this order pursuant to Second Circuit Local Rule 31.2." The order was pursuant to Local Rule 31.2, which also includes, "(1) Scheduling Request. (A) Appellant's Request. Within 14 days after the later of the appellant's receipt of the last transcript, or the appellant's filing of the certificate that no transcript will be ordered (the "ready date"), the appellant must notify the clerk in writing of the deadline it requests for appellant's brief." Therefore, I must file the scheduling application or request within 14 days of my receipt of the last transcript.

I am attaching a transcript timeline exhibit that I intend to attach as part of my next submission to CA2 so that you can review the ordering history of these transcripts. It was while I was

Page 1 of 2

preparing this timeline that I realized I had never sent a transcript order directly to you as it now states on the website of the USDC. The website has never stated that previously because everything went through the Clerk's Office. I will attach this letter to my next submission to the CA2 to both show that I am doing something as well as allow you enough time to try to gather these transcripts.

Please feel free to contact me at either of the above snail or e-mail addresses or at 585-747-7352 with questions or comments. Of note, e mail is my preferred form of communication.

Thank you in advance for your help in this matter.

Sincerely,

John A. Geiger

Attachment

JAG/kab02222012

| AO 435 (Rev 04/11) | Administrative Office of the United States Courts | FOR COURT USE ONLY |
|---|---|---|

**TRANSCRIPT ORDER**

DUE DATE:

*Please Read Instructions:*

| 1. NAME John A. Geiger, pro se | 2. PHONE NUMBER (585) 747-7352 | 3. DATE 2/22/2012 |
|---|---|---|

| 4. MAILING ADDRESS 328 East Main Street, Apartment 322 | 5. CITY Rochester | 6. STATE New York | 7. ZIP CODE 14604 |
|---|---|---|---|

| 8. CASE NUMBER 06-cv-06561-CJS-MWP | 9. JUDGE Honorable C. J. Siragusa | DATES OF PROCEEDINGS 10. FROM 4/25/2007   11. TO 8/24/2010 |
|---|---|---|

| 12. CASE NAME Geiger v Alstom Signaling Inc and The Hartford Life Ins Co | LOCATION OF PROCEEDINGS 13. CITY Rochester   14. STATE New York |
|---|---|

**15. ORDER FOR**

| [x] APPEAL | [ ] CRIMINAL | [ ] CRIMINAL JUSTICE ACT | [ ] BANKRUPTCY |
|---|---|---|---|
| [ ] NON-APPEAL | [x] CIVIL | [ ] IN FORMA PAUPERIS | [ ] OTHER |

**16. TRANSCRIPT REQUESTED** (Specify portion(s) and date(s) of proceeding(s) for which transcript is requested)

| | PORTIONS | DATE(S) | | PORTION(S) | DATE(S) |
|---|---|---|---|---|---|
| [ ] | VOIR DIRE | | [ ] | TESTIMONY (Specify Witness) | |
| [ ] | OPENING STATEMENT (Plaintiff) | | | Motion hearing (entire) | 4/25/2007 |
| [ ] | OPENING STATEMENT (Defendant) | | | Status conference (entire) | 6/13/2007 |
| [ ] | CLOSING ARGUMENT (Plaintiff) | | [ ] | PRE-TRIAL PROCEEDING (Spcy) | |
| [ ] | CLOSING ARGUMENT (Defendant) | | | Status conference (entire) | 7/16/2007 |
| [ ] | OPINION OF COURT | | | Motion hearing (entire) | 11/29/2007 |
| [ ] | JURY INSTRUCTIONS | | [ ] | OTHER (Specify) | |
| [ ] | SENTENCING | | | Motion hearing (entire) | 4/1/2010 |
| [ ] | BAIL HEARING | | | Scheduling conference (entire) | 8/24/2010 |

**17. ORDER**

| CATEGORY | ORIGINAL (Includes Certified Copy to Clerk for Records of the Court) | FIRST COPY | ADDITIONAL COPIES | NO. OF PAGES ESTIMATE | COSTS |
|---|---|---|---|---|---|
| ORDINARY | [x] | [x] | NO. OF COPIES 0 | | |
| 14-Day | [ ] | [ ] | NO. OF COPIES | | |
| EXPEDITED | [ ] | [ ] | NO. OF COPIES | | |
| DAILY | [ ] | [ ] | NO. OF COPIES | | |
| HOURLY | [ ] | [ ] | NO. OF COPIES | | |
| REALTIME | [ ] | [ ] | | | |

**CERTIFICATION (18. & 19.)**
By signing below, I certify that I will pay all charges (deposit plus additional).

| ESTIMATE TOTAL | 0.00 |
|---|---|

| 18. SIGNATURE  *John A. Geiger* | PROCESSED BY |
|---|---|
| 19. DATE 2/22/2012 | PHONE NUMBER |
| TRANSCRIPT TO BE PREPARED BY | COURT ADDRESS |

| | DATE | BY | |
|---|---|---|---|
| ORDER RECEIVED | | | |
| DEPOSIT PAID | | | DEPOSIT PAID | |
| TRANSCRIPT ORDERED | | | TOTAL CHARGES | 0.00 |
| TRANSCRIPT RECEIVED | | | LESS DEPOSIT | 0.00 |
| ORDERING PARTY NOTIFIED TO PICK UP TRANSCRIPT | | | TOTAL REFUNDED | |
| PARTY RECEIVED TRANSCRIPT | | | TOTAL DUE | 0.00 |

**DISTRIBUTION:**   COURT COPY   TRANSCRIPTION COPY   ORDER RECEIPT   ORDER COPY

# Timeline of Key Events Concerning the Court Session Transcripts
# For Case 06-cv-06561
# (With Notes at End)

| Date | Comment or Event |
|---|---|
| Jun 13, 2007 | Received the transcript for the May 25, 2007 USDC session from the court reporter that concerned Alstom's then motion for summary judgment. The session was transcribed on May 31, 2007. This is the only transcript Appellant Geiger has ever been able to obtain, when he was still pro se in USDC. |
| Aug 24, 2009 | Email to Appellant Geiger's then attorney asking for help with getting the case transcripts. The attorney never responds. |
| Sep 17, 2009 | Email to Appellant Geiger's then attorney's secretary asking her for help in obtaining the case transcripts. Appellant Geiger also asked if transcripts are routinely obtained for cases. |
| Sep 18, 2009 | Email from Appellant Geiger's then attorney's secretary stating that they never get transcripts, which was stunning given the severe consequences outlined in FRAP Rule 10. Even though secretary did offer to help, this answer begged the question of whether the transcripts are really needed that badly. Appellant did not respond for several months. The attachments to this email are not related to transcripts. |
| May 13, 2010 | First appeal starts in CA2 as Case 10-1959. |
| Jun 1, 2010 | CA2 Order stating that Case 10-1959 is in default and will be dismissed on Jun 22, 2010 unless Appellant Geiger files a signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form. See Case 10-1959 Document 14. Docketed date: Jun 1, 2010. |
| Jun 1, 2010 | Letter (hand delivered) to USDC Deputy-in-Charge Clerk expressing concerns over case record and requesting help obtaining transcripts. 3 completed yet unsigned Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants forms are attached. See Exhibit A. This letter was attached to the June 3, 2010 letter to CA2 Deputy Clerk. See Case 10-1959 Document 11. Docketed Jun 7, 2010. |
| Jun 3, 2010 | Letter to CA2 Deputy Clerk informing CA2 of problems obtaining the USDC transcripts. Jun 1, 2010 letter to USDC Deputy-in-Charge Clerk attached. See Exhibit B. This letter is part of the case record, but did not attach the unsigned Forms D-Ps. See Case 10-1959 Document 11. Docketed date: Jun 7, 2010. |
| Jun 7, 2010 | Email from USDC Deputy-in-Charge Clerk indicating that additional information on ordering transcripts can be located on USDC web site under Clerks Office Information. See Exhibit C. This email was attached to June 28, 2010 letter to CA2 Deputy Clerk. See Case 10-1959 Document 14. Docketed Jun 1, 2010. |
| Jun 12, 2010 | Email to USDC Appeals Clerk requesting help obtaining transcripts. The Jun 1, 2010 letter to Deputy-in-Charge with 3 completed yet unsigned Form D-Ps, the Jun 7, 2010 email from the Deputy-in-Charge and an unsigned AO435 are attached. Email is never answered. See Exhibit E. This email was attached to June 28, 2010 letter to CA2 Deputy Clerk. See Case 10-1959 Document 14. Docketed Jun 1, 2010. |

| Date | Comment or Event |
|------|------------------|
| Jun 14, 2010 | CA2 Order stating that Case 10-2102 is in default and will be dismissed on Jun 20, 2010 unless Appellee Alstom Signaling Inc files a signed Civil Appeal Transcript Information (Form) form. See Case 10-1959 Document 14 and Case 10-2102 Document 4. Docketed date: Jun 14, 2010. |
| Jun 15, 2010 | Hand delivered the original and 2 copies of a signed USDC Transcript Order Form AO 435 (dated June 11, 2010) to the USDC Clerk's Office. See Exhibit D. Of note, the time date stamped version that serves as proof of delivery has not been found. However, Appellant Geiger distinctly remembers delivering these forms because 3 signed copies were presented to be stampeded but the person who accepted them would only stamp one. |
| Jun 28, 2010 | Letter to CA2 Deputy Clerk requesting that CA2 order the USDC to provide the transcripts that Appellant Geiger has ordered. The Jun 7, 2010 email from the Deputy-in-Charge Clerk and the Jun 12, 2010 email to the Appeals Clerk are attached without any of their attachments that the CA2 has already received to avoid repetitiveness. See Exhibit F. See Case 10-1959 Document 14. Docketed date: Jul 1, 2010. |
| Jul 2, 2010 | Signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form submitted to CA2 indicating that transcripts will not be ordered. No cover letter was used. See Exhibit G. This submission became part of the Case 10-1959 record. See Case 10-1959 Document 15. Docketed date: Jul 6, 2010. However, the USDC Transcript Order Form AO 435 has never been rescinded. |
| Jul 13, 2010 | Signed Civil Appeal Transcript Information (Form D) form submitted by Appellee Alstom to CA2 indicating that transcripts will not be ordered. See Case 10-1959 Document 19 and Case 10-2102 Document 6. Docketed date: Jul 13, 2010. |
| Aug 10, 2010 | Email to Appellant Geiger's then attorney asking for his help in obtaining the case transcripts. The attorney never responds. |
| Aug 19, 2010 | Email to Appellant Geiger's then attorney asking for his help in obtaining the case transcripts. |
| Aug 19, 2010 | Email from Appellant Geiger's then attorney indicating that the transcripts will be discussed at a previously scheduled planning session (via telephone) on Mon Aug 23, 2010. The topic was raised and attorney stated that he would "make some inquires" but nothing was ever accomplished. |
| Feb 17, 2011 | Current appeal starts in CA2 as Case 11-652. |
| Apr 15, 2011 | CA2 Order stating that Case 11-652 is in default and will be dismissed on May 3, 2011 unless Appellant Geiger files a signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form. See Case 11-652 Document 10. Docketed date: Apr 15, 2011. |
| Apr 20, 2011 | Letter to USDC Deputy-in-Charge Clerk with 3 signed copies of the Transcript Order Form AO435 and a signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form attached. See Exhibit H. |
| Apr 20, 2011 | Letter to the Honorable Judge Charles J. Siragusa with a signed USDC Transcript Order Form AO435 attached requesting help in obtaining the transcripts. See Exhibit I. |
| Apr 22, 2011 | Letter to CA2 Clerk with a signed USDC Transcript Order Form AO435 attached. See Exhibit J. See Case 11-652 Document 11. Docketed date: May 3, 2011. |

| Date | Comment or Event |
|---|---|
| May 2, 2011 | Letter (hand delivered) to USDC Deputy-in-Charge Clerk with the original and 2 copies of a signed Transcript Order Form AO435 and a signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form attached.  See Exhibit K. |
| May 2, 2011 | Letter to CA2 with both a signed Civil Appeal Transcript Information (Form D-P) for Pro Se Appellants form and a signed USDC Transcript Order Form AO435 attached.  See Exhibit L.  This document is part of the case record for Case 11-652, but the Clerk of this Court split the document into 2 pieces.  See Case 11-652 Document 13 for the letter and Document 14 for Form D-P and Form AO435.  Docketed date: May 9, 2011. |
| May 2, 2011 | Letter from the Honorable Judge Charles J. Siragusa in which he requests information about the nature of Appellant Geiger's appeal to CA2 so that he can determine if the appeal is frivolous.  See Exhibit M. |
| May 19, 2011 | Letter to the Honorable Judge Charles J. Siragusa declining help given the newly understood power of the Federal Rules of Appellate Procedure and the CA2 Local Rules.  See Exhibit N. |
| Jul 11, 2011 | Letter to CA2 Clerk informing CA2 that the transcripts were ordered over 60 days ago and that there has been no response from the USDC.  Even though the address is incorrect, the US Post Office indicates that it was delivered to the correct address.   However, it is not in the Case 11-652 docket.  See Exhibit O. |
| Oct 18, 2011 | Letter to CA2 Clerk informing CA2 of problems obtaining the USDC transcripts, with the Jul 11, 2007 letter attached.  See Exhibit P.  This submission became part of the case record for Case 11-652.  See Case 11-652 Document 38.  Docketed date: Oct 24, 2011. |
| Nov 16, 2011 | Letter to USDC Deputy-in-Charge Clerk requesting help with problems with District Case 06-cv-06561 case record and also in obtaining case transcripts.  See Exhibit Q.  This letter was copied to CA2 Clerk, CA2 Case Manager and the Hartford.  See Case 11-652 Document 39. Docketed date: Nov 21, 2011. |

Notes for Timeline:
None of the numerous telephone calls or in person visits to the USDC Clerk's Office are recorded.





English    ▼    Customer Service    USPS Mobile    Register / Sign In    ▼

 **USPS.COM**

Search USPS.com or Track Packages    🔍

Track Tools    ▼

# Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS

| 70103090000176413284 | : | First-Class Mail® | Delivered | February 23, 2012, 10:24 am | ROCHESTER, NY 14614 | Expected Delivery By: February 23, 2012 Certified Mail™ |
|---|---|---|---|---|---|---|
| | | | Processed through USPS Sort Facility | February 23, 2012, 3:39 am | ROCHESTER, NY 14692 | |
| | | | Depart USPS Sort Facility | February 23, 2012 | ROCHESTER, NY 14692 | |
| | | | Processed at USPS Origin Sort Facility | February 23, 2012, 12:36 am | ROCHESTER, NY 14692 | |
| | | | Acceptance | February 22, 2012, 3:06 pm | ROCHESTER, NY 14607 | |

## Check on Another Item

What's your label (or receipt) number?

 Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012    All Rights Reserved

# Exhibit 4 - Transcript Status Update Letter Dated May 9, 2012 (Case 11-652, Doc 87)

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

May 9, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE:   Transcript Status Letter for Circuit *Case 11-652 Geiger v. Alstom and The Hartford Life*

Dear Ms. Wolfe:

I am the appellant in the above case. I am happy to inform the United States Court of Appeals for the Second Circuit (hereafter the Circuit Court) that there has been communication with the United States District Court for the Western District of New York (District Court) concerning the District Case transcripts that have been on order for quite some time. The Circuit Case is on hold (assuming the Circuit Court agrees with my March 23, 2012 Motion for Reconsideration (Case 11-652 Document 74)) awaiting the receipt of the last transcript on order per Federal Rules of Appellate Procedure Local Rule (FRAP LR) 31.2(a)(1)(A).

Attached is the email I received from the court reporter assigned to the cases of the Honorable District Court Judge Charles J. Siragusa's court reporter. This email was in response to my letter that is attached to Case 11-652 Document 82. My answer is also attached.

As you can see, I need to determine the form(s) of payment acceptable to the District Court before I can receive 3 of the 6 transcripts for *District Case 06-cv-06561 John A. Geiger v Alstom Signaling Inc and The Hartford Life Insurance Company* that are on order. I am appalled that the District Court is charging full price for transcripts that were initially ordered in June 2010, but I want these transcripts! I am very concerned about the court reporter advising me to contact a former employee of the District Court for the other 3 transcripts. I will try to contact the man if I can, but I attempted to work with him in 2010 when he was also a former employee and that was unsuccessful. I need those transcripts.

Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

*John A. Geiger, pro se*

Attachments
cc:   Kimberly Gay
      Michael Bernstein
JAG/coc05092012

**Subject:** Geiger vs. Alstom Signaling
**From:** Karen_Bush@nywd.uscourts.gov
**Date:** 4/27/2012 3:01 PM
**To:** jgeiger1@rochester.rr.com

Mr. Geiger,

I am responding to your letter dated February 22, 2012 requesting transcripts in the above referenced case, docket 06CV6561. I have looked up each of the dates you are requesting to have transcribed and they are as follows:

4/25/2007, Motion Hearing - taken by Court Reporter Francis Leogrande
6/13/2007, Status Conference - taken by Court Reporter Francis Leogrande
7/16/2007, Status conference - taken by Court Reporter Francis Leogrande

11/29/2007, Motion Hearing - taped from Electronic Recording Device - approximately 20 pages @ 3.65 per page $73.00
8/24/10, Scheduling Conference - taped from Electronic Recording Device - approximately 10 pages @ 3.65 per page $36.50

4/1/2010, Motion Hearing - taken my Court Reporter Karen Bush (myself) approximately 20 pages @ 3.65 per page $73.00

As you can see, I was the court reporter only on one of the requested days that you are seeking. I am also willing to transcribe from the FTR recordings. In order for me to complete these requests, I would need a deposit of $150.00. Upon completion of the transcripts, I will formulate a final invoice and let you know the balance and then the transcripts will be ready for pick up in the Clerk's Office or I could email them directly to you. At that time, they will also be filed with the Clerk of the Court.

I believe that Mr. Leogrande's phone number is in the telephone book. His residence is located in Ontario, but I have no information for him.

Hope this satisfies your inquiry. If you have any other questions, please let me know,.

Karen Bush
Official Court Reporter

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** "John A. Geiger" <jgeiger1@rochester.rr.com>
**Date:** Wed, 09 May 2012 13:58:38 -0400
**To:** Karen_Bush@nywd.uscourts.gov

Ms. Bush,

Thank you for your April 27, 2012 email response to my snail mail letter of February 22, 2012. I want to apologize for how long it has taken me to respond to your email and more importantly for the multiple grammatical errors in that letter that almost changed the letter's logic in certain places. Thank you for not allowing these grammatical errors to impact your response to me.

Even though I would like to have this process move as quickly as possible, it cannot because I have several follow up questions and comments. These are below in the order in which the topic appears in your email.

An employee at the office of the Clerk of the District Court gave me Mr. LeoGrande's home telephone number in early 2010. I felt terrible calling him at his home back then, and I immediately had the feeling that he did not appreciate my call. Mr. LeoGrande was almost laughing when he told me about a fire at his home that destroyed the hard drive that held the required files. He said he would get back to me, and not surprisingly, never did. I looked online yesterday and could not find a current, 2012 telephone number for Mr. LeoGrande. The two numbers I had for him from 2010 are not in service. That hardly matters because I do not believe contacting him today would be any more successful than in 2010. Do you? I am willing to try so if you do have his home telephone number, can you please let me have it? If some law or regulation prevents you from doing so, can you please let me know for sure where it can be found? With the constant deterioration of my hands, my apartment has become a hardcopy book free zone. Perhaps I should go back to the office of the Clerk of the District Court. They also gave me your home number once even though you are still working there (please see attached which I blacked out for your privacy), which seemed very unusual.

I find it hard to believe that the transcripts of court hearings from a United States District Court, or whatever medium exists from which the transcriptions are made, are not held by the Federal Court in question. What happens if the court reporter dies? What if the court reporter is fired and has an ax to grind? In addition, I am shocked that I cannot get transcripts from a case that was heard in the courtroom of the Honorable Judge Charles J. Siragusa. Judge Siragusa's courtroom was the subject of an August 10, 2006 *Daily Record* article extolling how his courtroom has the capability of "realtime reporting" and uses "courtroom of the future" technology.

Please correct me if I am wrong; it seems as though you state that you are only responsible for a transcript if you were present at the actual courtroom hearing. You state that you are "willing to transcribe from the FTR recordings." However, the District Court's website clearly states "Orders for production of transcripts should be directed to the official court reporter assigned to the appropriate judge." On that point, I apologize for missing the Judge Payson assignment; please let me know if I should approach Catherine A. Marr, the courtroom deputy for Magistrate Judge

Payson for the transcript of the 8/24/2010 Scheduling Conference.

Lastly, please let me know what forms(s) of payment the District Court accepts for the deposit. I want these transcripts enough that I am willing to pay the full price even though most of these transcripts were originally ordered in June 2010.

Let me know if you have any questions or require anything further from me concerning these transcripts. I look forward to hearing from you concerning these transcripts. Thank you.

John A. Geiger

John A. Geiger
328 East Main Street
Apartment 322
Rochester, New York 14604



CERTIFIED MAIL

7010 3090 0001 7635 5652

STATION
MAY 10 20
USPS

UNITED STATES
POSTAL SERVICE

10007

U.S. POSTAGE
PAID
ROCHESTER, NY
14607
MAY 10. '12
AMOUNT
$3.40
00061318-10



Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second
Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

10007$1561 C014

# Exhibit 5 -
# Transcript Status
# Update Letter
# Dated June 22, 2012
# (Case 11-652, Doc 91)

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

June 22, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE:   Transcript Status Letter for Circuit *Case 11-652 Geiger v. Alstom and The Hartford Life*

Dear Ms. Wolfe:

I am the appellant in the above case, and this letter is an update to the United States Court of Appeals for the Second Circuit (hereafter the Circuit Court) about the status of the transcripts that have been ordered for my case in United States District Court for the Western District of New York (District Court). Per the attached June 20, 2012 email from the Official Court Reporter for the Honorable Judge Charles J. Siragusa, who was the presiding judge for the Distinct Court case, I should receive three of the six transcripts by June 29, 2012. Unfortunately, the remaining three transcripts may be forever lost, and I need the Court's guidance concerning what to do. I will be contacting my case manager soon for guidance. Two of these remaining three transcripts are the ones that I have most wanted to obtain. This is an unbelievable situation.

The attached April 27, 2012 email indicates that I should look in the phone book to find the court reporter that was present when the remaining transcripts were taken. If this former District Court employee is the only source of the remaining three transcripts then I believe there is no chance of obtaining them. This is the same person that I contacted in late 2007 and that laughed while telling me that the transcripts were on a computer hard drive that was lost in a fire. However, I did leave a message at this person's phone number because there is no harm in trying. Of note, I need to apologize to the Court for possibly holding these proceedings up because I looked up this person's name on line in the telephone white pages and he was not there. No one has the hard copy telephone book these days. It was not until Thursday June 21, 2012 that I was at a library and checked their phone book and there was a listing. However, I do not believe this person will be of any help because he seems to be a very disgruntled former employee of the Court.

I find it hard to believe that the District Court allows this to happen. In addition, I find it incredible that the payment for the transcripts goes to the Official Court Reporter and not the District Court. Heaven forbid, but what if the current reporter suddenly died?

Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

*John A. Geiger, pro se*

John A. Geiger, *pro se*

Attachments

cc:    Kimberly Gay
       Michael Bernstein

JAG/coc06222012

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** Karen_Bush@nywd.uscourts.gov
**Date:** Wed, 20 Jun 2012 17:33:00 -0400
**To:** "John A. Geiger" <jgeiger1@rochester.rr.com>

Mr. Geiger,
I will be working on these transcripts next week. Hopefully will have them completed by Friday for you.
Thanks
Karen Bush

**Subject:** Geiger vs. Alstom Signaling
**From:** Karen_Bush@nywd.uscourts.gov
**Date:** 4/27/2012 3:01 PM
**To:** jgeiger1@rochester.rr.com


Mr. Geiger,
I am responding to your letter dated February 22, 2012 requesting transcripts in the above referenced case, docket 06CV6561. I have looked up each of the dates you are requesting to have transcribed and they are as follows:

4/25/2007, Motion Hearing - taken by Court Reporter Francis Leogrande
6/13/2007, Status Conference - taken by Court Reporter Francis Leogrande
7/16/2007, Status conference - taken by Court Reporter Francis Leogrande


11/29/2007, Motion Hearing - taped from Electronic Recording Device - approximately 20 pages @ 3.65 per page $73.00
8/24/10, Scheduling Conference - taped from Electronic Recording Device - approximately 10 pages @ 3.65 per page $36.50

4/1/2010, Motion Hearing - taken my Court Reporter Karen Bush (myself) approximately 20 pages @ 3.65 per page $73.00

As you can see, I was the court reporter only on one of the requested days that you are seeking. I am also willing to transcribe from the FTR recordings. In order for me to complete these requests, I would need a deposit of $150.00. Upon completion of the transcripts, I will formulate a final invoice and let you know the balance and then the transcripts will be ready for pick up in the Clerk's Office or I could email them directly to you. At that time, they will also be filed with the Clerk of the Court.

I believe that Mr. Leogrande's phone number is in the telephone book. His residence is located in Ontario, but I have no information for him.

Hope this satisfies your inquiry. If you have any other questions, please let me know,.

Karen Bush
Official Court Reporter

Case: 11-652   Document: 100   Page: 95   11/14/2012   775258   232

John A. Geiger
328 East Main Street
Apartment 322
Rochester, New York 14604



CERTIFIED MAIL™

7010 3090 0001 7635 8417



U.S. POSTAGE
PAID
ROCHESTER, NY
14607
JUN 25, 12
AMOUNT

**$3.40**
00075172-08

Kimberly Gay
Office of the Clerk for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

10007$1502 C014       

# Exhibit 6 -
# Motion Order
# Dated June 28, 2012
# (Case 11-652, Doc 92)

W.D.N.Y.
06-cv-6561
Siragusa, J.

# United States Court of Appeals

FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of June, two thousand twelve.

Present:

> Ralph K. Winter,
> Chester J. Straub,
> Denny Chin,
> *Circuit Judges.*

---

John A. Geiger,

> *Plaintiff-Appellant,*

v.                                                    11-652

The Hartford Life Insurance Company,

> *Defendant-Appellee,*

Alstom Signaling Inc.,

> *Defendant.*

---

Appellant, *pro se*, moves for reconsideration of this Court's February 21, 2012 scheduling order and for an order directing the district court to prepare transcripts and file them in this Court. We construe Appellant's motion for reconsideration as a motion for an extension of time to file his appellate brief, and his request for an order directing the district court to prepare and file transcripts as a petition for writ of mandamus and motion for leave to proceed *in forma pauperis*.

Upon due consideration, it is hereby ORDERED that Appellant's motion for an extension of time to file his appellate brief is GRANTED. Within 14 days of the date of entry of this order, Appellant

SAO-APK

shall, regardless of whether he has received any transcripts: (a) provide proof that he has arranged payment for all available transcripts; and (b) file a scheduling notification with this Court, setting a deadline for his appellate brief that is within 121 days of the date of his scheduling notification. Appellant will not be required to provide the transcripts for three 2007 proceedings that are unavailable due to the destruction of former court reporter Francis Leogrande's notes, as the record reflects that the lack of those transcripts will not make it "impossible for [this Court] to determine if the district court has committed reversible error." *United States v. Weisser*, 417 F.3d 336, 343 (2d Cir. 2005) (internal quotation marks and citation omitted). No further extensions will be granted.

It is further ORDERED that Appellant's motion for leave to proceed *in forma pauperis* is GRANTED for the limited purpose of filing his construed petition for a writ of mandamus directing the district court to prepare and file transcripts, and that the petition is DENIED, as we have been advised by the district court's current court reporter, Karen Bush, that she has been in contact with Appellant regarding the preparation and delivery of available transcripts, and provided him with the information necessary for arranging payment. *See Kerr v. U.S. Dist. Court*, 426 U.S. 394, 403 (1976).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

# Exhibit 7 - Order Dated August 15, 2012 (Case 11-652, Doc 97)

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of August, two thousand and twelve.

John A. Geiger,

      *Plaintiff-Appellant,*

v.

The Hartford Life Insurance Company,

      *Defendant-Appellee.*

**ORDER**

Docket No.: 11-652

In the order dated June 28, 2012, the appellant was directed to provide proof that he has arranged payment for all available transcripts and he was also directed to file a scheduling notification setting a deadline for his appellate brief. Appellant has failed to comply with the June 28, 2012 order. Upon consideration thereof, IT IS HEREBY ORDERED that the appellant's brief and appendix must be filed on or before September 24, 2012. The appeal will be dismissed effective September 24, 2012 if appellant defaults in filing a brief.

For the Court:

Catherine O'Hagan Wolfe,
Clerk of Court

# Exhibit 8 - Letter, Dated September 28, 2012 on Behalf of Appellant John A. Geiger (Case 11-652, Doc 103)

CV

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

September 28, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE: *Geiger v. Alstom Signaling Inc. and The Hartford Life Insurance Co.*
    Docket No.:      11-652-cv
    SDMA File No.:   02489-000073

Dear Ms. Wolfe:

I am the appellant in the above case. I am in the process of preparing a motion to the United States Court of Appeals for the Second Circuit (hereinafter "Court") requesting reconsideration of both the Court's June 28, 2012 motion order and the August 15, 2012 order. This motion will show the Court that on June 27, 2012 I dislocated my right hip and was in either a hospital or an orthopedic rehabilitation facility from June 27, 2012 until July 3, 2012 and again from July 5, 2012 until August 20, 2012. It will take me months to recover from this ordeal. I began work on the current motion around September 10 hoping to file it before the September 24, 2012 deadline for my appellate brief created by the August 15, 2012 order. I just could not do it.

Please do not dismiss my case. I am working as hard as I can to put together something organized and coherent. I believe I will be able to finish and file this motion by October 15, 2012.

Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

*John A. Geiger*

John A. Geiger, *pro se*

Attachments

cc:    Kimberly Gay
       Michael Bernstein
JAG/coc09282012

# Exhibit 9 -
# Notice of Defective Filing
# Dated October 17, 2012
# (Case 11-652, Doc 105)

United States Court of Appeals for the Second Circuit
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**DENNIS JACOBS**
CHIEF JUDGE

**CATHERINE O'HAGAN WOLFE**
CLERK OF COURT

Date: October 17, 2012
Docket #: 11-652cv
Short Title: Geiger v. Alstom Signaling Inc. et al

DC Docket #: 06-cv-6561
DC Court: WDNY (ROCHESTER)
DC Judge: Payson
Siragusa

## NOTICE OF DEFECTIVE FILING

On October 16, 2012 the motion to extend time was submitted in the above referenced case.
The document does not comply with the FRAP or the Court's Local Rules for the following reason(s):

_____ Failure to submit acknowledgment and notice of appearance *(Local Rule 12.3)*
_____ Failure to file the Record on Appeal *(FRAP 10, FRAP 11)*
\_\_\_X\_\_\_ Missing motion information statement *(T-1080 - Local Rule 27.1)*
_____ Missing supporting papers for motion (e.g, affidavit/affirmation/declaration) *(FRAP 27)*
_____ Insufficient number of copies *(Local Rules: 21.1, 27.1, 30.1, 31.1)*
_____ Improper proof of service *(FRAP 25)*
    \_\_\_X\_\_\_ Missing proof of service
    _____ Served to an incorrect address
    _____ Incomplete service *(Anders v. California 386 U.S. 738 (1967))*
_____ Failure to submit document in digital format *(Local Rule 25.1)*
_____ Not Text-Searchable *(Local Rule 25.1, Interim Local Rules 25.2),* click here
    for instructions on how to make PDFs text searchable
_____ Failure to file appendix on CD-ROM *(Local Rule 25.1, Interim Local Rules 25.2)*
_____ Failure to file special appendix *(Local Rule 32.1)*
_____ Defective cover *(FRAP 32)*
    _____ Incorrect caption *(FRAP 32)*
    _____ Wrong color cover *(FRAP 32)*
    _____ Docket number font too small *(Local Rule 32.1)*
    _____ Incorrect pagination, click here for instructions on how to paginate PDFs
_____ Incorrect font *(FRAP 32)*
_____ Oversized filing *(FRAP 27 (motion), FRAP 32 (brief))*
_____ Missing Amicus Curiae filing or motion *(Local Rule 29.1)*
_____ Untimely filing
_____ Incorrect Filing Event
\_\_\_X\_\_\_ Other: Please submit motion to reinstate the appeal in addition to your motion for

extension of time to file brief and appendix.

Please cure the defect(s) and resubmit the document, with the required copies if necessary, no later than November 7, 2012.  The resubmitted documents, if compliant with FRAP and the Local Rules, will be deemed timely filed.

Failure to cure the defect(s) by the date set forth above will result in the document being stricken. An appellant's failure to cure a defective filing may result in the dismissal of the appeal.

Inquiries regarding this case may be directed to 212-857-8523.

John A. Geiger
328 East Main Street
Apartment 322
Rochester, New York 14604



7010 3090 0001 7636 8577



U.S. POSTAGE
PAID
ROCHESTER,NY
14607
SEP 29 .'12
AMOUNT

**$3.40**
00075172-09

Catherine O'Hagan Wolfe
Clerk of the Court for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

10007150299

# Exhibit 10 -
# Draft Wording of the
# John A. Geiger
# July 13, 2012
# Email to the Court

Please forward this email to Kimberly Gay, Case Manager.  Thank you.

On Wednesday June 27, 2012 at 9:00PM, I dislocated my right hip while at home in bed in a perfectly safe position that was well within "the rules."  I have had multiple revisions to both my right and left hips and there are several rules that I must live by including no hip flexion over 90 degrees, not crossing my legs and no internal or external rotation.  Since that time, I have dislocated 7 more times with 6 of them taking place at the hospital.  A few of the dislocations have been in the presence of professionals who have been shocked that a hip could dislocate that easily.  Consequently, I have had 8 surgical procedures but only one was invasive.  I am writing this email waiting to have massive hip surgery on Wednesday July 11, 2012 at 2:00PM that should allow me to maintain the lifestyle I had.  Given that my lifestyle was very "low key" since I was power wheelchair bound and only used my legs for pivot like transfers and to stand in place, several typically higher risk surgeries are options for my right hip.  I have yet to decide which of the 3 surgeries I prefer.  My surgeon has told me that I will need 6 to 8 weeks of rehabilitation after the surgery.  I hope I can return to my apartment.  Between the general anesthetic and the Dilaudid that I receive every 2 hours, I am rarely coherent.  It has been 2 incredible weeks.

I cannot possibly work on my litigation at this time.  I am trying to get something type of digital document that I can attach to this email as some type of proof of what I am going through but because of the HIPPA laws have yet to get anything.  I will be sending you proof of my medical condition as soon as I can.

Please accept this email as a delay in my litigation of at least 90 to 120 days.  I am sorry both that I have to make such a request and that I could not make such a request in a more suitable format.

I am currently in Room 6851B of Unit 6800 at the Rochester General Hospital, 1425 Portland Avenue, Rochester, New York 14621 (585) 922-4000.

Thank you for your understanding in this matter.

John A. Geiger

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

# Exhibit 11 -
# A Read Return Receipt
# for the
# John A. Geiger
# July 13, 2012
# Email to the Court

**Subject:** Read: Civil Case 11-652 John A. Geiger v Alstom Signaling Inc. and The Hartford Life Insurance Company
**From:** "Bernstein, Michael" <Michael.Bernstein@sedgwicklaw.com>
**Date:** Fri, 13 Jul 2012 14:45:28 -0400
**To:** "John A. Geiger" <jgeiger1@rochester.rr.com>

```
Your message

  To:     prosecases@ca2.uscourts.gov; Bernstein, Michael
  Subject: Civil Case 11-652 John A. Geiger v Alstom Signaling Inc. and
The Hartford Life Insurance Company
  Sent:    Fri, 13 Jul 2012 14:41:07 -0400

was read on Fri, 13 Jul 2012 14:45:28 -0400


_____


The information in this email is intended for the named
recipients only.  It may contain privileged and confidential
matter.  If you have received this email in error, please
notify the sender immediately by replying to this email.
Do not disclose the contents to anyone.  Thank you.

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance
with Treasury Department regulations, we inform you that
any U.S. federal tax advice contained in this correspondence
(including any attachments) is not intended to be used, and
cannot be used, for the purpose of (i) avoiding penalties that
may be imposed under the U.S. Internal Revenue Code or
(ii) promoting, marketing or recommending to another party
any transaction or matter addressed herein.



_____


Final-Recipient: RFC822; Michael.Bernstein@sedgwicklaw.com
Disposition: automatic-action/MDN-sent-automatically; displayed
X-MSExch-Correlation-Key: 0dwFBsAUcEy4sS6AP8Em0g==
Original-Message-ID: <50006BC3.3050201@rochester.rr.com>
```

| Part 1.2 | **Content-Type:** | message/disposition-notification |
|----------|-------------------|----------------------------------|
|          | **Content-Encoding:** 7bit | |

# Exhibit 12 - John A. Geiger July 26, 2012 Email to the Court (includes the Dr. Bessette "To Whom It May Concern" Letter Dated July 9, 2012)

**Subject:** Civil Case 11-652 John A. Geiger v Alstom Signaling Inc. and The Hartford Life Insurance Company
**From:** <jgeiger1@rochester.rr.com>
**Date:** Thu, 26 Jul 2012 19:18:13 -0400
**To:** prosecases@ca2.uscourts.gov, michael.bernstein@sedgwicklaw.com

Please forward this email to Kimberly Gay, Case Manager.  Thank you.

As I previously stated in my July 13, 2012 email, my life changed drastically on Wednesday June 27, 2012.  I am trying very hard to make it a temporary change, but my health team is not sure yet.  The surgery I had on Wednesday July 11, 2012 was a qualified success, but my orthopedic surgeon is being extremely careful with me because of the sheer number of surgeries I have had on that hip over the last 40 years.

I am currently in a rehabilitation unit, which is a health care facility for someone who is too medically stable to remain in a hospital but not healthy enough to go directly home.  My surgeon may want me to stay here until the "soft tissue" in the hip heals, so I could be here for another 4 to 6 weeks.  Attached is the letter I promised you in my July 13, 2012 email.  It is from Dr. G. Bessette, my orthopedic surgeon; but regrettably, I believe due to HIPPA regulations does not tell why I will not be able to do anything for the next few months.  Rather it simply states that I will not be able to do my normal routine.  All I can tell the United States Court of Appeals for the Second Circuit is I am using every ounce of my energy and will to get myself back into my apartment and to my pre June 27, 2012 condition.

While I am recuperating, I cannot possibly work on my litigation at this time.  I have not received my mail from home yet but I am expecting to receive all of my mail from June 26, 2012 until July 26, 2012 in the next few days.  I am not sure of the status of the transcripts.  I honestly do not know what to say other than that I am overwhelmed.

Therefore, please accept this email as a request for a continuing delay in my litigation.  Due to the extreme nature of my incapacity, I do not believe I can make any effort on my litigation until at least November 1, 2012.  At that time, if everything goes according to plan I will contact the Court concerning the transcripts that may not be available whatsoever - an incredible situation.  I continue to be sorry both that I have to make such a request and that I could not make such a request in a more suitable format.  I had a great deal of difficulty getting someone to help me scan the letter from my surgeon so I could attach the digital copy to this email.  I have no access to a printer, but I am going to try to get a hard copy of the surgeon's letter with a suitable cover letter to the Court.

I am currently a resident at St. Anne's Transitional Care Center, Room 2112, St. Ann's Community, 1500 Portland Avenue, Rochester, New York 14621 (585) 697-6000, but please do not change my mailing address on the case.  Thank you for your continued understanding in this matter.

John A. Geiger
328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

| Dr Bessette 07092012 Letter.pdf | Content-Type: | application/pdf |
|---|---|---|
| | Content-Encoding: | base64 |



Rochester Community
**Orthopaedics**

| | |
|---|---|
| Timothy J. Clader, M.D. | (585) 218-9651 |
| David A. Carrier, M.D. | (585) 218-9237 |
| Gary C. Bessette, M.D. | (585) 218-0708 |
| Rola H. Rashid, M.D. | (585) 218-0224 |
| General Number | (585) 218-4337 |
| Fax | (585) 267-4037 |
| Answering Service | (585) 258-0009 |

20 Hagen Drive • Suite 110 • Rochester, New York 14625 • www.rochestercommunityortho.com

July 9, 2012

TO WHOM IT MAY CONCERN:

**Re: John Geiger**
**DOB 09/06/60**

Mr. John Geiger has been hospitalized over the past 2 weeks due to complications from right hip replacement surgery. He will be completely incapacitated for at least the next 2-3 months as a result of his surgery. During this time he will not be able to carry out his affairs as he normally would.

Sincerely,

Gary C. Bessette, M.D.
GCB/lmd

# Exhibit 13 -
# Dr. Bessette
# "To Whom It May Concern"
# Letter
# Dated September 12, 2012



Rochester Community
**Orthopaedics**

Timothy J. Clader, M.D.      (585) 218-9651
David A. Carrier, M.D.       (585) 218-9237
Gary C. Bessette, M.D.       (585) 218-0708
Rola H. Rashid, M.D.         (585) 218-0224
General Number               (585) 218-4337
Fax                          (585) 267-4037
Answering Service            (585) 258-0009

**20 Hagen Drive • Suite 110** • Rochester, New York 14625 • www.rochestercommunityortho.com

September 12, 2012

To Whom It May Concern:

**Re: John Geiger**
**DOB 09/06/60**

I am the *orthopaedic* surgeon presently caring for Mr. John Geiger as a result of his severe and recurrent right hip problems. Mr. Geiger is a 52 year old gentleman with juvenile onset arthritis who has had a very lengthy and complicated orthopaedic course through the years. I first met Mr. Geiger on June 28, 2012 as a result of a hip dislocation which occurred quite atraumatically. This was reduced but he went on to multiple further dislocations even while he was still hospitalized. His treatment required two open surgical procedures in order to keep the hip reduced. During this time between the dates of June 27, 2012 and July 20, 2012 Mr. Geiger was confined at bed rest on pain medications all during this time and completely incapacitated because of his multiple right hip surgeries. Only very recently has Mr. Geiger returned to his home after a transitional stay at St. Ann's for rehabilitation until August 10th. Mr. Geiger is still very limited in his ambulatory ability secondary to motorized wheelchair and admittedly quite cumbersome brace that he has to wear while his hip is still healing.

At baseline Mr. Geiger is what we call a wheelchair ambulator meaning that he requires motorized wheelchair for simple daily mobilization. Since I first met him on June 28th of this year his mobility has been even further impaired because of his hip. Mr. Geiger has always been very cooperative during his treatment despite the need for multiple procedures and surgeries and has never exhibited any behavior that I would interpret as indicative of lack of motivation, will or spirit. I understand that he has missed some deadlines with respect to his court case but hopefully this explanation of the extenuating circumstances involved can allow you to best evaluate his situation.

Sincerely,

Gary C. Bessette, M.D.
GCB/lmd

Rochester Community
Orthopaedics

20 Hagen Drive • Suite 110 • Rochester, New York 14625

John Geiger

# Exhibit 14 - John A. Geiger September 24, 2012 Email to the Court

Subject: Case 11-652 Geiger v Alstom Signaling and The Hartford
From: "John A. Geiger" <jgeiger1@rochester.rr.com>
Date: Mon, 24 Sep 2012 19:19:39 -0400
To: prosecases@ca2.uscourts.gov, michael.bernstein@sedgwicklaw.com

Please forward this email to Kimberly Gay, Case Manager.  Thank you.

As you know from my previous July 13, 2012 and July 26, 2012 emails, I have been going through a health crisis for the last few months.  I have pushed hard to put together a motion with supporting papers and send it by Express Mail by today and I failed.  I exhausted myself pushing so hard.  I'm only a few days away, so please do not dismiss my case until the Court reviews this package which will explain why I missed the deadlines for both the June 28, 2012 motion order and the August 15, 2012 order.

Thank you for your help in this matter.

John A. Geiger

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

# Exhibit 15 -
# John A. Geiger
# October 12, 2012
# Letter to the Court

328 East Main Street
Apartment 322
Rochester, New York 14604
jgeiger1@rochester.rr.com

October 12, 2012

Catherine O'Hagan Wolfe, Clerk of the Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall U. S. Courthouse
40 Foley Square
New York, New York 10007

RE:    *Geiger v. Alstom Signaling Inc. and The Hartford Life Insurance Co.*
       Docket No.:       11-652-cv
       SDMA File No.:    02489-000073

Dear Ms. Wolfe:

I am the *pro se* appellant in the above case. This letter supersedes my September 28, 2012 letter to the United States Court of Appeals for the Second Circuit, in which I gave the Court a tentative filing date of October 15, 2012 for my motion to reconsider both the Court's June 28, 2012 and August 15, 2012 orders. Subsequent to that letter, the Court dismissed the case on October 3, 2012. Due to this dismissal, as well as my ongoing but temporary health issues, the October 15, 2012 filing date is no longer viable.

I would like to remind the Court that I am working to regain a level of daily activity that qualifies as totally and permanently disabled per the guidelines of both the Social Security Administration and Appellee Hartford Life Insurance Company. Regardless, I assure you, I am doing my best.

Thank you for your consideration in this matter. Please feel free to contact me at the above snail mail or email addresses or at (585) 747-7352 if you have any comments or questions.

Respectfully submitted,

John A. Geiger, *pro se*

cc:    Connie Mazariego
       Michael Bernstein
JAG/coc10122012



    English     —     Customer Service     USPS Mobile                                     Register / Sign In     ▾

 USPS.COM

Search USPS.com or Track Packages    🔍

 Quick Tools        Ship a Package ▾        Send Mail ▾        Manage Your Mail ▾        Shop ▾        Business Solutions ▾

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|---|
| 70103090000176360793 | i | First-Class Mail® | Delivered | October 16, 2012, 12:15 pm | NEW YORK, NY 10007 | **Expected Delivery By:** October 16, 2012 Certified Mail™ |
| | | | Depart USPS Sort Facility | October 15, 2012 | NEW YORK, NY 10199 | |
| | | | Processed at USPS Origin Sort Facility | October 14, 2012, 10:00 pm | NEW YORK, NY 10199 | |
| | | | Dispatched to Sort Facility | October 13, 2012, 12:05 pm | ROCHESTER, NY 14603 | |
| | | | Acceptance | October 13, 2012, 11:25 am | ROCHESTER, NY 14603 | |

## Check on Another Item

What's your label (or receipt) number?

 Find

### LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

### ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

### ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

### OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.



U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (Endorsement Required) | | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 |
| Total Postage & Fees | $ | $3.40 |

10/13/2012

Sent To
CONNIE MAZARIEGO SEC 242 CLERK
Street, Apt. No.; or PO Box No.
OFFICE U CLERK 40 FULEY SQUARE
City, State, ZIP+4
NEW YORK NEW YORK 1000 7

PS Form 3800, August 2006          See Reverse for Instructions

7010 3090 0001 7636 0779



English  ▾   Customer Service    USPS Mobile                                    Register / Sign In  ▾

# USPS.COM

Search USPS.com or Track Packages  🔍

Quick Tools    Ship a Package ▾    Send Mail ▾    Manage Your Mail ▾    Shop ▾    Business Solutions ▾

## Track & Confirm

GET EMAIL UPDATES    PRINT DETAILS



| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70103090000176360779 | First-Class Mail® | Delivered | October 16, 2012, 12:15 pm | NEW YORK, NY 10007 | Expected Delivery By: October 16, 2012 Certified Mail™ |
| | | Depart USPS Sort Facility | October 15, 2012 | NEW YORK, NY 10199 | |
| | | Processed at USPS Origin Sort Facility | October 14, 2012, 10:00 am | NEW YORK, NY 10199 | |
| | | Dispatched to Sort Facility | October 13, 2012, 12:05 pm | ROCHESTER, NY 14603 | |
| | | Acceptance | October 13, 2012, 11:26 am | ROCHESTER, NY 14603 | |

### Check on Another Item

What's your label (or receipt) number?

Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.





English ▼     Customer Service     USPS Mobile                    Register / Sign In ▼

# USPS.COM®

Search USPS.com or Track Packages 🔍

Quick Tools    Ship a Package ▾   Send Mail ▾   Manage Your Mail ▾   Shop ▾   Business Solutions ▾

# Track & Confirm

GET EMAIL UPDATES     PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 70103090000176360786 | First-Class Mail® | Arrival at Unit | October 15, 2012, 8:38 am | NEW YORK, NY 10004 | Expected Delivery By: October 16, 2012 Certified Mail™ |
| | | Depart USPS Sort Facility | October 15, 2012 | NEW YORK, NY 10199 | |
| | | Processed at USPS Origin Sort Facility | October 14, 2012, 11:37 pm | NEW YORK, NY 10199 | |
| | | Dispatched to Sort Facility | October 13, 2012, 12:05 pm | ROCHESTER, NY 14603 | |
| | | Acceptance | October 13, 2012, 11:26 am | ROCHESTER, NY 14603 | |

## Check on Another Item

What's your label (or receipt) number?



Find

**LEGAL**
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

**ON USPS.COM**
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

**ON ABOUT.USPS.COM**
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

**OTHER USPS SITES**
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.

# Exhibit 16 -
# Rochester General Hospital
# July 3, 2012
# Discharge Papers

Geiger, John A (MR # 1436146)

---

Select Font Size ⊗

## Rochester General Health System

**Rochester General Hospital 1425 Portland Avenue, Rochester, NY 14621 (585) 922-4000**

**Newark-Wayne Community Hospital 111 Driving Park Avenue Newark, NY 14513 (315) 332-2022**

## Discharge Instructions                                              John A Geiger

### Admission Information

| | Provider | Department | Dept Phone |
|---|---|---|---|
| 6/27/2012 | Gary C Bessette, MD | Rgh 6800 | 585-922-4000 |

### Allergies as of 7/3/2012

Reactions

**Clinoril (Sulindac)**
**Morphine**

### Discharge Instructions

#### ORTHOPEDIC DISCHARGE INSTRUCTIONS FOR HOME

**Surgeon:** Dr. Bessette

**Procedure:** Right THA Reduction followed by THA revision

**Medication:**

Patient instructed to ask pharmacy about proper storage, refill and disposal of medications.
Patients and families: please discard old medication lists and update any records with all
medication providers and/or retail pharmacies.
Take prior medications unless directed not to by your doctor. Call your doctor with any questions.

COUMADIN DOSING:
*Last INR date: 7/3/12*
Last INR result: 1.9
Goal INR range: 1.5-2.5
Suggested Coumadin (warfarin) dose: 2.5mg
Indication for Coumadin: Help prevent blood clots after surgery
Anticipated duration of Coumadin: 5 weeks
**Your Coumadin dose may change** depending on the lab results (INR blood level). Your doctor
will call you if the dose needs to be changed.

**Follow up labs:**
Repeat PT/INR blood draws every Monday and Thursday.

**Follow up Care Appointments**
Please call the office on Monday to schedule your follow-up visit with your surgeon unless already
arranged.
For prescription renewals, please contact your surgeon whenever possible. If needed, please
contact the Orthopedic PA through the Rochester General Hospital main line, 585-922-4000.
Remember to contact your primary care physican (and any other specialists involved in your
overall care) for your ongoing medical health maintenance.

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

Geiger, John A (MR # 1436146)

Physical Activity:
Do not cross legs.
Place pillow between legs when sleeping.
You should walk daily, gradually increasing the time and distance as tolerated. Short, more frequent activities are better than one long activity. You should not stay in one position for longer than two hours during the day, whether this is laying or sitting. It will contribute to your back stiffness and achiness.
You may go up and down stairs.
Do not lift more than 10 pounds. These restrictions will be re-evaluated at your post-operative appointment.
Follow the exercise and mobility instructions provided during your physical therapy sessions.

Weight bearing status: WBAT

Assistive devices needed: ~~Brace that was fitted for you by ROL~~, walker, scooter

Diet: resume your usual diet

**Special Considerations**
**Do not** use illegal drugs.
**Do not** drink alcohol to excess.

Smoking
SMOKING INHIBITS NEW BONE GROWTH AND CAN DELAY WOUND HEALING, THEREBY COMPROMISING THE SUCCESS OF YOUR SURGERY.
We strongly encourage all patients **not to smoke**. If you have stopped smoking, **do not start again**. If you are currently smoking, information on **How to Stop Smoking** is provided in your admission packet.

Bowel Habits
You *should* drink plenty of fluids and use a stool softener or laxative as needed to ensure regular bowel movements. If you have not had a bowel movement 3-4 days after your surgery, please obtain a laxative to maintain regularity. These are available over the counter from your pharmacy.

Complications
Call our office if any of these occur:
* Persistent fever > 102.5 degrees
* Excessive or persistent drainage
* Reddness or swelling around the wound
* Pain not relieved with rest or medication

The American Academy of Orthopedic Surgeons recommends the use of antibiotics prior to certain dental procedures, including standard cleanings, for a minimum of tow years after your Orthopedic surgery. Please contact your doctors to see if pre-dental antibiotics are right for you.

Your Orthopedic surgeon recommends routine bone mineral testing for Osteoporosis within the next year, if you are the age of 65 or older. Additionally, routine screening should begin at 60 years of age if you are at increased risk for broken bones (fractures) caused by osteoporosis.

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

Please discuss obtaining DEXA scan with your Primary Care Physician at your next visit.


Call for Doctors  Appointment
Please call the office tomorrow for follow-up care unless already arranged.
**Office #:** Dr. Bessette 218-0708

Follow-up Information

**Make an appointment with Gary C Bessette, MD.**
Contact information:
  20 Hagen Dr #110
  Rochester New York 14625
  585-218-0708

# Discharge Medications: Please check the box and indicate the time for the next dose (s).

**Current Discharge Medication List**

START taking these medications

| | Details | AM | Noon | PM | Bedtime |
|---|---|---|---|---|---|
| oxyCODONE-acetaminophen (PERCOCET) 5-325 mg Oral per tablet | Take 1-2 tablets by mouth every 4 (four) hours as needed for Pain for 10 days. Quantity: 100 tablet Refills: 0 Start date: 7/3/12, End date: 7/13/12 | [ ] | [ ] | [ ] | [ ] |
| warfarin (COUMADIN) 2.5 MG Oral tablet | Take 1 tab by mouth daily at 6pm for 35 days. This dose may change depending on your PT/INR lab draws. Quantity: 30 tablet Refills: 11 Start date: 7/3/12 | [ ] | [ ] | | [ ] |

CONTINUE these medications which have NOT CHANGED

| | Details | AM | Noon | PM | Bedtime |
|---|---|---|---|---|---|
| adalimumab (HUMIRA) 40 mg/0.8 mL SubQ injection | Inject 40 mg into the skin every 14 (fourteen) days. | [ ] | [ ] | [ ] | [ ] |
| ALENDRONATE SODIUM (ALENDRONATE ORAL) | Take 70 mg by mouth once a week. | [ ] | [ ] | [ ] | [ ] |
| AMOXICILLIN ORAL | Take 500 mg by mouth 3 (three) times daily. | [ ] | [ ] | [ ] | [ ] |
| azelastine 137 mcg Nasal nasal spray | 1 spray by Nasal route 2 (two) times daily. Use in each nostril as directed | [ ] | [ ] | [ ] | [ ] |
| CALCIUM CARBONATE/VITAMIN D3 (OS-CAL 500 + D ORAL) | Take 1,200 mg by mouth 2 (two) times daily. | [ ] | [ ] | [ ] | [ ] |
| docusate sodium 100 MG Oral capsule | Take 100 mg by mouth 2 (two) times daily. | [ ] | [ ] | [ ] | [ ] |
| fentaNYL 100 mcg/hr TD patch | Place 1 patch onto the skin every third day. | [ ] | [ ] | [ ] | [ ] |
| fentaNYL 25 mcg/hr TD patch | Place 1 patch onto the skin every third day. | [ ] | [ ] | [ ] | [ ] |
| FLUOXETINE HCL (FLUOXETINE ORAL) | Take 40 mg by mouth every morning. | [ ] | [ ] | [ ] | [ ] |
| folic acid 1 MG Oral tablet | Take 1 mg by mouth daily. Except with methotrexate | [ ] | [ ] | [ ] | [ ] |
| GABAPENTIN (NEURONTIN ORAL) | Take 600 mg by mouth 3 (three) times daily. | [ ] | [ ] | [ ] | [ ] |
| HYDROCHLOROTHIAZIDE ORAL | Take 25 mg by mouth every morning. | [ ] | [ ] | [ ] | [ ] |
| indomethacin 75 mg Oral CR capsule | Take 75 mg by mouth 2 (two) times daily with meals. Indications: Rheumatoid Arthritis | [ ] | [ ] | [ ] | [ ] |
| LISINOPRIL ORAL | Take 20 mg by mouth daily. | [ ] | [ ] | [ ] | [ ] |
| methotrexate 2.5 MG Oral tablet | Take 2.5 mg by mouth 0900 Sun,T,Th,Sat. | [ ] | [ ] | [ ] | [ ] |
| MODAFINIL (PROVIGIL ORAL) | Take 400 mg by mouth every morning. | [ ] | [ ] | [ ] | [ ] |
| multivitamin Oral capsule | Take 1 capsule by mouth daily. | [ ] | [ ] | [ ] | [ ] |
| OMEPRAZOLE | Take 20 mg by mouth every | [ ] | [ ] | [ ] | [ ] |

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

(PRILOSEC ORAL)      evening.
PSYLLIUM             Take by mouth.           [ ]     [ ]     [ ]
SEED/SUCROSE
(METAMUCIL ORAL)

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

## Discharge Orders

| Future Orders | Expected By | Expires |
|---|---|---|
| **Protime-Inr** | | 12/30/12 |

Comments:
PT/INR lab draws the day after discharge and then every Monday and Thursday for the duration of coumadin use

## Additional Information

**IF YOU ARE A SMOKER OR HAVE SMOKED IN THE LAST 12 MONTHS, WE ENCOURAGE YOU TO EXPLORE OPTIONS FOR QUITTING.**

**For Pneumonia Patients:**
I understand that the pneumonia vaccine is recommended for people 65 and older and people with chronic health conditions, once in a lifetime. It should be repeated every 5-10 years if received before age 65. The flu vaccine should be given every year for people 50 and older, younger for those with chronic health conditions.

**For Heart Failure/Cardiac Patients:**
I understand:
- Regular activity within my limitations is important for my health.
- Eating a low fat and low cholesterol diet with plenty of fruits and vegetables can reduce my chance of suffering a future heart attack.
- Weighing myself daily and reporting a gain of 2-3 pounds a day and/or 5-6 pounds a week to my physician is important.
- If any of my symptoms worsen, I am to contact my doctor or go to the nearest emergency department.

**For Stroke Patients:**
I understand that by carefully controlling and monitoring any of the risk factors listed, I can decrease my risk of future stroke:
- High Blood Pressure (hypertension)
- High Blood Cholesterol (hyperlipidemia)
- Diabetes
- Smoking
- Alcohol Abuse
- Drug Abuse

## Please have patient/family initial the following:

\_\_\_\_\_ I have received and understood these instructions.
\_\_\_\_\_ I have all of my personal belongings with me at the time of discharge.
\_\_\_\_\_ I have all my medications from home returned to me (if applicable).

Patient Signature: _John A Geiger_
Date/Time:_____

Discharging Unit: _____
Unit Phone Number:_____

Over the next few days:
You may receive a phone call from a registered nurse to see how you re doing.
If you are not returning to your home or have questions/ needs before we call, you can call us at: 1-877-922-CARE (2273).

I have reviewed the discharge instructions (AVS) with the patient/family.

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

Case: 11-652    Document: 106    Page: 134    11/14/2012    773258    232

**Nurse Signature:**_____
**Date/Time:**_____

Printed by DANIELS, KAREN E [KDANIELS] at 7/3/2012 5:46:10 PM

# Exhibit 17 - St. Ann's Transitional Care Unit August 21, 2012 Discharge Papers



**St. Ann's Community**
# Discharge to Home Instructions for Care

**Name:** JOHN GEIGER          **MR#:** 018456     **Discharge Date:** 8/21/2012
**Admission Date:** 7/20/2012   **Room:** 2112      **Discharge Time:** 10:30 am
**Reason for Admission:** Rt total hip revision for dislocation

## Follow-up Physician Care

☒  Please follow-up with your Primary Care Physician for a 1-2 week follow-up
    appointment after discharge.
    **Your Primary Care Physician is:** Dr. Chamberlain

---

☒  **An appointment has been scheduled with:**
    **Dr:** Bessette          **Date:** 9/12/2012          **Time:** 2:30 pm
    **Contact Info:** (585-218-0708) 20 Hagen Drive Suite 110

---

☒  **A lab test or X-ray needs to be scheduled with:**
    **Facility:** Home care to schedule PT/INR twice weekly

## Special Considerations

Right hip brace on at all times-except for hygiene.  Use right hip adductor pillow at
bedtime. Bipap machine at bedtime per patients' own settings-off in am.

*If you have any questions regarding your discharge instructions, please call:*
**Nurse/Title:** Heather Wojtczak RN          **Phone:** (585)697-6627

## Nutrition

**Diet:** Regular
**Food Consistency:** Regular
**Fluid Consistency:** Free Flowing Liquids
**Comments:** No restrictions, however continue with weight management
approaches as discused. Refer to nutrition education materials
provided.

*If you have any questions regarding your diet instructions, please call:*
**Dietitian:** Katherine Streeter RD CDN          **Phone:** (585)697-6356

## Rehabilitation Services
### Speech Therapy

**Swallowing Difficulty:** ⊓ Yes    ☒ No
### Transfers

**Bed:** Independent                    **Chair/Toilet:** Independent
**Car:**                                **Weight Bearing:** Weight Bearing As Tolerated
**Comments:** Pt transported by medicab or accessible public transport. Therefore, car
transfer not addressed.

### Ambulation

**Distance:** 0-25 Feet                  **Device:** Platform Walker
**Assist:** Independent                  **Surface:**
**Comments:** Pt non-ambulatory. Transferring surface to surface only.

## Rehabilitation Services - continued
### Self-Care

**Upper Body:** Independent
**Lower Body:** Independent
**Toileting:** Independent
**Adaptive Equipment:** ☒Yes    ☐ No    **Home Modifications:** ☒Yes    ☐ No
**Comments:** Continue use of adaptive equipment for dressing. Recommend comode chair. Recommend follow up with Homecare for further brace management and tub transfers in home environment.
**Home Exercise Program:** ☐ Yes    ☒No

### *If you have any questions regarding your rehab instructions, please call:*

**Physical Therapist:** Alyssa Gosson, PTA
**Phone:** (585)697-6465

**Occupational Therapist:** Trixanne Marshall, OT
**Phone:** (585)697-6642

**Speech Therapist:**
**Phone:**

## Social Work Services

**Your Home Care Agency of choice is:** Lifetime Care (585)214-1000
**First Home Care visit is scheduled for:** Wednesday, 8/22/2012
**Home Care will evaluate you for the following services:**

    ☒ Physical Therapy        ☒ Nursing Services
    ☒ Occupational Therapy   ☐ Social Work Services
    ☐ Speech Therapy       ☒ Other: Home Labs

**Additional services when you go home:**

| Recommended | Planned | Service |
|:---:|:---:|---|
| ☐ | ☐ | Meals on Wheels |
| ☐ | ☐ | Emergency Response System |
| ☐ | ☐ | Housekeeping |
| ☐ | ☐ | Transportation/Shopping |
| ☐ | ☐ | Social/Medical Day Care |
| ☐ | ☐ | Other: |

*If you have any questions regarding these instructions, please call:*

**Social Worker:** Michael Aikens, BSW      **Phone:** (585)697-6673

## Medications/Instructions at Discharge

**Allergies: no**

***CAUTION: The medication list on the following page(s) may differ from the medications you previously took at home. Please check carefully and follow up with your Primary Care Physician.***

| RX Given | Over The Counter | Medication | Dose | Time | Indication | Comments |
|---|---|---|---|---|---|---|
| | | Metamucil | 1 tbsp | daily with water | constipation | 8AM |
| | | Senna | 2 tabs | daily | constipation | 8 AM |
| X | | Humira | 40mg | Subq every 2 weeks | arthritis | |
| | | ~~Liquacel~~ | ~~1 oz~~ | ~~twice a day~~ | ~~protein~~ | |
| | | Feso4 | 325mg | daily | anemia | 8AM |
| | | Keflex | 500mg | three times a day | antibiotic prevent cellulitis | 5ᴬ, 1pm, 9pm |
| | | Ativan | 0.25mg | twice a day as needed | anxiety | |
| X | | Oxycodone IR | 15mg | every 4 hours as needed | pain | take 3 of the 5mg tabs = 15mg |
| | | Benadryl | 50mg | every evening | insomnia | 9pm |
| | | Methotrexate | 10mg | every thursday | arthritis | 8 AM |
| | | Fosamax | 70mg | every Sunday | osteoporosis | 6 AM |
| | | Calcium with D | 600/400 | twice a day | supplement | 8 AM, 4pm |
| | | Colace | 100mg | twice a day | constipation | 8AM, 4pm |

*Page 33 of 174*

*Discharge Instructions*
*JOHN GEIGER*

| RX Given | Over The Counter | Medication | Dose | Time | Indication | Comments |
|---|---|---|---|---|---|---|
| | | Fentanyl patch | 125 mcg patch | every 72 hours | pain | 5pm |
| | | Prozac | 40mg | every morning | depression | 8 Am |
| | | Folic acid | 1mg | daily | supplement | 8 Am |
| | | Gabapentin | 600mg | three times a day | neuropathy | 8 Am  12N  4pm |
| | | Provigil | 400mg | every morning | fatigue | 8 Am |
| | | Multivitamin | 1 tablet | daily | supplement | 8 Am |
| | | Omeprazole | 20mg | every evening before dinner | GERD | 4pm |

## Immunizations

**Flu Shot Given:** ☒Yes    ☐No    **Date Flu Shot Given:**
**Comments:** 2011

## St Ann's Medical Team

**Physician:** Dr Jurik MD
**Nurse Practitioner/Physician Assistant:** Kim Basta ANP

## Resuscitation Wishes

**Patient Wants To Be Resuscitated:** ☐Yes    ☒No
**MOLST Form Is Completed:**        ☒Yes    ☐No
**MOLST Form Sent With Resident:**    ☒Yes    ☐No
**If not sent, why?**

## Signatures

**Nurse Signature/Title:** _____

**Copy Of Care Instructions Given To:** _John Geiger_____

**Signature Of Individual Receiving Instructions:** _____

# St. Ann's Community

## Outside Appointment Referral

☐ Dr. Kane (697-6413)          ☐ Dr. Kim Petrone (697-6415)          ☐ Dr. A.J. Sanchez, MD 697-6417)
☐ Regina Wise, PA (697-6081)          ☐ Susan Lewish, GNP (697-6469)          ☐ Elizabeth Hughes, NP (330-4336)
☐ Cheryl Eddinger, GNP (697-6419)          ☐ Dr. John Jurik (697-6422)          ☐ Kim Basta, NP (697-6529)

Resident Name: **John Geiger**          Room Number: **2112**

Appointment With: **Dr. Bessette**

Reason for Appointment: **Flu**

Date of Appointment: **9/12/12**          Time: **230pm**

Ambulation Status: _____          Transfer Status: _____

Weight Bearing Status: _____

All of the following MUST accompany resident:          MD Address: **20 Hagen Drive. Suite 110**

Face Sheet

Master Problem List          Phone # **218-0168**          Fax # _____

MOLST          Mode of Transportation _____

MAR          Transportation Phone # _____

Most recent 30 / 60-day medical progress note          Family or staff going with Re: (circle one)

Pick up time _____

Additional MD/NP Comments _____

_____

_____

_____

If Further Information is Needed, Please Contact Nursing Unit Phone #: _____

## REFERRAL # IF HMO: _____

## ATTENTION:  Please Complete and Return with Resident

Change in Medication or Treatment:  ☐  Yes   ☐  No

Specific Changes or Recommendations: _____

_____

_____

_____

Follow-up Appointment:  ☐ Yes   ☐ No          Date: _____

MD Signature: _____

## PLEASE RETURN IN SAME ENVELOPE

Name:                   Rm #

# Exhibit 18 - Lifetime Care Nursing September 27, 2012 Discharge Paper



**LIFETIME CARE**
Home Health and Hospice

| | | |
|---|---|---|
| 3513 Thomas Dr. Suite 6 | 3111 Winton Road South | 800 West Miller St. |
| Lakeville, NY 14480 | Rochester, NY 14623 | Newark, NY 14513 |
| (800) 598-4995 | (585) 214-1000 | (315) 331-7990 |

Patient #: _12326_

## NOTICE OF PAYMENT LIABILITY CHANGE

To: _____    Name of Patient: _John Brick_

Address: _____    Start of Care Date: _____

Dear_____:

You were informed previously of the extent for which a third party payor source was expected to pay for your services provided.

☐ There has been a change to the information provided and the change is noted below.  The information below is not a guarantee of payment by any third party payor, and is contingent upon you having a valid insurance contract and that services are authorized by the payor.

☑ Your primary nurse/therapist has contacted your physician, Dr. _____, and he/she is in agreement that effective _____ the services checked below will be discontinued.

☐ Federal and State Regulations require that Home Care agencies have physician orders to provide any of the services listed below to a patient.  Therefore, effective _____ home care services will no longer be covered by your insurance.

| Services: | Payor Changes: |
|---|---|
| ☑ SN    ☐ Aide | ☐ New Payor _____ |
| ☐ PT    ☐ OT | ☐ Home Care Coverage Ceasing or Denied by Payor _____ |
| ☐ ST    ☐ SW | ☐ Hospice Level of Care Change    Effective Date of Change _____ |
| ☐ Equipment | New Coverage is: |
| ☐ Supplies | ☐ 100%    ☐ 80% coverage/20% out-of-pocket    ☐ Co-pay _____ |
| | ☐ Out-of-pocket    ☐ Other_____ |
| | Comments:_____ |
| | *Out of pocket expenses and co-pays are the responsibility of the patient.* |

## VERIFICATION OF RECEIPT NOTICE

☑ A.  This is to acknowledge that I received this notice of payment liability change on _____
                                                                                                    (date of receipt)

_____                    _____
Signature of patient or person acting on behalf of patient          Relationship to patient          Date

☐ B.  This is to confirm that you were advised of the payment liability change by telephone on _____
                                                                                                    (date of telephone contact)

_____                    _____
Signature of Lifetime Care contact person          Relationship to patient          Date

## KEEP THIS COPY FOR YOUR RECORDS – NO ACTION ON YOUR PART IS REQUIRED



White Copy: Patient Record    Yellow Copy: Patient          H-230A (1/10)

# Exhibit 19 - Lifetime Care Occupational Therapy October 2, 2012 Discharge Paper

# LIFETIME CARE
### Home Health and Hospice

| | | | |
|---|---|---|---|
| 3513 Thomas Dr. Suite 6 | 3111 Winton Road South | 800 West Miller St Unit 6 | 282 North Street |
| Lakeville, NY 14480 | Rochester, NY 14623 | Newark, NY 14513 | Auburn, NY 13021 |
| (800) 598-4995 | (585) 214-1000 | (315) 331-7990 | (315) 294-6700 |

Patient #: _____

## NOTICE OF PAYMENT LIABILITY CHANGE

To: _____    Name of Patient: _____

Address: _____    Start of Care Date: _____

Dear_____:

You were informed previously of the extent for which a third party payor source was expected to pay for your services provided.

☐ There has been a change to the information provided and the change is noted below. The information below is not a guarantee of payment by any third party payor, and is contingent upon you having a valid insurance contract and that services are authorized by the payor.

☑ Your primary nurse/therapist has contacted your physician, Dr. _____, and he/she is in agreement that effective _____ the services checked below will be discontinued.

☐ Federal and State Regulations require that Home Care agencies have physician orders to provide any of the services listed below to a patient. Therefore, effective _____ home care services will no longer be covered by your insurance.

| Services: | | Payor Changes: |
|---|---|---|
| ☐ SN | ☐ Aide | ☐ New Payor |
| ☐ PT | ☑ OT | ☑ Home Care Coverage Ceasing or Denied by Payor _____ |
| ☐ ST | ☐ SW | ☐ Hospice Level of Care Change    Effective Date of Change _____ |
| ☐ Equipment | | New Coverage is: |
| ☐ Supplies | | ☐ 100%   ☐ 80% coverage/20% out-of-pocket   ☐ Co-pay ___ |
| | | ☐ Out-of-pocket   ☐ Other _____ |
| | | Comments: |
| | | *Out of pocket expenses and co-pays are the responsibility of the patient.* |

## VERIFICATION OF RECEIPT NOTICE

☑ A. This is to acknowledge that I received this notice of payment liability change on _10/02/12_
                                                                              (date of receipt)

X _____          _____        _10/02/12_
Signature of patient or person acting on behalf of patient    Relationship to patient    Date

☐ B. This is to confirm that you were advised of the payment liability change by telephone on _____
                                                                              (date of telephone contact)

_____          _____        _____
Signature of Lifetime Care contact person    Relationship to patient    Date

## KEEP THIS COPY FOR YOUR RECORDS – NO ACTION ON YOUR PART IS REQUIRED



White Copy: Patient Record    Yellow Copy: Patient    H-230A (10/11)

# Exhibit 20 - Medicare Blue Choice Explanation of Benefits Dated July 24, 2012



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim.
Please retain this Explanation of Benefits for your records.

DATE: 07/24/12

PAGE    1

\* SUBSCRIBER ID Redaction 1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|

CLAIM RECEIVED ON   07/06/12

**\* \* \* CLAIM NUMBER 621885814803    \* PROVIDER – TIMOTHY J CLADER MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Dr Bessette and Dr. Clader were the two surgeons for the June 30, 2012 total right hip replacement at Rochester General Hospital (hereinafter "RGH").

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/30/12 SURGICAL CARE | | 2731.23 | 2731.23 | 0.00 | 0.00 | 0.00 |
| DENIED – SERVICE ALREADY PAID TO OTHER PARTY | | | | | | |
| | SUB-TOTAL | 2731.23 | 2731.23 | 0.00 | 0.00 | 0.00 |

CLAIM RECEIVED ON   07/09/12

**\* \* \* CLAIM NUMBER 821913829009    \* PROVIDER – TRACY E GILMAN PA          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Ms. Gilman, Physician Assistant, assisted at the right hip reduction on July 5, 2012 at RGH in the emergency room.  "Reduction" (continued at 1 below)

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/06/12 SURGICAL CARE | | 83.10 | 83.10 | 0.00 | 0.00 | 0.00 |
| DENIED – ASSISTANT SURGERY NOT COVERED – YOU ARE NOT LIABLE | | | | | | |
| | SUB-TOTAL | 83.10 | 83.10 | 0.00 | 0.00 | 0.00 |
| THIS PATIENTS TOTALS | | 2814.33 | 2814.33 | 0.00 | 0.00 | 0.00 |
| GRAND TOTALS | | 2814.33 | 2814.33 | 0.00 | 0.00 | 0.00 |

```
PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):          0.00
PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER:           0.00
                                          --------------
TOTAL PLAN PAYMENT IS:                             0.00
```
FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR

(continued from 1 above) is the medical term for putting a dislocated hip back in place.  Charge is most likely a day late.

MSEB11



**Excellus**

155 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/24/12

PAGE    2

**\* SUBSCRIBER ID - Redaction1**

\*    JOHN A GEIGER
\*    328 EAST MAIN STREET
\*    APARTMENT 322
\*    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN         (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|

FOR TTY INQUIRIES CALL: (800) 421-1220

MSEB11

# Exhibit 21 - Medicare Blue Choice Explanation of Benefits Dated July 31, 2012



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/31/12

PAGE   1

**\* SUBSCRIBER ID** Redaction 1

```
*     JOHN A GEIGER
*     328 EAST MAIN STREET
*     APARTMENT 322
*     ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON  06/26/12 | | | | | | |
| **\* \* \* CLAIM NUMBER 821780628401     \* PROVIDER – ANNIE G PHILIP MD** | | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | This is an unrelated charge. | | | | | |
| 06/20/12  OFFICE VISITS | | 40.43 | 0.00 | 0.00 | 35.00 | 5.43 |
| | SUB-TOTAL | 40.43 | 0.00 | 0.00 | 35.00 | 5.43 |
| CLAIM RECEIVED ON  06/25/12 | | | | | | |
| **\* \* \* CLAIM NUMBER 821777870009     \* PROVIDER – ROBERT A RUSSO DPM** | | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | This is an unrelated charge. | | | | | |
| 06/21/12  MEDICAL CARE | | 43.00 | 43.00 | 0.00 | 0.00 | 0.00 |
| MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | | |
| 06/21/12  OFFICE VISITS | | 70.00 | 70.00 | 0.00 | 0.00 | 0.00 |
| MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | | |
| | SUB-TOTAL | 113.00 | 113.00 | 0.00 | 0.00 | 0.00 |
| CLAIM RECEIVED ON  07/19/12 | | | | | | |
| **\* \* \* CLAIM NUMBER 822012268909     \* PROVIDER – ROBERT A RUSSO DPM** | | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | This is an unrelated charge. | | | | | |
| 06/21/12  MEDICAL CARE | | 43.00 | 43.00 | 0.00 | 0.00 | 0.00 |
| MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | | |
| 06/21/12  OFFICE VISITS | | 70.00 | 70.00 | 0.00 | 0.00 | 0.00 |
| MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | | |

MSEB11



**Excellus** ✚ ⛊

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

| **THIS IS NOT A BILL** |
| This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records. |

DATE: 07/31/12

PAGE   2

\* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 113.00 | 113.00 | 0.00 | 0.00 | 0.00 |
| CLAIM RECEIVED ON  07/27/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822094146609     \* PROVIDER – BARRY B PLATT PHD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/27/12 | MEDICAL CARE | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
| | SUB-TOTAL | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
| CLAIM RECEIVED ON  07/03/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821852451409     \* PROVIDER – RURAL METRO MEDICAL SERVIC          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Rural Metro was the ambulance service that responded after the June 27, 2012 dislocation of the right hip.

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/27/12 | AMBULANCE SRV | 397.89 | 0.00 | 0.00 | 125.00 | 272.89 |
| 06/27/12 | AMBULANCE SRV | 28.12 | 0.00 | 0.00 | 0.00 | 28.12 |
| | SUB-TOTAL | 426.01 | 0.00 | 0.00 | 125.00 | 301.01 |
| CLAIM RECEIVED ON  07/11/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821932007009     \* PROVIDER – RURAL METRO MEDICAL SERVIC          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Rural Metro was the ambulance service that responded after the July 05, 2012 dislocation of the right hip.

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/05/12 | AMBULANCE SRV | 335.07 | 0.00 | 0.00 | 125.00 | 210.07 |
| 07/05/12 | AMBULANCE SRV | 28.12 | 0.00 | 0.00 | 0.00 | 28.12 |
| | SUB-TOTAL | 363.19 | 0.00 | 0.00 | 125.00 | 238.19 |

MSEB11



**Excellus** ✚ ®'

185 Court Street
Rochester, NY 14847
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 07/31/12

PAGE   3

\* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME - JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON | 07/24/12 | | | | | |

**\* \* \* CLAIM NUMBER 822063896409    \* PROVIDER - ARTHUR J SEGAL MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Segal reviewed the x-rays taken after the June 29, 2012 dislocation of the right hip at Rochester General Hospital (hereinafter "RGH").

| 06/29/12 | RADIOLOGY | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| | SUB-TOTAL | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| CLAIM RECEIVED ON | 07/23/12 | | | | | |

**\* \* \* CLAIM NUMBER 822053154209    \* PROVIDER - EDWARD B ZINKIN MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Zinkin reviewed the x-rays taken after the June 28, 2012 reduction of the right hip at RGH.

| 06/28/12 | RADIOLOGY | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| | SUB-TOTAL | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| CLAIM RECEIVED ON | 07/17/12 | | | | | |

**\* \* \* CLAIM NUMBER 821992285509    \* PROVIDER - ALAN F LANNI MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Lanni was the anesthesiologist at the July 6, 2012 reduction of the right hip at RGH.

| 07/06/12 | FACILITY CARE | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
| | SUB-TOTAL | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
| CLAIM RECEIVED ON | 07/13/12 | | | | | |

**\* \* \* CLAIM NUMBER 821953265509    \* PROVIDER - DOMINICK A CORTESE MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Cortese was the anesthesiologist at the July 7, 2012 reduction of the right hip at RGH.

M9EB11



**Excellus** ⊕ ®

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 07/31/12                                                    PAGE    4

＊ SUBSCRIBER ID  Redaction 1

＊    JOHN A GEIGER
＊    328 EAST MAIN STREET
＊    APARTMENT 322
＊    ROCHESTER NY 14604

**＊ PATIENT NAME – JOHN          (OO)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 07/07/12 | FACILITY CARE | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
| | SUB-TOTAL | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |

CLAIM RECEIVED ON   07/18/12

**＊ ＊ ＊ CLAIM NUMBER 822008858109    ＊ PROVIDER – JEAN L NICKELS MD          ＊ ＊**

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Nickels, the administrator at RGH's rehabilitation unit, made an evaluation for the level of rehab that was required.

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/17/12 | MEDICAL CARE | 187.75 | 0.00 | 0.00 | 0.00 | 187.75 |
| | SUB-TOTAL | 187.75 | 0.00 | 0.00 | 0.00 | 187.75 |

CLAIM RECEIVED ON   07/20/12

**＊ ＊ ＊ CLAIM NUMBER 822023537709    ＊ PROVIDER – DANIEL R JACOBSON MD          ＊ ＊**

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Jacobson, at RGH in the emergency room, reviewed the x-rays taken after the June 27, 2012 dislocation of the right hip at home.

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/27/12 | RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| | SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |

CLAIM RECEIVED ON   07/23/12

**＊ ＊ ＊ CLAIM NUMBER 822053148909    ＊ PROVIDER – DANIEL R JACOBSON MD          ＊ ＊**

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Jacobson, at RGH, reviewed the x-rays taken after the June 28, 2012 dislocation of the right hip at RGH.

| | | | | | | |
|---|---|---|---|---|---|---|
| 06/28/12 | RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| | SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |

MSEB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

---

**THIS IS NOT A BILL**

This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

---

DATE: 07/31/12

PAGE    5

\* SUBSCRIBER ID - Redaction1

\*    JOHN A GEIGER
\*    328 EAST MAIN STREET
\*    APARTMENT 322
\*    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON  07/09/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821911382709    \* PROVIDER - DAVID A CARRIER MD                    \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette was the surgeon for the right hip reduction on July 6, 2012 at RGH. The Medicare Blue Choice statement is incorrect; it (continued at 1 below)

| 07/06/12 | SURGICAL CARE | 540.31 | 0.00 | 0.00 | 0.00 | 540.31 |
| | SUB-TOTAL | 540.31 | 0.00 | 0.00 | 0.00 | 540.31 |
| CLAIM RECEIVED ON  07/03/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821853113709    \* PROVIDER - GARY C BESSETTE MD                    \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette was the surgeon for the right hip reduction on June 28, 2012 at RGH. The Medicare Blue Choice statement is incorrect (continued at 2 below)

| 06/27/12 | SURGICAL CARE | 707.22 | 0.00 | 0.00 | 212.17 | 495.05 |
| | SUB-TOTAL | 707.22 | 0.00 | 0.00 | 212.17 | 495.05 |
| CLAIM RECEIVED ON  07/04/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821861043809    \* PROVIDER - GARY C BESSETTE MD                    \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette was the surgeon for the right hip reduction on June 29, 2012 at RGH.

| 06/29/12 | SURGICAL CARE | 707.22 | 0.00 | 0.00 | 0.00 | 707.22 |
| | SUB-TOTAL | 707.22 | 0.00 | 0.00 | 0.00 | 707.22 |
| CLAIM RECEIVED ON  07/04/12 | | | | | | |

**\* \* \* CLAIM NUMBER 821861044009    \* PROVIDER - GARY C BESSETTE MD                    \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr Bessette and Dr. Clader were the two surgeons for the June 30, 2012 total right hip replacement at RGH.

(continued from 1 above) was not Dr. Carrier.  Note, Dr. Bessette, Dr. Carrier and Dr. Clader are partners.

(continued from 2 above) Dr. Bessette came to the hospital at 3:00AM on June 28, 2012, so the date could not be June 27, 2012 unless the mistake is the name of the doctor because there were failed reductions attempted on June 27, 2012.



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

## EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/31/12

PAGE    6

\* SUBSCRIBER ID  Redaction 1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN        (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 06/30/12 | SURGICAL CARE | 1798.92 | 0.00 | 0.00 | 0.00 | 1798.92 |
| | SUB-TOTAL | 1798.92 | 0.00 | 0.00 | 0.00 | 1798.92 |

CLAIM RECEIVED ON  07/12/12

**\* \* \* CLAIM NUMBER 821942544109    \* PROVIDER – GARY C BESSETTE MD        \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette was the surgeon for the right hip reduction on July 7, 2012 at RGH.

| 07/07/12 | SURGICAL CARE | 540.31 | 0.00 | 0.00 | 0.00 | 540.31 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 540.31 | 0.00 | 0.00 | 0.00 | 540.31 |

CLAIM RECEIVED ON  07/16/12

**\* \* \* CLAIM NUMBER 821981927309    \* PROVIDER – GARY C BESSETTE MD        \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette was the surgeon for the July 11, 2012 total right hip replacement at RGH.

| 07/11/12 | SURGICAL CARE | 1798.92 | 0.00 | 0.00 | 0.00 | 1798.92 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 1798.92 | 0.00 | 0.00 | 0.00 | 1798.92 |

CLAIM RECEIVED ON  07/09/12

**\* \* \* CLAIM NUMBER 821912153009    \* PROVIDER – HUGH M BRODIE MD        \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Brodie was the anesthesiologist at the June 29, 2012 reduction of the right hip at RGH.

| 06/29/12 | FACILITY CARE | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |

MSEB11



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/31/12                                                              PAGE    7

                                        * SUBSCRIBER ID - Redaction¹

    *    JOHN A GEIGER
    *    328 EAST MAIN STREET
    *    APARTMENT 322
    *    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|

CLAIM RECEIVED ON 07/19/12

**\* \* \* CLAIM NUMBER 822014209009    \* PROVIDER - HUGH M BRODIE MD                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Brodie was the anesthesiologist at the July 11, 2012 total right hip
replacement at RGH.

| 07/11/12 | FACILITY CARE | 1788.00 | 0.00 | 0.00 | 0.00 | 1788.00 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 1788.00 | 0.00 | 0.00 | 0.00 | 1788.00 |

CLAIM RECEIVED ON 07/25/12

**\* \* \* CLAIM NUMBER 822076613809    \* PROVIDER - DEBORAH L KERLEY MD                   \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Kerley was a doctor in the emergency room on July 5, 2012 at RGH.

| 07/05/12 | MEDICAL CARE | 161.93 | 0.00 | 0.00 | 0.00 | 161.93 |
|---|---|---|---|---|---|---|
| 07/05/12 | XRAY/LAB | 8.21 | 0.00 | 0.00 | 0.00 | 8.21 |
| 07/05/12 | SURGICAL CARE | 86.55 | 0.00 | 0.00 | 0.00 | 86.55 |
| | SUB-TOTAL | 256.69 | 0.00 | 0.00 | 0.00 | 256.69 |

CLAIM RECEIVED ON 07/25/12

**\* \* \* CLAIM NUMBER 822074128709    \* PROVIDER - R S HICKS MD                          \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Hicks reviewed the x-rays taken after the June 30, 2012 total right hip
replacement at RGH.

| 07/01/12 | RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |

CLAIM RECEIVED ON 07/09/12

**\* \* \* CLAIM NUMBER 821912155309    \* PROVIDER - MICHAEL J MULBURY MD                  \* \***

Dr. Mulbury was the anesthesiologist at the June 30, 2012 total right hip
replacement at RGH.

MSEB11



**Excellus**

155 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/31/12

PAGE    8

* SUBSCRIBER ID - Redaction1

*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN**   **(00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| PAYMENT, IF ANY, TO PROVIDER(S) | | | | | | |
| 06/30/12 | FACILITY CARE | 1609.20 | 0.00 | 0.00 | 0.00 | 1609.20 |
| | SUB-TOTAL | 1609.20 | 0.00 | 0.00 | 0.00 | 1609.20 |
| CLAIM RECEIVED ON | 07/06/12 | | | | | |

**\* \* \* CLAIM NUMBER 821887026109  \* PROVIDER - MICHAEL SANTIAGO DO  \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Dr. Santiago was a doctor in the emergency room at RGH on June 27, 2012 and the early morning hours of June 28, 2012. This doctor (continued at 1 below)

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 06/28/12 | SURGICAL CARE | 86.55 | 0.00 | 0.00 | 0.00 | 86.55 |
| 06/27/12 | SURGICAL CARE | 180.87 | 0.00 | 0.00 | 0.00 | 180.87 |
| | SUB-TOTAL | 267.42 | 0.00 | 0.00 | 0.00 | 267.42 |
| CLAIM RECEIVED ON | 07/09/12 | | | | | |

**\* \* \* CLAIM NUMBER 821912156109  \* PROVIDER - MELVYN J CHIN MD  \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Dr. Chin was the anesthesiologist at the June 28, 2012 reduction of the right hip at RGH.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 06/28/12 | FACILITY CARE | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
| | SUB-TOTAL | 357.60 | 0.00 | 0.00 | 0.00 | 357.60 |
| CLAIM RECEIVED ON | 07/09/12 | | | | | |

**\* \* \* CLAIM NUMBER 821913971509  \* PROVIDER - ROCHESTER GENRL HOSP  \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Charges for RGH from June 27, 2012 through July 3, 2012.

(continued from 1 above) made two failed attempts to reduce the right hip.

M9EB11

# Excellus 

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

## MEDICARE BLUE CHOICE

## EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 07/31/12

PAGE   9

\* SUBSCRIBER ID  Redaction 1

\*    JOHN A GEIGER
\*    328 EAST MAIN STREET
\*    APARTMENT 322
\*    ROCHESTER NY 14604

**\* PATIENT NAME – JOHN            (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 06/28/12 | FACILITY CARE | 18176.04 | 0.00 | 0.00 | 275.00 | 17901.04 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 06/28/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SUB-TOTAL | 18176.04 | 0.00 | 0.00 | 275.00 | 17901.04 |
| | THIS PATIENTS TOTALS | 30991.02 | 226.00 | 0.00 | 811.87 | 29953.15 |
| | GRAND TOTALS | 30991.02 | 226.00 | 0.00 | 811.87 | 29953.15 |

PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):                    29953.15

MSEB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**

This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 07/31/12

PAGE   10

\* SUBSCRIBER ID - Redaction!

\*   JOHN A GEIGER
\*   328 EAST MAIN STREET
\*   APARTMENT 322
\*   ROCHESTER NY 14604

**\* PATIENT NAME - JOHN        (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER: | | | | | 0.00 | |

TOTAL PLAN PAYMENT IS:                                          29953.15

FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR
FOR TTY INQUIRIES CALL: (800) 421-1220

# Exhibit 22 - Medicare Blue Choice Explanation of Benefits Dated August 7, 2012



**Excellus** ✚ ⑇ ®

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

| THIS IS NOT A BILL |
| --- |
| This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records. |

DATE: 08/07/12                                               PAGE      1

* SUBSCRIBER ID - Redaction

*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN      (OO)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
| --- | --- | --- | --- | --- | --- | --- |

CLAIM RECEIVED ON  07/23/12

**\* \* \* CLAIM NUMBER 822053586209    \* PROVIDER - SHANNON DEROSE PA**     **\* \***

Ms. Derose, Physician Assistant, assisted at the right hip reduction on July 5,
PAYMENT, IF ANY, TO PROVIDER(S) 2012 at Rochester General Hospital in the emergency (continued at 1 below)

| 07/07/12 | SURGICAL CARE | 63.38 | 63.38 | 0.00 | 0.00 | 0.00 |
| --- | --- | --- | --- | --- | --- | --- |
| | DENIED - ASSISTANT SURGERY NOT COVERED - YOU ARE NOT LIABLE | | | | | |
| | SUB-TOTAL | 63.38 | 63.38 | 0.00 | 0.00 | 0.00 |
| THIS PATIENTS TOTALS | | 63.38 | 63.38 | 0.00 | 0.00 | 0.00 |
| GRAND TOTALS | | 63.38 | 63.38 | 0.00 | 0.00 | 0.00 |

PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):          0.00
PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER:          0.00

TOTAL PLAN PAYMENT IS:          0.00

(continued from 1 above) room.  Date of charge is incorrect.

FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR
FOR TTY INQUIRIES CALL: (800) 421-1220

# Exhibit 23 - Medicare Blue Choice Explanation of Benefits Dated August 31, 2012



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE
# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 08/31/12

PAGE    1

\* SUBSCRIBER ID ·Redaction ]

```
*     JOHN A GEIGER
*     328 EAST MAIN STREET
*     APARTMENT 322
*     ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO- PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON   07/31/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822135248309    \* PROVIDER – ARTHUR J SEGAL MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Segal, at Rochester General Hospital (hereinafter "RGH"), reviewed the x-rays taken after the July 5, 2012 dislocation of the right hip at home.

| 07/05/12  RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
|---|---|---|---|---|---|
| SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |

CLAIM RECEIVED ON   08/13/12

**\* \* \* CLAIM NUMBER 822262882509    \* PROVIDER – CARE LIFETIME                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Lifetime Care had a physical therapist make a home visit on July 4, 2012 and had a nurse make a home visit on July 5, 2012.

| 07/04/12  FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
|---|---|---|---|---|---|
| 07/05/12  FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
| SUB-TOTAL | 230.00 | 0.00 | 0.00 | 0.00 | 230.00 |

CLAIM RECEIVED ON   07/24/12

**\* \* \* CLAIM NUMBER 822063898909    \* PROVIDER – EDWARD B ZINKIN MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Zinkin reviewed the x-rays taken after the June 29, 2012 reduction of the right hip at RGH.

| 06/29/12  RADIOLOGY | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
|---|---|---|---|---|---|
| SUB-TOTAL | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |

CLAIM RECEIVED ON   08/09/12

**\* \* \* CLAIM NUMBER 622226168603    \* PROVIDER – JOHN A JURIK MD                \* \***

Dr. Jurik made an initial examination on July 20, 2012 at St. Ann's Transitional Care Unit (hereinafter "St. Ann's").

M9EB11



**Excellus** ✚ ♦

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 08/31/12

PAGE    2

\* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME - JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| PAYMENT, IF ANY, TO PROVIDER(S) | | | | | | |
| 07/20/12 | MEDICAL CARE | 154.58 | 0.00 | 0.00 | 0.00 | 154.58 |
| | SUB-TOTAL | 154.58 | 0.00 | 0.00 | 0.00 | 154.58 |
| CLAIM RECEIVED ON 08/09/12 | | | | | | |

**\* \* \* CLAIM NUMBER 622226169103    \* PROVIDER - JOHN A JURIK MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Jurik made an examination, due to concern over an infection, on July 23, 2012 at St. Ann's.

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/23/12 | MEDICAL CARE | 83.69 | 0.00 | 0.00 | 0.00 | 83.69 |
| | SUB-TOTAL | 83.69 | 0.00 | 0.00 | 0.00 | 83.69 |
| CLAIM RECEIVED ON 07/31/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822135241709    \* PROVIDER - ATUL KUMAR GUPTA MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Gupta, at RGH, reviewed the x-rays taken after the July 5, 2012 failed reductions of the right hip at the RGH ER.

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/05/12 | RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| | SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| CLAIM RECEIVED ON 08/09/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822222942909    \* PROVIDER - GARY C BESSETTE MD          \* \***

PAYMENT, IF ANY, TO PROVIDER(S) The Medicare Blue Choice statement is incorrect; there could not have been a visit to Dr. Bessette's office on July 17, 2012 because I  (continued at 1 below)

| | | | | | | |
|---|---|---|---|---|---|---|
| 07/17/12 | OFFICE VISITS | 50.42 | 0.00 | 0.00 | 0.00 | 50.42 |

(continued from 1 above) was still at RGH unless the doctor charges for bedside visits.

MSE311



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 08/31/12

PAGE    3

\* SUBSCRIBER ID – Redaction!

| \* | JOHN A GEIGER |
| \* | 328 EAST MAIN STREET |
| \* | APARTMENT 322 |
| \* | ROCHESTER NY 14604 |

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 50.42 | 0.00 | 0.00 | 0.00 | 50.42 |
| CLAIM RECEIVED ON | 08/23/12 | | | | | |

**\* \* \* CLAIM NUMBER 822363209509    \* PROVIDER – GARY C BESSETTE MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Bessette reviewed the x-rays taken at the August 8, 2012 appointment at his office.

| 08/08/12 | RADIOLOGY | 37.64 | 0.00 | 0.00 | 3.76 | 33.88 |
| | SUB-TOTAL | 37.64 | 0.00 | 0.00 | 3.76 | 33.88 |
| CLAIM RECEIVED ON | 08/06/12 | | | | | |

**\* \* \* CLAIM NUMBER 822193459709    \* PROVIDER – ROMAN M KOWALCHUK MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Kowalchuk reviewed the x-rays taken after the July 11, 2012 total right hip replacement at RGH.

| 07/12/12 | RADIOLOGY | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| | SUB-TOTAL | 8.60 | 0.00 | 0.00 | 0.86 | 7.74 |
| CLAIM RECEIVED ON | 08/02/12 | | | | | |

**\* \* \* CLAIM NUMBER 822158602409    \* PROVIDER – MICHAEL J RIVERO MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Dr. Rivero reviewed the x-rays taken after the July 7, 2012 reduction and subsequent dislocation of the right hip at RGH.

| 07/07/12 | RADIOLOGY | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| 07/07/12 | RADIOLOGY | 10.60 | 0.00 | 0.00 | 1.06 | 9.54 |
| | SUB-TOTAL | 21.20 | 0.00 | 0.00 | 2.12 | 19.08 |
| CLAIM RECEIVED ON | 08/14/12 | | | | | |

MSEB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 08/31/12

PAGE    4

\* SUBSCRIBER ID - Redaction!

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN           (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| **\* \* \* CLAIM NUMBER 822278973609** | **\* PROVIDER – MICHAEL SANTIAGO DO** | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | Dr. Santiago was a doctor in the emergency room at RGH on June 27, 2012 and the early morning hours of June 28, 2012. | | | | | |
| 06/28/12 | MEDICAL CARE | 161.93 | 0.00 | 0.00 | 0.00 | 161.93 |
| | SUB-TOTAL | 161.93 | 0.00 | 0.00 | 0.00 | 161.93 |
| CLAIM RECEIVED ON | 08/07/12 | | | | | |
| **\* \* \* CLAIM NUMBER 822202527009** | **\* PROVIDER – ULTRA MOBILE IMAGING** | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | Ultra Mobil Imaging took a chest x-ray, due to concern over infection, at St. Ann's on July 24, 2012 at St. Ann's. | | | | | |
| 07/24/12 | RADIOLOGY | 8.56 | 0.00 | 0.00 | 0.86 | 7.70 |
| | SUB-TOTAL | 8.56 | 0.00 | 0.00 | 0.86 | 7.70 |
| CLAIM RECEIVED ON | 07/25/12 | | | | | |
| **\* \* \* CLAIM NUMBER 822076771509** | **\* PROVIDER – ROCHESTER GENRL HOSP** | | | | | **\* \*** |
| PAYMENT, IF ANY, TO PROVIDER(S) | Charges for RGH from July 5, 2012 through July 20, 2012. | | | | | |
| 07/05/12 | FACILITY CARE | 27912.09 | 0.00 | 0.00 | 275.00 | 27637.09 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

```
       DATE: 08/31/12                                              PAGE    5
                             * SUBSCRIBER ID  Redaction 1

   *      JOHN A GEIGER
   *      328 EAST MAIN STREET
   *      APARTMENT 322
   *      ROCHESTER NY 14604

 * PATIENT NAME - JOHN          (00)
```

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/05/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SUB-TOTAL | 27912.09 | 0.00 | 0.00 | 275.00 | 27637.09 |

```
CLAIM RECEIVED ON   08/14/12
```

**\* \* \* CLAIM NUMBER 622276456203    \* PROVIDER - KIMBERLY BASTA NP                 \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Ms. Basta, Nurse Practitioner, made an examination on July 24, 2012 at St. Ann's.

| 07/24/12 | MEDICAL CARE | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |

```
CLAIM RECEIVED ON   08/14/12
```

**\* \* \* CLAIM NUMBER 622276456303    \* PROVIDER - KIMBERLY BASTA NP                 \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Ms. Basta, Nurse Practitioner, made an examination on July 25, 2012 at St. Ann's.

M9EB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 08/31/12

PAGE   6

\* SUBSCRIBER ID - Redaction1

```
*      JOHN A GEIGER
*      328 EAST MAIN STREET
*      APARTMENT 322
*      ROCHESTER NY 14604
```

**\* PATIENT NAME - JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 07/25/12 | MEDICAL CARE | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |
| | SUB-TOTAL | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |
| | THIS PATIENTS TOTALS | 28804.49 | 0.00 | 0.00 | 285.38 | 28519.11 |
| | GRAND TOTALS | 28804.49 | 0.00 | 0.00 | 285.38 | 28519.11 |

```
PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):        28519.11
PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER:             0.00
                                                -------------
TOTAL PLAN PAYMENT IS:                           28519.11
```

FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR
FOR TTY INQUIRIES CALL: (800) 421-1220

MSEB11

# Exhibit 24 – Medicare Blue Choice Explanation of Benefits Dated September 28, 2012



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE
# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 09/28/12                                    PAGE    1

✱ SUBSCRIBER ID – Redaction1

✱    JOHN A GEIGER
✱    328 EAST MAIN STREET
✱    APARTMENT 322
✱    ROCHESTER NY 14604

✱ **PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|

CLAIM RECEIVED ON  09/19/12

✱ ✱ ✱ **CLAIM NUMBER 722543461309    ✱ PROVIDER – ROBERT A RUSSO DPM**          ✱ ✱

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| 06/21/12 | MEDICAL CARE | 41.52 | 0.00 | 0.00 | 35.00 | 6.52 |
|---|---|---|---|---|---|---|
| 06/21/12 | OFFICE VISITS | 69.11 | 0.00 | 0.00 | 0.00 | 69.11 |
| | SUB-TOTAL | 110.63 | 0.00 | 0.00 | 35.00 | 75.63 |

CLAIM RECEIVED ON  09/10/12

✱ ✱ ✱ **CLAIM NUMBER 822543461309    ✱ PROVIDER – ROBERT A RUSSO DPM**          ✱ ✱

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| 06/21/12 | MEDICAL CARE | 43.00 | 43.00 | 0.00 | 0.00 | 0.00 |
|---|---|---|---|---|---|---|
| | MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | |
| 06/21/12 | OFFICE VISITS | 70.00 | 70.00 | 0.00 | 0.00 | 0.00 |
| | MEMBER NUMBER ON CLAIM DOES NOT AGREE WITH AUTHORIZATION | | | | | |
| | SUB-TOTAL | 113.00 | 113.00 | 0.00 | 0.00 | 0.00 |

CLAIM RECEIVED ON  09/14/12

✱ ✱ ✱ **CLAIM NUMBER 822583498009    ✱ PROVIDER – CARE LIFETIME**          ✱ ✱

PAYMENT, IF ANY, TO PROVIDER(S)   Lifetime Care had a nurse make home visits on August 22, 24 and 29, 2012, and a physical therapist make home visits on August 24 (continued at 1 below)

| 08/22/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
|---|---|---|---|---|---|---|
| 08/23/12 | FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
| 08/24/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |

(continued from 1 above) and 30, 2012.  The date of service for two charges is incorrect because there were no home visits on August 23 or 31, 2012.

M9EB11



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 09/28/12

PAGE    2

* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME — JOHN            (OO)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/29/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
| 08/31/12 | FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
|  | SUB-TOTAL | 580.00 | 0.00 | 0.00 | 0.00 | 580.00 |
| CLAIM RECEIVED ON | 09/05/12 |  |  |  |  |  |

**\* \* \* CLAIM NUMBER 622495885603    \* PROVIDER — JOHN A JURIK MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Jurik made an examination on August 10, 2012 at St. Ann's.

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/10/12 | MEDICAL CARE | 63.52 | 0.00 | 0.00 | 0.00 | 63.52 |
|  | SUB-TOTAL | 63.52 | 0.00 | 0.00 | 0.00 | 63.52 |
| CLAIM RECEIVED ON | 09/05/12 |  |  |  |  |  |

**\* \* \* CLAIM NUMBER 622495885703    \* PROVIDER — JOHN A JURIK MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Jurik made an examination on August 20, 2012 at St. Ann's.

| | | | | | | |
|---|---|---|---|---|---|---|
| 08/20/12 | MEDICAL CARE | 63.52 | 0.00 | 0.00 | 0.00 | 63.52 |
|  | SUB-TOTAL | 63.52 | 0.00 | 0.00 | 0.00 | 63.52 |
| CLAIM RECEIVED ON | 09/20/12 |  |  |  |  |  |

**\* \* \* CLAIM NUMBER 822643794309    \* PROVIDER — GARY C BESSETTE MD            \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Dr. Bessette reviewed the x-rays taken at the September 12, 2012 appointment at his office.

| | | | | | | |
|---|---|---|---|---|---|---|
| 09/12/12 | RADIOLOGY | 37.64 | 0.00 | 0.00 | 35.00 | 2.64 |
|  | SUB-TOTAL | 37.64 | 0.00 | 0.00 | 35.00 | 2.64 |

M9EB11



**Excellus** 🔷

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE
# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 09/28/12

PAGE    3

\* SUBSCRIBER ID – Redaction1

```
*     JOHN A GEIGER
*     328 EAST MAIN STREET
*     APARTMENT 322
*     ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (OO)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON | 08/22/12 | | | | | |

**\* \* \* CLAIM NUMBER 622356207003    \* PROVIDER – ST ANNS HOME                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Charges for St. Ann's from July 20, 2012 through July 31, 2012. Note that the copay is $25 per day so there was a charge for July 20, 2012.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 07/20/12 PAID | FACILITY CARE | 6061.56 | 0.00 | 0.00 | 300.00 | 5761.56 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 07/20/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| | SUB-TOTAL | 6061.56 | 0.00 | 0.00 | 300.00 | 5761.56 |

CLAIM RECEIVED ON   09/05/12

**\* \* \* CLAIM NUMBER 622496028403    \* PROVIDER – HALPRIN MED & SURG SUPPLY      \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Halprin Medical supplied a platform walker that was charged for on August 22, 2012. It was actually delivered to St. Ann's weeks earlier.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/22/12 | MEDICAL | 89.05 | 0.00 | 0.00 | 17.81 | 71.24 |
| 08/22/12 | MEDICAL | 46.82 | 0.00 | 0.00 | 9.36 | 37.46 |
| | SUB-TOTAL | 135.87 | 0.00 | 0.00 | 27.17 | 108.70 |

CLAIM RECEIVED ON   08/17/12

**\* \* \* CLAIM NUMBER 622306598503    \* PROVIDER – KIMBERLY BASTA NP            \* \***

PAYMENT, IF ANY, TO PROVIDER(S)  Ms. Basta, Nurse Practitioner, made an examination on August 3, 2012 at St. Ann's.

MSEB11



**Excellus**

185 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 09/28/12

PAGE   4

* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/03/12 | MEDICAL CARE | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |
|  | SUB-TOTAL | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |

CLAIM RECEIVED ON  08/24/12

**\* \* \* CLAIM NUMBER 622375303103   \* PROVIDER – KIMBERLY BASTA NP          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Ms. Basta, Nurse Practitioner, made an examination on August 6, 2012 at St. Ann's.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/06/12 | MEDICAL CARE | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |
|  | SUB-TOTAL | 53.99 | 0.00 | 0.00 | 0.00 | 53.99 |

CLAIM RECEIVED ON  09/14/12

**\* \* \* CLAIM NUMBER 622586051303   \* PROVIDER – KIMBERLY BASTA NP          \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   Ms. Basta, Nurse Practitioner, made an examination on August 20, 2012 at St. Ann's.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/20/12 | MEDICAL CARE | 57.08 | 0.00 | 0.00 | 0.00 | 57.08 |
|  | SUB-TOTAL | 57.08 | 0.00 | 0.00 | 0.00 | 57.08 |
| THIS PATIENTS TOTALS |  | 7330.80 | 113.00 | 0.00 | 397.17 | 6820.63 |
| GRAND TOTALS |  | 7330.80 | 113.00 | 0.00 | 397.17 | 6820.63 |

```
PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):        6820.63
PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER:            0.00
                                          -------------
```

M9EB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

## EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 09/28/12

PAGE    5

\* SUBSCRIBER ID - Redaction¹

```
*       JOHN A GEIGER
*       328 EAST MAIN STREET
*       APARTMENT 322
*       ROCHESTER NY 14604
```

**\* PATIENT NAME — JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| TOTAL PLAN PAYMENT IS: | | | | 6820.63 | | |

FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR
FOR TTY INQUIRIES CALL: (800) 421-1220

MSEB11

# Exhibit 25 - Medicare Blue Choice Explanation of Benefits Dated October 30, 2012



**Excellus**

185 Court Street
Rochester, NY 14847
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action taken on your most recent claim. Please retain this Explanation of Benefits for your records.

DATE: 10/31/12

PAGE    1

\* SUBSCRIBER ID ·Redaction 1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME – JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| CLAIM RECEIVED ON | 10/03/12 | | | | | |

**\* \* \* CLAIM NUMBER 822776315309    \* PROVIDER – BARRY B PLATT PHD                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| 08/28/12  MEDICAL CARE | | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
| CLAIM RECEIVED ON  10/03/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822776315409    \* PROVIDER – BARRY B PLATT PHD                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| 09/06/12  MEDICAL CARE | | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
| CLAIM RECEIVED ON  10/03/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822776315509    \* PROVIDER – BARRY B PLATT PHD                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.

| 09/18/12  MEDICAL CARE | | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
|---|---|---|---|---|---|---|
| | SUB-TOTAL | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
| CLAIM RECEIVED ON  10/03/12 | | | | | | |

**\* \* \* CLAIM NUMBER 822776315609    \* PROVIDER – BARRY B PLATT PHD                     \* \***

PAYMENT, IF ANY, TO PROVIDER(S)   This is an unrelated charge.


**Excellus** ✚ Ⓥ

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

## MEDICARE BLUE CHOICE

## EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 10/31/12

PAGE    2

* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME - JOHN        (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 09/27/12 | MEDICAL CARE | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |
|  | SUB-TOTAL | 79.99 | 0.00 | 0.00 | 35.00 | 44.99 |

CLAIM RECEIVED ON   10/10/12

**\* \* \* CLAIM NUMBER 822847372709   \* PROVIDER - CARE LIFETIME                \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Lifetime Care had a nurse make home visits on September 5, 14 and 27, 2012, a physical therapist make a home visit on September 7, (continued at 1 below)

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 09/05/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
| 09/07/12 | FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
| 09/11/12 | FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
| 09/14/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
| 09/18/12 | FACILITY CARE | 110.00 | 0.00 | 0.00 | 0.00 | 110.00 |
| 09/27/12 | FACILITY CARE | 120.00 | 0.00 | 0.00 | 0.00 | 120.00 |
|  | SUB-TOTAL | 690.00 | 0.00 | 0.00 | 0.00 | 690.00 |

CLAIM RECEIVED ON   10/05/12

**\* \* \* CLAIM NUMBER 822794753609   \* PROVIDER - JOHN K CHAMBERLAIN MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S) This is an unrelated charge.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO-PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 10/01/12 | OFFICE VISITS | 67.28 | 0.00 | 0.00 | 15.00 | 52.28 |
|  | SUB-TOTAL | 67.28 | 0.00 | 0.00 | 15.00 | 52.28 |

CLAIM RECEIVED ON   10/16/12

**\* \* \* CLAIM NUMBER 822904151509   \* PROVIDER - GARY C BESSETTE MD                \* \***

PAYMENT, IF ANY, TO PROVIDER(S) Office visit charge for the August 8, 2012 visit. Note that past 2 charges for Dr. Bessette office visits on August 8, 2012 (continued at 2 below)

(continued from 1 above) and an occupational therapist make home visits on September 11 and 18, 2012.

(Exhibit 22, Page 101) and September 12, 2012 (Exhibit 23, Page 107) have been for radiology and not the office visit itself, as this charge is. The amounts for those 2 charges are both the same and lower than this charge and the date of this charge is too early for the    Page 122 of 174    September 12, 2012 visit (see top of next page, Page 114) so it must be for the August 8, 2012 visit. There will be charges related to these surgeries in the October 2012 Medicare Blue Choice statement.



**Excellus**
165 Court Street
Rochester, NY 14547
A nonprofit independent licensee of the
BlueCross BlueShield Association

## MEDICARE BLUE CHOICE

## EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 10/31/12

PAGE    3

\* SUBSCRIBER ID - Redaction1

\*    JOHN A GEIGER
\*    328 EAST MAIN STREET
\*    APARTMENT 322
\*    ROCHESTER NY 14604

**\* PATIENT NAME - JOHN        (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 09/02/12 | OFFICE VISITS | 50.42 | 0.00 | 0.00 | 0.00 | 50.42 |
| | SUB-TOTAL | 50.42 | 0.00 | 0.00 | 0.00 | 50.42 |

CLAIM RECEIVED ON    09/20/12

**\* \* \* CLAIM NUMBER 622646138203    \* PROVIDER - ST ANNS HOME                \* \***

PAYMENT, IF ANY, TO PROVIDER(S)

Charges for St. Ann's from August 1, 2012 through August 21, 2012. Note that the copay is $25 per day so there was no charge for August 21, 2012.

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|
| 08/01/12 PAID | FACILITY CARE | 1010.26 | 0.00 | 0.00 | 50.00 | 960.26 |
| 08/01/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/01/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/01/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/01/12 | FACILITY CARE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/01/12 PAID | FACILITY CARE | 6933.44 | 0.00 | 0.00 | 400.00 | 6533.44 |
| 08/01/12 PAID | FACILITY CARE | 622.78 | 0.00 | 0.00 | 50.00 | 572.78 |
| | SUB-TOTAL | 8566.48 | 0.00 | 0.00 | 500.00 | 8066.48 |
| | THIS PATIENTS TOTALS | 9694.14 | 0.00 | 0.00 | 655.00 | 9039.14 |
| | GRAND TOTALS | 9694.14 | 0.00 | 0.00 | 655.00 | 9039.14 |

PLAN PAYMENT AMOUNTS PAID TO PROVIDER(S):            9039.14
PLAN PAYMENT AMOUNTS PAID TO SUBSCRIBER:             0.00

MSEB11



**Excellus**

165 Court Street
Rochester, NY 14647
A nonprofit independent licensee of the
BlueCross BlueShield Association

# MEDICARE BLUE CHOICE

# EXPLANATION OF BENEFITS

**THIS IS NOT A BILL**
This is an explanation of the action
taken on your most recent claim.
Please retain this Explanation of
Benefits for your records.

DATE: 10/31/12

PAGE     4

\* SUBSCRIBER ID - Redaction1

```
*    JOHN A GEIGER
*    328 EAST MAIN STREET
*    APARTMENT 322
*    ROCHESTER NY 14604
```

**\* PATIENT NAME — JOHN          (00)**

| DATES OF SERVICE | DESCRIPTION OF SERVICE | TOTAL EXPENSES | EXPENSES EXCLUDED | DEDUCTIBLE APPLIED | CO - PAYMENT | PLAN PAYMENT |
|---|---|---|---|---|---|---|

TOTAL PLAN PAYMENT IS:                                9039.14

FOR CLARIFICATION OF THIS EXPLANATION OF BENEFITS, YOU MAY CALL THE PHONE NUMBER ON YOUR ID CAR
FOR TTY INQUIRIES CALL: (800) 421-1220

MSEB11

# Exhibit 26 - Rochester General Hospital Billing Statement for Period June 26, 2012 Through July 3, 2012

# ROCHESTER GENERAL
HEALTH SYSTEM

| TOTAL AMOUNT DUE: | 550.03 |
| DUE DATE: | 8/22/2012 |

## PLEASE SEE REVERSE SIDE FOR IMPORTANT BILLING INFORMATION

IhallukdlhlaaulaluludhallIIludlhllaulhadhdlldl
004226**029**018**AUTO**3-DIGIT 146
GEIGER,JOHN A
328 E MAIN ST APT 322
ROCHESTER NY 14604-2116

| PLEASE RETAIN THIS STATEMENT FOR YOUR RECORDS. SEE REVERSE SIDE FOR BILL EXPLANATION. | | | | | | |
|---|---|---|---|---|---|---|
| GUARANTOR 12167 | | | STATEMENT DATE 7/25/2012 | | | PAGE 1 of 1 |
| DATE | CODES | DESCRIPTION | CHARGES | PAYMENTS/ ADJUSTMENTS | INSURANCE BALANCE | PATIENT BALANCE |
| Previous Visit Balance - Visit # 100282726 - JOHN A GEIGER | | | | | 0.00 | 275.00 |
| | | CURRENT TOTAL VISIT BALANCE | | | 0.00 | 275.00 |
| Date of Service 6/27/2012 to 7/3/2012 - Visit # 100889661 - JOHN A GEIGER | | | | | | |
| | | Hospital Services (RGH ROCHESTER GENERAL HOSPITAL) | | | | |
| | 0120 | Room and Board - Semi Private | 4,872.00 | | | |
| | 0250 | Pharmacy | 3,057.68 | | | |
| | 0270 | Medical/Surgical Supplies and Device | 15,197.87 | | | |
| | 0300 | Laboratory | 675.90 | | | |
| | 0320 | Radiology - Diagnostic | 2,051.70 | | | |
| | 0360 | Operating Room Services | 7,534.91 | | | |
| | 0390 | Administration, Processing, and Stor | 2,839.20 | | | |
| | 0420 | Physical Therapy | 514.50 | | | |
| | 0430 | Occupational Therapy | 138.60 | | | |
| | 0450 | Emergency Room | 3,285.59 | | | |
| | 0460 | Pulmonary Function | 37.50 | | | |
| | 0630 | | 1,210.82 | | | |
| | 0710 | Recovery Room | 2,928.93 | | | |
| | 0940 | Other Therapeutic Services | 89.05 | | | |
| 7/23/2012 | | CONTRACTUAL WRITE-OFF - EXCELLUS | | -26,258.18 | | |
| 7/23/2012 | | INSURANCE PAYMENT - EXCELLUS | | -17,901.04 | | |
| 7/24/2012 | | IME DEBIT ADJUSTMENT - MEDICARE | | 1,995.94 | | |
| | | HOSPITAL SERVICES BALANCE | | | 1,995.94 | 275.03 |

| IMPORTANT MESSAGES | | |
|---|---|---|
| Failure to contact our business office will result in your account being turned over to collections. | OUTSTANDING BALANCE: | 550.03 |
| | PATIENT PAYMENTS NOT YET APPLIED: | 0.00 |
| | CURRENT BALANCE: | 0.00 |
| | MINIMUM PAYMENT DUE: | 550.03 |

Payment is due upon receipt. Older unpaid balances not on a payment plan may be referred to a collection agency 120 days from the first bill, therefore your prompt attention is appreciated. To provide insurance information or order a detailed bill, you may e-mail all necessary information to IHAVEINSURANCE@ROCHESTERGENERAL.ORG. For more information about insurance, Medicaid, billing, payment plans, or obtaining Financial Assistance, please call (585) 922-1900 or (866) 209-0949, Monday-Friday 8am- 4:30pm.

*To ensure proper credit to your account, detach bottom section and return it with your payment* 2674B NYS-DOH 1/56

---

# ROCHESTER GENERAL
HEALTH SYSTEM

[ ] Please Check Box To Make Changes On The Back

If paying by Credit Card, please complete this section.

VISA [ ]  [ ]  [ ]  [ ]    EXPIRATION DATE
3 DIGIT SECURITY CODE
CREDIT CARD NO. ▼
AMOUNT AUTHORIZED $
X _____
CARDHOLDER SIGNATURE

CHECK/M.O.
AMOUNT ENCLOSED
$ _____

| STATEMENT DATE: | TOTAL AMOUNT DUE: | GUARANTOR: |
|---|---|---|
| 7/25/2012 | 550.03 | 12167 |

PLEASE MAKE CHECK PAYABLE TO:
ROCHESTER GENERAL HOSPITAL
POST OFFICE
P.O. BOX 5443
NEW YORK, NY 10087-5443

PAY YOUR BILL ONLINE AT www.rochestergeneral.org/paybill

GEIGER,JOHN A
328 E MAIN ST APT 322
ROCHESTER NY 14604-2116

0000000000000012167 000005500.3 8

When you provide a check as payment, you authorize us to use information from your check to make a one-time electronic funds transfer from your account. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day you make your payment, and you will not receive your check back from your financial institution. In certain circumstances, such as for technical or processing reasons, we may process your payment as a check transaction.

| | | |
|---|---|---|
| RGHS SUBMITS INSURANCE CLAIMS AS A COURTESY TO OUR PATIENTS AND CLIENTS, BASED ON INFORMATION SUPPLIED TO OUR BILLING OFFICE. | ANY PAYMENT RECEIVED BY THE SUBSCRIBER AS A RESULT OF A CLAIM SUBMISSION SHOULD BE PAID TO RGHS FOR ANY PREVIOUSLY UNPAID SERVICES. ANY AMOUNTS NOT COVERED BY YOUR INSURANCE CARRIER ARE DUE UPON RECEIPT OF THIS BILL. | IF YOU HAVE ANY QUESTIONS REGARDING YOUR INSURANCE COVERAGE, PAYMENT OR DENIALS, PLEASE DIRECT THESE QUESTIONS TO YOUR INSURANCE CARRIER OR YOUR EMPLOYER'S BENEFITS DEPARTMENT. |
| THE AMERICAN RED CROSS SUPPLIES ALL BLOOD TO RGHS AFFILIATES. ANY CHARGES INCURRED ARE FOR PROCESSING AND ADMINISTRATION. | YOU MAY RECEIVE SEPARATE STATEMENTS FROM OTHER PROVIDERS OF CARE. IF YOU HAVE ANY QUESTIONS REGARDING THOSE CHARGES, PLEASE CALL THE OFFICES LISTED ON THEIR STATEMENTS. | YOU MAY QUALIFY FOR FINANCIAL ASSISTANCE. FOR MORE INFORMATION, CALL THE NUMBER LISTED ON THE FRONT OF THIS STATEMENT. |

*PLEASE SAVE FOR YOUR TAX RECORDS*

## IF INSURANCE WAS NOT BILLED, PLEASE SUPPLY INFORMATION BELOW.          DETACH HERE

BLUE SHIELD / BLUE CHOICE / MVP INFORMATION (PLEASE CIRCLE)

PATIENTS DATE OF BIRTH _____

RELATIONSHIP TO SUBSCRIBER _____

SUBSCRIBER'S NAME _____

CONTACT NUMBER _____

| MEDICARE # | MEDICAID RECEIPIENT ID # |
|---|---|

COMMERICAL CARRIER / WORKMANS COMPENSATION / MVA INFORMATION (PLEASE CIRCLE)

POLICY HOLDER NAME                              POLICY #

EMPLOYEE NAME

| JOB RELATED | ☐ YES | AUTO | ☐ YES | DATE OF ONSET | ATTENDING |
|---|---|---|---|---|---|
| ILLNESS OR INJURY | ☐ NO | ACCIDENT | ☐ NO | OR ACCIDENT | PHYSICIAN |

# Exhibit 27 -
# St. Ann's Transitional Care Unit
# Billing Statement
# for Period July 20, 2012
# Through July 31, 2012

**S T A T E M E N T**

# ST. ANN'S HOME
# FOR THE AGED
**1500 PORTLAND AVE**
**ROCHESTER, NY 14621**



**S T . A N N ' S**
C O M M U N I T Y
*Full of Life*

**STATEMENT DATE**

8-08-12

**RESPONSIBLE PARTY:**

GEIGER, JOHN
328 EAST MAIN ST  # 322
ROCHESTER          NY 14604-0000

| | |
|---|---|
| Resident Name: | GEIGER, JOHN  A |
| Account Number: | 066511  F |
| Room Number: | 2112    -P |
| Admission Date: | 07-20-2012 |
| Amount Due: | 324.00 |

Please detach and return top portion with your remittance.
(Retain bottom for your records.)

| DATE | DESCRIPTION | CHARGE | PAYMENT |
|---|---|---|---|
| | Updated Opening Bala | 0.00 | |
| 7-31-12 | COINSURANCE   12 DAYS COINS | 300.00 | |
| 7-31-12  T.V. | 07-31-12 | 24.00 | |

| | | | |
|---|---|---|---|
| | | 324.00 | 0.00 |
| | **TOTAL AMOUNT DUE**<br>**UPON RECEIPT** | | 324.00 |

*If there are questions regarding this statement, contact the*
*business office at:* **(585) 697-6400**

| RESIDENTS NAME | ACCOUNT NUMBER | DATE | AMOUNT DUE |
|---|---|---|---|
| GEIGER        JOHN        A | 066511 | 08-08-12 | 324.00 |

**Remarks:**

TAX ID #16-0743146
SA-1500-1

*ST. ANN'S HOME FOR THE AGED*
*1500 PORTLAND AVE*
*ROCHESTER, NY 14621*

**Change of Address Effective:**_____

*From:*                                    *To:*

_____          _____

_____          _____

| Insurance Carrier | Subscriber # | Member # | Effective: |
|---|---|---|---|
| Blue Cross / Blue Shield | _____ | _____ | _____ |
| Blue Choice | _____ | _____ | _____ |
| Preferred Care | _____ | _____ | _____ |
| Preferred Care Gold | _____ | _____ | _____ |
| Medicare | _____ | _____ | _____ |
| Medicaid | _____ | _____ | _____ |
| Other_____ | _____ | _____ | _____ |

### Explanation of Terms

**Responsible Party**       Person responsible for arranging payment of resident's bill.

**Amount Remitted**         Amount you are paying.

**Updated Opening Balance**  Amount remaining to be paid, reflects payments received prior to statement date; may include payments from third party insurance.

**Payment**                 Amount paid by responsible party or third party.

**Pharmacy (Detail Attached)**  Charges for prescription drugs not in daily rate.

**Current Room Charge**     Room charge for current month (due upon receipt)

**NAMI**                    Net Amount Monthly Income

# Exhibit 28 -
# St. Ann's Transitional Care Unit
# Billing Statement for Period August 1, 2012 Through August 21, 2012

**S T A T E M E N T**

# ST. ANN'S HOME
# FOR THE AGED
**1500 PORTLAND AVE
ROCHESTER, NY 14621**



**S T. A N N ' S**
C O M M U N I T Y
*Full of Life*

**STATEMENT DATE**

9-11-12

| | |
|---|---|
| **RESPONSIBLE PARTY:** | **Resident Name:**  GEIGER, JOHN  A |
| GEIGER, JOHN | **Account Number:**  066511  F |
| 328 EAST MAIN ST  # 322 | **Room Number:**  2112  -P |
| ROCHESTER  NY 14604-0000 | **Admission Date:**  07-20-2012 |
| | **Amount Due:**  864.00 |

Please detach and return top portion with your remittance.
(Retain bottom for your records.)

| DATE | DESCRIPTION | CHARGE | PAYMENT |
|---|---|---|---|
| | Updated Opening Bala | 324.00 | |
| 8-31-12 | COINSURANCE  20 DAYS COINS | 500.00 | |
| 8-31-12  T.V. | 08-21-12 | 40.00 | |

| | | | |
|---|---|---|---|
| | | 864.00 | 0.00 |
| | **TOTAL AMOUNT DUE UPON RECEIPT** | | 864.00 |

*If there are questions regarding this statement, contact the
business office at:* **(585) 697-6400**

| RESIDENTS NAME | ACCOUNT NUMBER | DATE | AMOUNT DUE |
|---|---|---|---|
| GEIGER  JOHN  A | 066511 | 09-11-12 | 864.00 |

**Remarks:**

TAX ID #16-0743146

SA-1500-1

*ST. ANN'S HOME FOR THE AGED
1500 PORTLAND AVE
ROCHESTER, NY 14621*

**Change of Address Effective:**_____

*From:*

_____

_____

*To:*

_____

_____

| Insurance Carrier | Subscriber # | Member # | Effective: |
|---|---|---|---|
| Blue Cross / Blue Shield | _____ | _____ | _____ |
| Blue Choice | _____ | _____ | _____ |
| Preferred Care | _____ | _____ | _____ |
| Preferred Care Gold | _____ | _____ | _____ |
| Medicare | _____ | _____ | _____ |
| Medicaid | _____ | _____ | _____ |
| Other_____ | _____ | _____ | _____ |

## Explanation of Terms

| | |
|---|---|
| **Responsible Party** | Person responsible for arranging payment of resident's bill. |
| **Amount Remitted** | Amount you are paying. |
| **Updated Opening Balance** | Amount remaining to be paid, reflects payments received prior to statement date; may include payments from third party insurance. |
| **Payment** | Amount paid by responsible party or third party. |
| **Pharmacy (Detail Attached)** | Charges for prescription drugs not in daily rate. |
| **Current Room Charge** | Room charge for current month (due upon receipt) |
| **NAMI** | Net Amount Monthly Income |

# Exhibit 29 - Rural Metro Invoice for June 27, 2012



You can EMAIL us at: RMCollect@rmetro.com

If you provide insurance information, we may be able to bill on your behalf:

INSURANCE NAME: _____

INSURANCE PHONE NO: _____

INSURANCE ADDRESS: _____

POLICY/MEDICARE NO: _____

GROUP NO: _____

NAME OF INSURED: _____

INSURED DATE OF BIRTH: _____

EMPLOYER/SCHOOL: _____

DAY TIME PHONE: _____

PO BOX 3495
TOLEDO, OH 43607
For Post Office use only
1009462412

16804-Q289



RETURN SERVICE REQUESTED

31147 0101

| PAY THIS AMOUNT | INVOICE # | DATE |
|---|---|---|
| $125.00 | NY1009462412 | 7/11/12 |

16804-Q289*TJQ0BTGTV000071

JOHN GEIGER
328 E MAIN ST APT 322
ROCHESTER, NY 14604-2116

RURAL METRO MEDICAL SERVICES
PO BOX 6623 CHURCH ST. STATION
NEW YORK, NY 10249-6623

NY 00010094624128 00000012500 5

**PAGE NO. 1 OF 1**

PB

☐ Please check box if your address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

PLEASE DETACH AT PERF AND RETURN TOP PORTION WITH YOUR PAYMENT   **STATEMENT**   PATIENT: GEIGER, JOHN

100007

SERVICE PROVIDED BY:
**RURAL METRO MEDICAL SERVICES**
Federal Employer ID 16-0769150

CALL SOURCE: 911
PICK-UP: 328 E MAIN ST APT 3
DESTINATION: ROCHESTER GENERAL HOSPITAL

| DATE OF SERVICE | PAYMENT/ ADJUST DATE | DESCRIPTION OF SERVICE | QTY/ UNITS | CHARGE RATE | AMOUNT |
|---|---|---|---|---|---|
| 06/27/12 | | ALS1,EMERGENCY | 1 | 912.53 | 912.53 |
| 06/27/12 | | ALS/BLS MILEAGE | 4 | 14.21 | 56.84 |
| | 07/02/12 | CNT ALLOW-MEDICARE | 1 | | -28.72 |
| | 07/02/12 | CNT ALLOW-MEDICARE | 1 | | -514.64 |
| | 07/10/12 | Pymt-MEDICARE BLUE CHOICE | 1 | | -301.01 |

**We recently had the opportunity to serve you by providing medical services and/or transportation as required by your medical situation.**

**At this time, the balance for the above account is now due and payable. We request that you remit the balance in full today, or that you contact our office to make payment arrangements.**

**If you provide us with insurance information, we may be able to submit a claim on your behalf; however, payment in full is due upon receipt of this bill. You can email us at : RMCollect@rmetro.com.**

**Visa, Mastercard, Discover, American Express or your personal check is accepted by phone.**

*We care about the quality of service you received.*
*Please provide your feedback by completing our Customer Survey at : www.ruralmetro.com/customer-service-survey/*

| CUST ACCT # | INVOICE # | SERVICE DATE | TIME OF CALL | INCIDENT # | TOTAL PAID | TOTAL CHARGES |
|---|---|---|---|---|---|---|
| NY4892173 | NY1009462412 | 6/27/12 | 21:05:32 | 0001009649623 | $301.01 | $969.37 |

INQUIRIES CALL:   315/471-4146   OR: 1 800/961-9356


"Easy, Fast, Safe and Immediate"

Pay your bill instantly ON-LINE or by TELEPHONE 24 hours a day.
For ON-LINE PAYMENTS:   www.ruralmetro.com/pay-online
For TELEPHONE PAYMENTS: 1-866-215-2699 (Toll Free)

| PLEASE PAY THIS AMOUNT | $125.00 |
|---|---|

PB                    **THIS BILL IS YOUR RESPONSIBILITY**

16804-Q289*TJQ0BTGTV000071

# Exhibit 30 - Rural Metro Invoice for July 5, 2012



PO BOX 3495
TOLEDO, OH 43607
For Post Office use only
1009504084

16804-Q289

RETURN SERVICE REQUESTED

005538 0101

**INSURANCE INFORMATION**

You can EMAIL us at: RMCollect@rmetro.com

If you provide insurance information, we may be able to bill on your behalf:

INSURANCE NAME: _____

INSURANCE PHONE NO: _____

INSURANCE ADDRESS: _____

POLICY/MEDICARE NO: _____

GROUP NO: _____

NAME OF INSURED: _____

INSURED DATE OF BIRTH: _____

EMPLOYER/SCHOOL: _____

DAY TIME PHONE: _____

| PAY THIS AMOUNT | INVOICE # | DATE |
|---|---|---|
| **$125.00** | NY1009504084 | 7/19/12 |

16804-Q289*TJY0BTADF000054

JOHN GEIGER
328 E MAIN ST APT 322
ROCHESTER, NY 14604-2116

**RURAL METRO MEDICAL SERVICES**
PO BOX 6623 CHURCH ST. STATION
NEW YORK, NY 10249-6623

PB

☐ Please check box if your address is incorrect or insurance information has changed, and indicate change(s) on reverse side.

NY 00010095040845 00000012500 5

**PAGE NO. 1 OF 1**

PLEASE DETACH AT PERF AND RETURN TOP PORTION WITH YOUR PAYMENT

**STATEMENT**    PATIENT: GEIGER, JOHN

SERVICE PROVIDED BY:
**RURAL METRO MEDICAL SERVICES**
Federal Employer ID 16-0769150

CALL SOURCE: 911
PICK-UP:  328 E MAIN ST  APT 3
DESTINATION:  ROCHESTER GENERAL HOSPITAL

| DATE OF SERVICE | PAYMENT/ ADJUST DATE | DESCRIPTION OF SERVICE | QTY/ UNITS | CHARGE RATE | AMOUNT |
|---|---|---|---|---|---|
| 07/05/12 | | BLS EMERGENCY | 1 | 652.73 | 652.73 |
| 07/05/12 | | ALS/BLS MILEAGE | 4 | 16.90 | 67.60 |
| | 07/10/12 | CNT ALLOW-MEDICARE | 1 | | -39.48 |
| | 07/10/12 | CNT ALLOW-MEDICARE | 1 | | -317.66 |
| | 07/17/12 | Pymt-MEDICARE BLUE CHOICE | | | -238.19 |

We recently had the opportunity to serve you by providing medical services and/or transportation as required by your medical situation.

At this time, the balance for the above account is now due and payable. We request that you remit the balance in full today, or that you contact our office to make payment arrangements.

If you provide us with insurance information, we may be able to submit a claim on your behalf; however, payment in full is due upon receipt of this bill. You can email us at : RMCollect@rmetro.com.

Visa, Mastercard, Discover, American Express or your personal check is accepted by phone.

*We care about the quality of service you received.*
*Please provide your feedback by completing our Customer Survey at : www.ruralmetro.com/customer-service-survey/*

| CUST ACCT # | INVOICE # | SERVICE DATE | TIME OF CALL | INCIDENT # | TOTAL PAID | TOTAL CHARGES |
|---|---|---|---|---|---|---|
| NY4892173 | NY1009504084 | 7/05/12 | 18:19:55 | 0001009689896 | $238.19 | $720.33 |

INQUIRIES CALL:  315/471-4146  OR: 1 800/961-9356

**PAY·ONLINE**
*"Easy, Fast, Safe and Immediate"*

Pay your bill instantly ON-LINE or by TELEPHONE 24 hours a day.
For ON-LINE PAYMENTS:  www.ruralmetro.com/pay-online
For TELEPHONE PAYMENTS:1-866-215-2699 (Toll Free)

**PLEASE PAY THIS AMOUNT**  $125.00

PB    **THIS BILL IS YOUR RESPONSIBILITY**

16804-Q289*TJY0BTADF000054

# Exhibit 31 -
# Genesee Transportation, Inc. Invoice
# for July 20, 2012

# Genesee Transportation, Inc.

355 Portland Avenue - Rochester - NY - 14605
Phone: (585) 256-1510  --  Fax: (585) 256-1518
Tax Identification #: 16-1357340

## Invoice

| BILL TO | | DATE | INVOICE # |
|---|---|---|---|
| Geiger, John A<br>328 East Main St<br>Apt. 322<br>Rochester, NY 14604 | | 7/24/2012 | GT072012JG |

| | Client # | TERMS |
|---|---|---|
| | 090660 | Due on receipt |

| QTY | SERVICE DATE | DESCRIPTION | RATE | AMOUNT |
|---|---|---|---|---|
| 1 | 7/20/2012 | Wheelchair Service-Transportation for John Geiger from Rochester General Hospital to St. Ann's | 40.00 | 40.00 |

### RETURN ONE COPY OF THE INVOICE WITH YOUR PAYMENT

To pay by credit card -- call 256-1510

A 1.5% Late Charge will be added to balances 30 days apast due.  Pay promptly to avoid these charges.

| Total | $40.00 |
|---|---|
| Payments/Credits | $0.00 |
| Balance Due | $40.00 |

# Exhibit 32 - MediCab Invoice for August 8, 2012 and August 14, 2012

# MEDICAB

**1449 HUDSON AVE**
**ROCHESTER**
**NY 14621-1716**

# INVOICE

**Private Billing    Page: 1**
**Inv #201208160050**
**Date:October 04, 2012**

---

**Bill To:**

JOHN GEIGER
328 E. MAIN STREET  #322

ROCHESTER, NY 14604

**Client:**

JOHN, GEIGER
1500 PORTLAND AVE.
TCC...2112
ROCHESTER, NY 14621

---

| Date | From | To | Auth | Unit $ | Ext. $ |
|------|------|-----|------|--------|--------|
| 08/08/2012 | 1500 PORTLAND AVE.(TCC...2112), ROCHESTE | 20 HAGEN DR, ROCHESTER | | 42.00 | 42.00 |
| 08/08/2012 | 20 HAGEN DR, ROCHESTER NY | 1500 PORTLAND AVE., ROCHESTER | | 42.00 | 42.00 |
| 08/14/2012 | 1500 PORTLAND AVE.(TCC...2112), ROCHESTE | 1425 PORTLAND AVE, ROCHESTER | | 42.00 | 42.00 |
| 08/14/2012 | 1425 PORTLAND AVE, ROCHESTER NY | 1500 PORTLAND AVE., ROCHESTER | | 42.00 | 42.00 |

|  |  |
|------|--------|
| **Total** | 168.00 |
| **Bal. Due** | 168.00 |

VISA
MASTERCARD
&
DISCOVER
585-342-7150

**Thank you for your business**
**Please make check payable to :MEDICAB**

This invoice is now over 30 days
past due.
Please forward your payment **TODAY**.

# Exhibit 33 - MediCab Receipt for August 21, 2012

## RECEIPT

Cash.    **No.** 524419

DATE  8-21-12

FROM  Geiger John                    $ 42.00

Forty two dollars |⁰⁰/₁₀₀ ———————— DOLLARS

○ FOR RENT
○ FOR          One way Transport MediCab
                          of Rochester

| ACCT. | | ○ CASH | ST. Ann's 329 |
|-------|--|--------|----------------|
| PAID | 42 00 | ○ CHECK | FROM T.C.C  TO E.MAIN ST. |
|       |  | ○ MONEY ORDER | |
| DUE |  | ○ CREDIT CARD | BY OPCLA "88 (ZA) |

# Exhibit 34 - Receipts for Various Adaptive Equipment As Aids for Daily Living With Dates Between August 2, 2012 and August 22, 2012



6)

7)

1)

5)

Clockwise from upper right: 1) Trapeze top (to help a person get into bed), 2) Trapeze base (required if Trapeze top cannot be attached to headboard), 3) Toilet riser, 4) Toilet standalone support, 5) Bed pull-up, 6) Bed handrail, and 7) Platform walker.

3)

2)

4)

**amazon**.com

## Final Details for Order #103-4206090-2440259
Print this page for your records.

**Order Placed:** August 9, 2012
**Amazon.com order number:** 103-4206090-2440259
**Order Total:** $109.11

| Shipped on August 13, 2012 |
|---|

| **Items Ordered** | **Price** |
|---|---|
| 1 of: *Drive Medical Trapeze Bar with Silver Vein Finish*<br>Condition: New<br>Sold by: The Price Pros (seller profile) | $102.58 |

| **Shipping Address:** | | |
|---|---|---|
| John A. Geiger | Item(s) Subtotal: | $102.58 |
| 328 E MAIN ST APT 322 | Shipping & Handling: | $6.53 |
| ROCHESTER, NEW YORK 14604-2116 | | ----- |
| United States | Total Before Tax: | $109.11 |
| | Sales Tax: | $0.00 |
| | | ----- |
| **Shipping Speed:** | **Total for This Shipment:** | **$109.11** |
| Standard | | ----- |

| Payment Information |
|---|

| **Payment Method:** | | |
|---|---|---|
| Visa \| Last digits: 0956 | Item(s) Subtotal: | $102.58 |
| | Shipping & Handling: | $6.53 |
| **Billing Address:** | | ----- |
| Robert Geiger | Total Before Tax: | $109.11 |
| 550 Beadle Road | Estimated Tax To Be Collected: | $0.00 |
| Brockport, New York 14420 | | ----- |
| United States | **Grand Total:** | **$109.11** |

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates



## Final Details for Order #103-0898865-3602643
Print this page for your records.

**Order Placed:** August 9, 2012
**Amazon.com order number:** 103-0898865-3602643
**Order Total: $97.59**

---

### Shipped on August 13, 2012

| **Items Ordered** | **Price** |
|---|---|
| 1 of: *Drive Medical Trapeze Base with Silver Vein Finish*<br>Condition: New<br>Sold by: Amazon.com LLC | $97.59 |

| **Shipping Address:**<br>John A. Geiger<br>328 E MAIN ST APT 322<br>ROCHESTER, NEW YORK 14604-2116<br>United States | Item(s) Subtotal: $97.59<br>Shipping & Handling:  $0.00<br>-----<br>Total Before Tax: $97.59<br>Sales Tax:  $0.00<br>----- |
|---|---|
| **Shipping Speed:**<br>Standard Shipping | **Total for This Shipment: $97.59**<br>----- |

---

### Payment Information

| **Payment Method:**<br>Visa | Last digits: 0956 | Item(s) Subtotal: $97.59<br>Shipping & Handling:  $0.00<br>----- |
|---|---|
| **Billing Address:**<br>Robert Geiger<br>550 Beadle Road<br>Brockport, New York 14420<br>United States | Total Before Tax: $97.59<br>Estimated Tax To Be Collected:  $0.00<br>-----<br>**Grand Total: $97.59** |

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates



Final Details for Order #103-7323753-4077867
Print this page for your records.

**Order Placed:** August 10, 2012
**Amazon.com order number:** 103-7323753-4077867
**Order Total: $34.55**

---

### Shipped on August 11, 2012

| Items Ordered | Price |
|---|---|
| 1 of: *Essential Medical Supply Toilet Seat Riser, Standard*<br>Condition: New<br>Sold by: Amazon.com LLC | $31.99 |

| **Shipping Address:** | Item(s) Subtotal: | $31.99 |
|---|---|---|
| John A. Geiger | Shipping & Handling: | $0.00 |
| 328 E MAIN ST APT 322 | | ----- |
| ROCHESTER, NEW YORK 14604-2116 | Total Before Tax: | $31.99 |
| United States | Sales Tax: | $2.56 |
| | | ----- |
| **Shipping Speed:** | **Total for This Shipment:** | **$34.55** |
| Two-Day Shipping | | ----- |

---

### Payment Information

| **Payment Method:** | Item(s) Subtotal: | $31.99 |
|---|---|---|
| Visa \| Last digits: 0956 | Shipping & Handling: | $0.00 |
| | | ----- |
| **Billing Address:** | Total Before Tax: | $31.99 |
| Robert Geiger | Estimated Tax To Be Collected: | $2.56 |
| 550 Beadle Road | | ----- |
| Brockport, New York 14420 | **Grand Total:** | **$34.55** |
| United States | | |

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates



## Final Details for Order #102-8561702-5831456

Print this page for your records.

**Order Placed:** August 6, 2012
**Amazon.com order number:** 102-8561702-5831456
**Order Total:** $39.63

---

### Shipped on August 7, 2012

| **Items Ordered** | **Price** |
| --- | --- |
| 1 of: *Ideaworks JB4349 Deluxe Toilet Safety Support*<br>Condition: New<br>Sold by: Amazon.com LLC | $36.69 |

| **Shipping Address:**<br>John A. Geiger<br>328 E MAIN ST APT 322<br>ROCHESTER, NEW YORK 14604-2116<br>United States | Item(s) Subtotal: $36.69<br>Shipping & Handling:   $0.00<br>-----<br>Total Before Tax: $36.69<br>Sales Tax:   $2.94<br>-----<br>**Total for This Shipment: $39.63**<br>----- |
| **Shipping Speed:**<br>Standard Shipping | |

---

### Payment Information

| **Payment Method:**<br>Visa \| Last digits: 0956 | Item(s) Subtotal: $36.69<br>Shipping & Handling:   $0.00<br>----- |
| --- | --- |
| **Billing Address:**<br>Robert Geiger<br>550 Beadle Road<br>Brockport, New York 14420<br>United States | Total Before Tax: $36.69<br>Estimated Tax To Be Collected:   $2.94<br>-----<br>**Grand Total: $39.63** |

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates

# amazon.com

## Final Details for Order #102-9056702-9013059
Print this page for your records.

**Order Placed:** August 2, 2012
**Amazon.com order number:** 102-9056702-9013059
**Order Total: $98.94**

---

### Shipped on August 3, 2012

| Items Ordered | Price |
|---|---|
| 2 of: *SafetySure Bed Pull-Up*<br>Condition: New<br>Sold by: Wayfair (seller profile) | $49.47 |

| | |
|---|---|
| **Shipping Address:**<br>John A. Geiger<br>1500 Portland Avenue<br>Transitional Care Center Room 2112 St. Anne's Community<br>Rochester, New York 14621<br>United States | Item(s) Subtotal: $98.94<br>Shipping & Handling:  $0.00<br>-----<br>Total Before Tax: $98.94<br>Sales Tax:  $0.00<br>----- |
| **Shipping Speed:**<br>Standard | **Total for This Shipment: $98.94**<br>----- |

---

### Payment Information

| | |
|---|---|
| **Payment Method:**<br>Visa \| Last digits: 0956 | Item(s) Subtotal: $98.94<br>Shipping & Handling:  $0.00<br>----- |
| **Billing Address:**<br>Robert Geiger<br>550 Beadle Road<br>Brockport, New York 14420<br>United States | Total Before Tax: $98.94<br>Estimated Tax To Be Collected:  $0.00<br>-----<br>**Grand Total: $98.94** |

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates

**amazon**.com

## Final Details for Order #102-0193393-4186602
Print this page for your records.

**Order Placed:** August 2, 2012
**Amazon.com order number:** 102-0193393-4186602
**Seller's order number:** 744431
**Order Total: $62.91**

---

### Shipped on August 7, 2012

| **Items Ordered** | **Price** |
|---|---|
| 1 of: *Freedom Grip? Plus Bed Handle*<br>Condition: New<br>Sold by: OJMedical (seller profile) | $55.96 |

**Shipping Address:**
John A. Geiger
1500 Portland Avenue
Transitional Care Center Room 2112 St. Anne's Community
Rochester, New York 14621
United States

**Shipping Speed:**
Standard

Item(s) Subtotal: $55.96
Shipping & Handling:  $6.95
-----
Total Before Tax: $62.91
Sales Tax:  $0.00
-----
**Total for This Shipment: $62.91**
-----

---

### Payment Information

**Payment Method:**
Visa | Last digits: 0956

**Billing Address:**
Robert Geiger
550 Beadle Road
Brockport, New York 14420
United States

Item(s) Subtotal: $55.96
Shipping & Handling:  $6.95
-----
Total Before Tax: $62.91
Estimated Tax To Be Collected:  $0.00
-----
**Grand Total: $62.91**

---

To view the status of your order, return to Order Summary.

**Please note:** This is not a VAT invoice.

Conditions of Use | Privacy Notice © 1996-2012, Amazon.com, Inc. or its affiliates

**HALPRIN MEDICAL & SURGICAL SUPPLY**
Returned Mail Only - No Payments
P.O. BOX 7401
SHAWNEE MISSION, KS 66207

IF PAYING BY CREDIT CARD FILL OUT BELOW

| VISA | ☐ VISA | ☐ MASTERCARD | ☐ DISC VER DISCOVER |
|------|--------|--------------|---------------------|

| CARD NUMBER | | SIGNATURE CODE |
|-------------|--|----------------|
| SIGNATURE | | EXP. DATE |

| PATIENT NAME | | DATE SENT |
|--------------|--|-----------|
| JOHN GEIGER | | 9 /19/2012 |

| ACCOUNT NUMBER | AMOUNT DUE | AMOUNT PAYING |
|----------------|-----------|---------------|
| 13201 | $27.17 | |

INVOICE #: 137592

ADDRESSEE:

JOHN GEIGER
328 E MAIN ST APT 322
ROCHESTER, NY 14604-2116

547

REMIT THIS PAYMENT STUB TO:

Halprin Medical & Surgical Supply
64 West Ave.
CANANDAIGUA, NY 14424

☐ Please check box if above address is incorrect or insurance
information has changed, and indicate change(s) on reverse side.

**PLEASE DETACH AND RETURN TOP PORTION WITH YOUR PAYMENT. PLEASE RETAIN BOTTOM PORTION FOR YOUR RECORDS.**

Dear JOHN GEIGER,
We have billed your insurance as a courtesy. This bill and any unpaid balance may be the
result of an un-met deductible or co-insurance based on your policy coverage. Please refer to
the Explanation of Benefits(EOB) you received for this service.

Insurance questions should be directed to your insurance or Medicare carrier for an
explanation of your policy coverage.

*Halprin*
Home Oxygen & Medical Equipment

*Thank you* for choosing us for your
healthcare needs.

## INVOICE STATEMENT - PAYMENT DUE UPON RECEIPT

| SERVICE DATE | INVOICE #_HCPC CODE_DESCRIPTION | CHARGE |
|--------------|--------------------------------|--------|
| 08/22/2012 | 137592. 1 - E0143 - WALKER ADULT W/5IN WH & GL CAP | $17.81 |
| 08/22/2012 | 137592. 2 - E0154 - PLATFORM ATTACH. WALKER EA | $9.36 |

More charges may appear on back

### ▶ IMPORTANT MESSAGES

- Payments made within 10 days prior to this invoice may not be reflected
  in the account balance.
- A service fee may be added to any invoice not paid within 30 days.

### ▶ ACCOUNT SUMMARY

| | |
|--|--|
| Account Number | 13201 |
| New Charges | $27.17 |
| Previous Account Balance (May not include late fees) | $0.00 |
| Balance now due from all open invoices | $27.17 |
| **PLEASE PAY THIS AMOUNT NOW** | **$27.17** |

### ▶ INSURANCE INFORMATION

| | |
|--|--|
| Primary | MEDICARE BLUE CHOICE |
| Name of Insured | GEIGER, JOHN |
| Policy Number | ZFM1861N801100 |
| Secondary | NY MEDICAID |
| Name of Insured | GEIGER, JOHN |
| Policy Number | EG33332S |

### ▶ CONTACT US

**FOR BILLING INQUIRIES**
  **Call:** NEW # (585) 394-4257

**OFFICE HOURS**
  M-F 9:00am - 5:00pm EST

32007605

# Exhibit 35 - John A. Geiger Prescription Drug Claims for Period January 1, 2012 Through September 19, 2012



‹ Return to View Your Drug Claims Page

## Prescription Drug Claim Results

### Summary (Data is current as of 09/21/2012):

| Insurance Paid | You Paid | Total Copay | Total Deductible |
|---|---|---|---|
| $33,504.04 | $38.10 | $38.10 | $0.00 |

**Claim search results by date:** 01/01/2012 through 09/21/2012

### Claim Details:

**Tip:** Select a Drug Name to learn more about the medication, including lower cost options, possible side effects or drug interactions. These results may not include claims that are in-process.

| Date of Fill | Pharmacy | Drug Name | Generic or Brand | Insurance Paid | Your Cost |
|---|---|---|---|---|---|
| 09/19/2012 | TOPS PHARMACY | HUMIRA | Brand | $2,090.84 | $0.00 |
| 09/18/2012 | TOPS PHARMACY | FLUOXETINE HCL | Generic | $10.85 | $0.00 |
| 09/18/2012 | TOPS PHARMACY | OMEPRAZOLE | Generic | $5.45 | $0.00 |
| 08/29/2012 | TOPS PHARMACY | MODAFINIL | Generic | $1,500.65 | $0.00 |
| 08/22/2012 | TOPS PHARMACY | CEPHALEXIN | Generic | $17.45 | $0.00 |
| 08/22/2012 | TOPS PHARMACY | FENTANYL | Generic | $70.15 | $0.00 |
| 08/22/2012 | TOPS PHARMACY | FENTANYL | Generic | $201.15 | $0.00 |
| 08/22/2012 | TOPS PHARMACY | OXYCODONE HCL | Generic | $58.80 | $0.00 |
| 08/08/2012 | TOPS PHARMACY | HUMIRA | Brand | $2,090.84 | $0.00 |
| 07/05/2012 | TOPS PHARMACY | HUMIRA | Brand | $2,090.84 | $0.00 |
| 06/27/2012 | TOPS PHARMACY | ENDOCET | Generic | $27.05 | $0.00 |
| 06/27/2012 | TOPS PHARMACY | METHOTREXATE | Generic | $6.85 | $0.00 |
| 06/27/2012 | TOPS PHARMACY | MODAFINIL | Generic | $1,500.65 | $0.00 |
| 06/23/2012 | TOPS PHARMACY | AMOXICILLIN | Generic | $16.55 | $0.00 |
| 06/23/2012 | TOPS PHARMACY | FLUOXETINE HCL | Generic | $10.85 | $0.00 |
| 06/23/2012 | TOPS PHARMACY | GABAPENTIN | Generic | $26.45 | $0.00 |
| 06/14/2012 | TOPS PHARMACY | HUMIRA | Brand | $1,955.97 | $0.00 |
| 06/07/2012 | TOPS PHARMACY | FENTANYL | Generic | $73.13 | $0.00 |
| 06/07/2012 | TOPS PHARMACY | FENTANYL | Generic | $213.89 | $0.00 |
| 06/06/2012 | TOPS PHARMACY | LISINOPRIL-HYDROCHLOROTHIAZIDE | Generic | $8.32 | $0.00 |
| 06/06/2012 | TOPS PHARMACY | METHOTREXATE | Generic | $6.85 | $0.00 |
| 06/06/2012 | TOPS PHARMACY | OMEPRAZOLE | Generic | $5.45 | $0.00 |
| 05/30/2012 | TOPS PHARMACY | ALENDRONATE SODIUM | Generic | $8.88 | $0.00 |
| 05/25/2012 | TOPS PHARMACY | ENDOCET | Generic | $52.85 | $0.00 |
| 05/22/2012 | TOPS PHARMACY | FLUOXETINE HCL | Generic | $12.05 | $0.00 |
| 05/22/2012 | TOPS PHARMACY | INDOMETHACIN | Generic | $327.78 | $0.00 |
| 05/22/2012 | TOPS PHARMACY | MODAFINIL | Generic | $1,701.28 | $0.00 |
| 05/15/2012 | TOPS PHARMACY | HUMIRA | Brand | $1,955.97 | $0.00 |
| 05/12/2012 | TOPS PHARMACY | GABAPENTIN | Generic | $28.55 | $0.00 |
| 05/10/2012 | TOPS PHARMACY | FENTANYL | Generic | $73.13 | $0.00 |
| 05/10/2012 | TOPS PHARMACY | FENTANYL | Generic | $213.89 | $0.00 |
| 05/09/2012 | TOPS PHARMACY | AMOXICILLIN | Generic | $16.55 | $0.00 |
| 05/09/2012 | TOPS PHARMACY | FOLIC ACID | Generic | $1.00 | $2.60 |
| 05/09/2012 | TOPS PHARMACY | LISINOPRIL-HYDROCHLOROTHIAZIDE | Generic | $4.02 | $0.00 |
| 05/09/2012 | TOPS PHARMACY | METHOTREXATE | Generic | $6.85 | $0.00 |

| | | | | |
|---|---|---|---|---|
| 05/09/2012 TOPS PHARMACY | OMEPRAZOLE | Generic | $5.75 | $0.00 |
| 04/25/2012 TOPS PHARMACY | ENDOCET | Generic | $78.65 | $0.00 |
| 04/23/2012 TOPS PHARMACY | PROVIGIL | Brand | $1,890.29 | $0.00 |
| 04/20/2012 TOPS PHARMACY | PROVIGIL | Brand | $1,890.29 | $0.00 |
| 04/17/2012 TOPS PHARMACY | PROVIGIL | Brand | $316.09 | $0.00 |
| 04/14/2012 TOPS PHARMACY | FLUOXETINE HCL | Generic | $13.49 | $0.00 |
| 04/14/2012 TOPS PHARMACY | METHOTREXATE | Generic | $6.85 | $0.00 |
| 04/14/2012 TOPS PHARMACY | OMEPRAZOLE | Generic | $6.05 | $0.00 |
| 04/10/2012 TOPS PHARMACY | GABAPENTIN | Generic | $30.65 | $0.00 |
| 04/07/2012 TOPS PHARMACY | FENTANYL | Generic | $213.89 | $0.00 |
| 04/07/2012 TOPS PHARMACY | FENTANYL | Generic | $73.13 | $0.00 |
| 04/06/2012 TOPS PHARMACY | HUMIRA | Brand | $1,955.97 | $0.00 |
| 04/06/2012 TOPS PHARMACY | LISINOPRIL-HYDROCHLOROTHIAZIDE | Generic | $4.02 | $0.00 |
| 04/05/2012 TOPS PHARMACY | AMOXICILLIN | Generic | $16.55 | $0.00 |
| 03/26/2012 TOPS PHARMACY | LISINOPRIL-HYDROCHLOROTHIAZIDE | Generic | $11.25 | $0.00 |
| 03/24/2012 TOPS PHARMACY | ALENDRONATE SODIUM | Generic | $10.22 | $0.00 |
| 03/16/2012 TOPS PHARMACY | FLUOXETINE HCL | Generic | $13.49 | $0.00 |
| 03/14/2012 TOPS PHARMACY | OMEPRAZOLE | Generic | $6.05 | $0.00 |
| 03/08/2012 TOPS PHARMACY | ENDOCET | Generic | $78.65 | $0.00 |
| 03/08/2012 TOPS PHARMACY | FENTANYL | Generic | $213.89 | $0.00 |
| 03/08/2012 TOPS PHARMACY | FENTANYL | Generic | $73.13 | $0.00 |
| 03/07/2012 TOPS PHARMACY | HUMIRA | Brand | $1,955.97 | $0.00 |
| 03/03/2012 TOPS PHARMACY | AMOXICILLIN | Generic | $15.45 | $1.10 |
| 03/03/2012 TOPS PHARMACY | PROVIGIL | Brand | $1,886.99 | $3.30 |
| 02/28/2012 TOPS PHARMACY | METHOTREXATE | Generic | $4.83 | $1.10 |
| 02/22/2012 TOPS PHARMACY | GABAPENTIN | Generic | $29.55 | $1.10 |
| 02/15/2012 TOPS PHARMACY | INDOMETHACIN | Generic | $326.68 | $1.10 |
| 02/11/2012 TOPS PHARMACY | HUMIRA | Brand | $1,952.67 | $3.30 |
| 02/08/2012 TOPS PHARMACY | FLUOXETINE HCL | Generic | $12.39 | $1.10 |
| 02/08/2012 TOPS PHARMACY | METHOTREXATE | Generic | $4.83 | $1.10 |
| 02/08/2012 TOPS PHARMACY | OMEPRAZOLE | Generic | $4.95 | $1.10 |
| 02/03/2012 TOPS PHARMACY | ENDOCET | Generic | $77.55 | $1.10 |
| 02/03/2012 TOPS PHARMACY | FENTANYL | Generic | $72.03 | $1.10 |
| 02/03/2012 TOPS PHARMACY | FENTANYL | Generic | $212.79 | $1.10 |
| 01/31/2012 TOPS PHARMACY | PROVIGIL | Brand | $1,572.83 | $3.30 |
| 01/30/2012 TOPS PHARMACY | AMOXICILLIN | Generic | $15.45 | $1.10 |
| 01/30/2012 TOPS PHARMACY | GABAPENTIN | Generic | $29.55 | $1.10 |
| 01/23/2012 TOPS PHARMACY | HUMIRA | Brand | $1,952.67 | $3.30 |
| 01/22/2012 WEGMANS PHARMACY 062 | OXYCODONE-ACETAMINOPHEN | Generic | $44.50 | $1.10 |
| 01/22/2012 WEGMANS PHARMACY 062 | WARFARIN SODIUM | Generic | $10.01 | $1.10 |
| 01/06/2012 TOPS PHARMACY | FOLIC ACID | Generic | $0.00 | $3.60 |
| 01/05/2012 TOPS PHARMACY | FLUOXETINE HCL | Generic | $12.39 | $1.10 |
| 01/05/2012 TOPS PHARMACY | METHOTREXATE | Generic | $4.83 | $1.10 |
| 01/05/2012 TOPS PHARMACY | OMEPRAZOLE | Generic | $4.95 | $1.10 |

# Exhibit 36 - John A. Geiger PACER Account Activity for Period June 1, 2012 Through August 31, 2012

```
CUSTOMER NUMBER: JG1619
DATE RANGE:       06/01/2012 - 08/31/2012                    PAGE:          1

DATE      CLIENT CODE                     TIME IN  DESCRIPTION
          SEARCH CRITERIA                          PAGES      AMOUNT
-----------------------------------------------------------------------------
COURT: U.S. COURT OF APPEALS, SECOND CIRCUIT (02CA)
  06/07/2012                              08:33:04 CASE SELECTION TABLE
            CASE: 11-652                                1           0.10
  06/07/2012                              08:33:21 CASE SUMMARY
            11-652                                      1           0.10
  06/07/2012                              08:33:35 PDF DOCUMENT
            CASE: 11-652, DOCUMENT: 87                  5           0.50
  06/07/2012                              08:35:15 DOCKET REPORT (FULL)
            11-652                                      2           0.20
  06/20/2012                              17:35:18 CASE SELECTION TABLE
            CASE: 11-652                                1           0.10
  06/21/2012                              18:29:24 CASE SELECTION TABLE
            CASE: 11-652                                1           0.10
  08/23/2012                              20:45:45 CASE SELECTION TABLE
            CASE: 11-652                                1           0.10
  08/23/2012                              20:46:00 CASE SUMMARY
            11-652                                      1           0.10
  08/23/2012                              20:46:37 PDF DOCUMENT
            CASE: 11-652, DOCUMENT: 97                  1           0.10
  08/23/2012                              20:48:59 PDF DOCUMENT
            CASE: 11-652, DOCUMENT: 91                  5           0.50
  08/23/2012                              20:49:38 PDF DOCUMENT
            CASE: 11-652, DOCUMENT: 92                  2           0.20
  08/26/2012                              23:21:35 CASE SELECTION TABLE
            CASE: 11-652                                1           0.10
  08/26/2012                              23:21:43 CASE SUMMARY
            11-652                                      1           0.10
  08/26/2012                              23:21:52 DOCKET REPORT (FULL)
            11-652                                      2           0.20
  PAGES     SUBTOTAL FOR 02CA                           25          2.50

                                                       ===============
SUBTOTAL FOR U.S. COURT OF APPEALS, SECOND CIRCUIT (02CA)              2.50


COURT: NEW YORK WESTERN DISTRICT COURT (NYWDC)
  06/20/2012                              17:36:59 DOCKET REPORT
            6:06-CV-06561-CJS-MWP                      10           1.00
  PAGES     SUBTOTAL FOR NYWDC                          10           1.00

                                                       ===============
SUBTOTAL FOR NEW YORK WESTERN DISTRICT COURT (NYWDC)                   1.00



          PAGES TOTAL:                                  35          3.50
                                                       ===============
          TOTAL:                                                    3.50
```



# Exhibit 37 -
# United States Postal Service
# $150.00 Money Order
# Dated May 21, 2012



**UNITED STATES POSTAL SERVICE®**

# CUSTOMER'S RECEIPT

| | | | |
|---|---|---|---|
| SEE BACK OF THIS RECEIPT FOR IMPORTANT CLAIM INFORMATION | Pay to | KAREN BUSH, COURT REPORTER | KEEP THIS RECEIPT FOR YOUR RECORDS |
| **NOT NEGOTIABLE** | Address | US DISTRICT COURT WESTERN DISTRICT of NEW YORK | |

| Serial Number | Year, Month, Day | Post Office | Amount | Clerk |
|---|---|---|---|---|
| 19978255475 | 2012-05-21 | 146081 | $150.00 | 0011 |

This receipt is your guarantee for a refund of your money order if it is lost or stolen, provided you fill in the *Pay To* and *From* information on the money order in the space provided. No claim for improper payment permitted 2 years after payment. If your money order is lost or stolen, present this receipt and file a claim for a refund at your Post Office.

An Inquiry Form 6401 may be filed at any time for a fee. A replacement will not be issued until 60 days after the money order purchase date, provided the money order has not been paid.

## PLEASE DETACH AND KEEP THIS FOR YOUR RECORDS

```
======================================
            FEDERAL STATION
         ROCHESTER, New York
              146149998
            3510280614-0098
   05/21/2012 (800)275-8777 12:43:22 PM
======================================
============ Sales Receipt ============
Product              Sale Unit    Final
Description          Qty  Price    Price
--------------------------------------

Dom. Money Order                 $150.00
19998255475
Domestic Money Order Fee           $1.15
            Subtotal:            $151.15
                                =========
Total:                           $151.15

Paid by:
Cash                             $160.00
Change Due:                       -$8.85

Order stamps at usps.com/shop or
call 1-800-Stamp24.  Go to
usps.com/clicknship to print
shipping labels with postage.  For
other information call
1-800-ASK-USPS.
***********************************
***********************************
Get your mail when and where you
want it with a secure Post Office
Box. Sign up for a box online at
usps.com/poboxes.
***********************************
***********************************


Bill#:1000201121125
Clerk:11

All sales final on stamps and postage
  Refunds for guaranteed services only
       Thank you for your business
***********************************
***********************************
```

# Exhibit 38 -
# Karen Bush, Court
# Reporter for District Court,
# May 9, 2012
# Email to
# John A. Geiger

Re: Geiger vs. Alstom Signaling
- 965 "Karen_Bush@nywd.uscourts.gov
, 0:3"Wed, 9 May 2012 14:06:39 -0400
/6""John A. Geiger" <jgeiger1@rochester.rr.com>

Mr. Geiger,
I have no further information for Mr. Leogrande. I am sorry this process is so frustrating for you. I am able to transcribe the proceedings held before Judge Payson, because the magistrate judges do not have court reporters assigned to them. When someone contacts Ms. Marr, she contacts myself or the other court reporter in the building to transcribe the requested proceedings from the digital media device. The payment actually come directly to me and I accept cash or money order or certified check. Please let me know if I can be of further assistance. I look forward to hearing from you to get your case moving.
Thanks
Karen Bush
Official Court Reporter

# Exhibit 39 -
# John A. Geiger
# May 22, 2012
# Email to
# Karen Bush, Court
# Reporter for District Court

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** "John A. Geiger" <jgeiger1@rochester.rr.com>
**Date:** Tue, 22 May 2012 11:44:35 -0400
**To:** Karen_Bush@nywd.uscourts.gov

Karen,

Can you please let me know if and when you receive the $150.00 deposit that I left at the Clerk's office yesterday? Thank you.

John

# Exhibit 40 -
# Karen Bush, Court
# Reporter for District Court,
# May 22, 2012
# Email to
# John A. Geiger

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** Karen_Bush@nywd.uscourts.gov
**Date:** Tue, 22 May 2012 13:55:00 -0400
**To:** "John A. Geiger" <jgeiger1@rochester.rr.com>

I have received your deposit. The transcripts will be available within 30 days.
Thanks
Karen Bush

# Exhibit 41 - John A. Geiger June 20, 2012 Email to Karen Bush, Court Reporter for District Court

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** "John A. Geiger" <jgeiger1@rochester.rr.com>
**Date:** Wed, 20 Jun 2012 17:30:21 -0400
**To:** Karen_Bush@nywd.uscourts.gov

Karen,
Can you give me an update on the status of the transcripts that you are working on.  Thank you.
John

# Exhibit 42 -
# John A. Geiger
# September 20, 2012
# Email to
# Karen Bush, Court
# Reporter for District Court

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** "John A. Geiger" <jgeiger1@rochester.rr.com>
**Date:** Thu, 20 Sep 2012 15:39:13 -0400
**To:** Karen_Bush@nywd.uscourts.gov

Karen,

Can you give me an update on the status of the transcripts that you were able to complete for me? Please let me know the outstanding balance due for the transcripts.

As information, I have not been in touch because I was hospitalized from June 28, 2012 until August 21, 2012. Of course, as Murphy's Law would dictate, the Second Circuit issued 2 orders over that span that I was not aware of until much later. It will be months before I can resume my normal level of work. I must move forward as if the Circuit Court will withdraw the August 15, 2012 Order and re issue the June 28, 2012 Motion Order with a new due date; so I still want the transcripts that you can provide.

Thank you for your help in this matter.

John A. Geiger

# Exhibit 43 -
# Karen Bush, Court
# Reporter for District Court,
# September 20, 2012
# Email to
# John A. Geiger

**Subject:** Re: Geiger vs. Alstom Signaling
**From:** Karen_Bush@nywd.uscourts.gov
**Date:** Thu, 20 Sep 2012 16:19:56 -0400
**To:** "John A. Geiger" <jgeiger1@rochester.rr.com>

Mr. Geiger,
I am sorry to hear of your health situation.  I hope you feel stronger every day.  I did begin work on the transcripts, but unfortunately didn't get very far due to three criminal appeals that I am working on simultaneously.  I promise that I will continue to work on yours.  Please ask the Circuit for 60 days to receive transcripts.
Thanks
Karen Bush

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

EXPRESS MAIL
UNITED STATES POSTAL SERVICE

ENVELOPE

UNITED STATES POSTAL SERVICE

U.S. POSTAGE
PAID
ROCHESTER, NY
14607
NOV 08, '12
AMOUNT

$18.95

00075172-14

1007

LABEL 11D

www.usps.gov

www.usps.gov

www.usps.gov

Print postage online. Go to usps.com

Flat Rate
Mailing Envelope
For Domestic and International Use

Visit us at usps.com

EMS

When used internationally
affix customs declarations
(PS Form 2976, or 2976A).

EI 670490951 US

EXPRESS MAIL
UNITED STATES POSTAL SERVICE®

Mailing Label
Label 11-B, March 2004

Post Office To Addressee

| DELIVERY (POSTAL USE ONLY) | | | |
|---|---|---|---|
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.        Day | | | |
| Delivery Attempt | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.        Day | | | |
| Delivery Date | Time | ☐ AM ☐ PM | Employee Signature |
| Mo.        Day | | | |

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature
of addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

NO DELIVERY
☐ Weekend ☐ Holiday     Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code
14607

Date Accepted
Mo. 11  Day 08  Year 2012

Time Accepted
12  ☐ AM ☐ PM

Flat Rate ☐ or Weight
____ lbs. ____ ozs.

Day of Delivery
☒ Next ☐ 2nd ☐ 2nd Del. Day

Scheduled Date of Delivery
Month 11  Day 09

Scheduled Time of Delivery
☒ Noon ☐ 3 PM

Military
☐ 2nd Day ☐ 3rd Day

Int'l Alpha Country Code

Postage
$ 18.95

Return Receipt Fee
$

COD Fee
$

Insurance Fee
$

Total Postage & Fees
$ 18.95

Acceptance Emp. Initials
WM

FROM: (PLEASE PRINT)   PHONE ( 585 ) 747-7352

JOHN A. GEIGER
328 EAST MAIN ST. #322
ROCHESTER, NY 14604

FOR PICKUP OR TRACKING
Visit www.usps.com
Call 1-800-222-1811

EMS

TO: (PLEASE PRINT)   PHONE ( )

CATHERINE O'HAGAN WOLFE
CLERK OF COURT FOR SECOND CIRCUIT
THURGOOD MARSHALL COURTHOUSE
40 FOLEY SQUARE
NEW YORK NEW YORK 10007

ZIP + 4 (U.S. ADDRESSEE ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)
1 0 0 0 7 +

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

PRESS HARD. YOU ARE MAKING 3 COPIES.



USPS packaging products have been
awarded Cradle to Cradle Certification
for their ecologically-intelligent design.
For more information go to
mbdc.com/usps

Cradle to Cradle Certified™ is a certification mark of MBDC.

**Please recycle.**